**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| JULIE CAMPBELL, DIANA BICKFORD, and KERRIE MULHOLLAND, individually and on behalf of themselves and all others similarly situated, | Case No. 2:22-CV-2261 |
| Plaintiffs, | Hon. Colin S. Bruce |
| v. | |
| SIRIUS XM RADIO, INC., | |
| Defendant. | |

**DECLARATION OF MASON A. BARNEY IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL DEFENDANT TO PRODUCE RELEVANT DISCOVERY**

I, Mason A. Barney, declare under penalty of perjury under the laws of the United States of America as follows:

1.      I am a partner with the law firm Siri & Glimstad LLP, counsel of record for Plaintiffs Julie Campbell, Diana Bickford, and Kerrie Mulholland (collectively, "**Plaintiffs**") in the above-entitled action and one of the attorneys responsible for drafting Plaintiffs' Motion to Compel Defendant to Produce Relevant Discovery (the "**Motion**"). I submit this declaration in support of the Motion. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2.      On July 19, 2023, Plaintiffs served their First Set of Requests for Production of Documents and Electronically Stored Information ("**RFPs**") on Sirius, a true and correct copy of which is attached hereto as **Exhibit A**.

1

3.      On August 28, 2023, Sirius served its responses and objections to Plaintiffs' RFPs, a true and correct copy of which is attached hereto as **Exhibit B**.

4.      On September 29, 2023, Plaintiffs sent Defendant a letter to meet and confer in an attempt to resolve Defendant's deficient responses to Plaintiffs' RFPs. A true and correct copy of this letter is attached hereto as **Exhibit C**.

5.      On October 16, 2023, Defendant sent Plaintiff a letter in response to Plaintiffs' September 29, 2023 meet and confer letter. A true and correct copy of this letter is attached hereto as **Exhibit D**.

6.      On October 27, 2023, Plaintiffs sent Defendant a letter in response to Defendant's October 16, 2023 meet and confer letter. A true and correct copy of this letter is attached hereto as **Exhibit E**.

7.      On November 10, 2023, Defendant sent Plaintiff a letter in response to Plaintiffs' October 27, 2023 meet and confer letter. A true and correct copy of this letter is attached hereto as **Exhibit F**.

Dated: January 11, 2024          By:      _/s/ Mason A. Barney_
                                          Mason A. Barney

2

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| JULIE CAMPBELL, KEITH SADAUSKAS, DIANA BICKFORD and KERRIE MULHOLLAND, on behalf of themselves and all others similarly situated, | Case No.  2:22-cv-02261-CSB-EIL |
| Plaintiffs | Judge:  Hon. Colin Stirling Bruce |
| v. | |
| SIRIUS XM RADIO, INC., | |
| Defendant. | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND ELECTRONICALLY STORED INFORMATION
TO DEFENDANT SIRIUS XM RADIO, INC.**

To:     Defendant Sɪʀɪᴜs XM Rᴀᴅɪᴏ, Iɴᴄ., by and through its attorneys of record, Christopher A. Hall, JONES DAY, 110 North Wacker Drive, Suite 4800, Chicago, IL 60606

Thomas Demitrack, JONES DAY, North Point, 901 Lakeside Ave, Cleveland, OH 44114;

Lee Armstrong, Allison Waks, Benjamin Chasan, JONES DAY, 250 Vesey Street, New York, NY 10281; and

Jeffrey R. Johnson, JONES DAY, 51 Louisiana Avenue, N.W., Washington, D.C., 200007

JULIE CAMPBELL, KEITH SADAUSKAS, DIANA BICKFORD, and KERRIE MULHOLLAND ("**PLAINTIFFS**") serve the following First Set of Requests for Production of Documents and Electronically Stored Information ("**ESI**") to SIRIUS XM RADIO, INC. ("**DEFENDANT**") pursuant to Rule 34 of the Fᴇᴅᴇʀᴀʟ Rᴜʟᴇs ᴏꜰ Cɪᴠɪʟ Pʀᴏᴄᴇᴅᴜʀᴇ.  As required by Rule 34(b), DEFENDANT must produce all requested documents, electronically stored information, or tangible things within thirty (30) days after service of this request.  Responsive documents are to be produced to the offices of Lieff, Cabraser, Heimann & Bernstein, LLP, 275

2823688.1

i

Battery Street, 29th Floor San Francisco, California, 94111, within thirty (30) days following the service of this request.  No extensions of time with respect to the responses shall be valid unless such agreement is set forth in writing and signed by counsel for PLAINTIFFS.  This document is governed by the definitions and instructions that follow pursuant to the Federal Rules of Civil Procedure.

Dated:  July 19, 2023

Respectfully submitted,

By:   */s/ Daniel M. Hutchinson*

Mason A. Barney, Esq.
SIRI & GLIMSTAD LLP
200 Park Avenue, 17th Floor
New York, NY 10016
Telephone: (212) 532-1091
Email: mbarney@sirillp.com
Email: lcarroll@sirillp.com

Daniel M. Hutchinson, Esq.
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: dhutchinson@lchb.com

Jarrett L. Ellzey, Esq.
ELLZEY & ASSOCIATES, PLLC
1105 Milford St,
Houston, TX 77006
Telephone: (888) 350-3931
Email: Jarrett@ellzeylaw.com

Carl R. Draper
FELDMAN WASSER
1307 South 7th Street
Springfield, IL 62703
Telephone: 217-544-3403
Email: cdraper@feldman-wasser.com

*Attorneys for Plaintiffs and the Proposed Classes*

2823688.1

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel M. Hutchinson, certify that on July 19, 2023, I caused the foregoing to be served upon all counsel of record via U.S. mail and email.

<u>*/s/ Daniel M. Hutchinson*</u>
Daniel M. Hutchinson

2823688.1

I.      **DEFINITIONS**

The following definitions apply to these discovery requests pursuant to the FEDERAL

RULES OF CIVIL PROCEDURE:

1.      **"ADVERTISMENT"** has the same meaning as described in 47 C.F.R. §

64.1200(f)(1), defined as material advertising the commercial availability or quality of any

property, goods, or services.

2.       **"PLAINTIFFS"** means Julie Campbell, Keith Sadauskas, Diana Bickford, and

Kerrie Mulholland, their representatives, and all other natural PERSONS or businesses or legal

entities acting or purporting to act for or on their behalf.

3.      **"BUCHANAN NATIONAL DNC CLASS"** means the Putative Class of

individuals defined in PLAINTIFFS' Original Class Action Complaint filed November 29, 2022,

on pages 16, ¶ 81 as: All natural persons in the United States who purchased a car prior to the

*Buchanan* Approval Date, received more than one telephone solicitation call in a 12-month period

on their residential phone number telemarketing Sirius XM's satellite radio service after the

*Buchanan* Approval Date and more than 31 days after registering their telephone number with the

National Do-Not-Call Registry, and did not purchase Sirius XM's satellite radio service.

4.      **"DNC REGISTRY CLASS"** means the Putative Class of individuals defined in

PLAINTIFFS' Original Class Action Complaint filed November 29, 2022, on pages 16, ¶ 82 as:

All natural persons in the United States who purchased a car after the *Buchanan* Approval Date,

received. More than one telephone solicitation call in a 12-month period on their residential phone

number telemarketing Sirius EM's satellite radio service the *Buchanan* Approval Date and more

than 31 days after registering their telephone number with the National Do-Not-Call Registry, and

did not purchase Sirius XM's satellite radio service.

iv

5.     **"I-DNC REGISTRY CLASS"** means the Putative Class of individuals defined in PLAINTIFFS' Original Class Action Complaint filed November 29, 2022, on pages 16-17, ¶ 85 as: All natural persons in the United States who received one or more telephone solicitation calls on their residential phone number telemarketing Sirius XM's satellite radio service after registering their telephone number with Defendant's Company-Specific Do-Not-Call Registry and purchase Sirius XM's satellite radio service.

6.     **"DEFENDANT", "YOU",** and **"YOUR"** means SIRIUS XM RADIO, INC. its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, businesses or legal entities, if any, acting or purporting to act for or on its behalf.

7.      **"COMMUNICATION"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.     **"CONCERNING"** and **"RELATING TO"** mean referring to, regarding, describing, evidencing, constituting, discussing, memorializing, summarizing, recording or providing evidence of a subject matter.

9.     **"DIALED CALL"** means any attempt to communicate with a PERSON through the initiation of a telephone call or text message.

10.     **"DIALER"** means the electronic or manual system used to make a DIALED CALL. "DIALER" includes any and all components of that system that are necessary in order to make a DIALED CALL, without limitation.

11.     **"DNC"** means the National Do Not Call Registry, established pursuant to 47 U.S.C. 227(c) and the regulations promulgated by the Federal Communications Commission.

12.     **"DOCUMENT"** and **"DOCUMENTS"** are defined to be synonymous in meaning and equal in scope to the usage of this term in FEDERAL RULE OF CIVIL PROCEDURE 34(a),

including, without limitation, all "ELECTRONICALLY STORED INFORMATION" and "ESI," electronic or computerized data compilations. The terms include, without limitation, all typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in YOUR possession, custody, or control; or in the possession, custody or control of any servant or agent of YOU or of YOUR attorneys.  The terms include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice COMMUNICATION, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording.   The terms "DOCUMENT" and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such DOCUMENTS, whether or not used, as well as the file in which the DOCUMENTS are maintained.  A draft or non-identical copy of a DOCUMENT, including a copy or duplicate of a DOCUMENT that has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate DOCUMENT within the meaning of these terms.

13. **"ELECTRONICALLY STORED INFORMATION"** and **"ESI"** have the same full meaning as construed by FED. R. CIV. P. 26 and 34 and includes, without limitation, the following:

(a)      Activity listings of electronic mail receipts and/or transmittals;

(b)      Output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment;

(c)      Any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry, Treo, iPod, or other device; and

(d)      PLAINTIFFS request that ESI be processed and produced in a manner that preserves all metadata, and the parties confer regarding the production of metadata and the form of any electronic production prior to the gathering or processing of ESI.   Unless otherwise requested, all such ESI is to be produced in an agreed-upon, computer searchable format.

14.      **"IDENTIFY"** when referring to DOCUMENTS means to give, to the extent known, the (a) type of DOCUMENT, (b) general subject matter, (c) date of the DOCUMENT, and (d) author(s), addressee(s), and recipients(s).

15.      **"IDENTIFY"** when referring to a PERSON means to give, to the extent known, the PERSON'S full name, present or last known address, and when referring to a natural PERSON, the present or last known place of employment. Once a PERSON has been IDENTIFIED in accordance with this subsection, only the PERSON'S name need be listed in response to subsequent discovery requesting the identification of that PERSON.

2823688.1

16.    **"PERSON"** means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entity.

17.    **"POLICY"** means any practice, procedure, directives, routine, rules, courses of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were recognized, adopted, issued or followed by YOU.

18.    **"PRIOR EXPRESS WRITTEN CONSENT"** has the same meaning as described in 47 C.F.R. § 64.1200(f)(8), defined as agreement, in writing, bearing the signature of the PERSON called that clearly authorizes the SELLER to deliver or cause to be delivered to the PERSON called ADVERTISEMENTS or telemarketing messages, and the telephone number to which the signatory authorizes such ADVERTISEMENTS or telemarketing messages to be delivered.

19.    **"SELLER"** has the same meaning as described in 47 C.F.R. § 64.1200(f)(9), defined as the PERSON or entity on whose behalf a DIALED CALL or message is initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any PERSON.

20.    **"TELEPHONE SOLICITATION"** has the same meaning as described in 47 U.S.C.A. § 227(a)(4) and 47 C.F.R. § 64.1200(f)(14), defined as the initiation of a DIALED CALL or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any PERSON.

21.    **"THIRD PARTY"** means any entity not owned or controlled by DEFENDANT, or any PERSON that does not receive an annual salary from DEFENDANT.

2823688.1

## II.    INSTRUCTIONS

1.    Unless otherwise indicated, these requests shall pertain to the time period from November 29, 2018, to the present and shall include all DOCUMENTS and information relating in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.

2.    Pursuant to Rule 26(b)(5) of the FEDERAL RULES OF CIVIL PROCEDURE, if DEFENDANT withholds the production of any DOCUMENT which is responsive to the following requests on the grounds that the DOCUMENT is privileged or otherwise protected, DEFENDANT shall state in a privilege log the nature of the claim of privilege or protection; and describe generally the type and nature of the DOCUMENT; the date of the DOCUMENT; the identity of the author(s), the addressees, and any recipients of the DOCUMENT; the DOCUMENT's present location; and any other information that will enable PLAINTIFFS and the Court to assess the applicability of the privilege or protection.

3.    DEFENDANT is required to produce all the requested DOCUMENTS which are in its possession, custody or control, including (by way of illustration only and not limited to) DOCUMENTS in the possession, custody or control of DEFENDANT or its affiliates, or its merged and acquired predecessors, its present and former directors, officers, partners, employees, accountants, attorneys or other agents, its present and former independent contractors over which it has control, and any other PERSON acting on DEFENDANT'S behalf.

4.    If a DOCUMENT responsive to these requests was at any time in DEFENDANT'S possession, custody or control but is no longer available for production, as to each such DOCUMENT state the following information:

A.    Whether the DOCUMENT is missing or lost;

2823688.1

B.      Whether the DOCUMENT has been destroyed;

C.      Whether the DOCUMENT has been transferred or delivered to another PERSON and, if so, at whose request;

D.      Whether the DOCUMENT has been otherwise disposed of; and

E.      The circumstances surrounding the disposition of the DOCUMENT and the date of its disposition.

## III.    RULES OF CONSTRUCTION

The following rules of construction apply to these discovery requests pursuant to the FEDERAL RULES OF CIVIL PROCEDURE:

1.      **All/Each.** The terms "all" and "each" shall be construed as all and each.

2.      **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      **Number.** The use of the singular form of any word includes the plural and vice versa.

## IV.    ASSERTION OF CLAIM OR PRIVILEGE

The following rules concerning the assertion of a claim or privilege apply to these discovery requests pursuant to the FEDERAL RULES OF CIVIL PROCEDURE:

1.      Pursuant to Rule 26(b)(5) of the FEDERAL RULES OF CIVIL PROCEDURE, as to every request which YOU fail to answer in whole or in part on the ground that the information sought involves a DOCUMENT or oral COMMUNICATION which YOU contend to be privileged or otherwise protected from disclosure, state in detail:

A.  the portion of the request to which the response is claimed to be privileged;

B.  the identification of the DOCUMENT as defined below;

C.  the general subject matter of the DOCUMENT or COMMUNICATION;

D.  the author and all recipients of any DOCUMENT and the PERSONS involved in any oral COMMUNICATION;

E.  the identity of any other PERSON having knowledge of the DOCUMENT or COMMUNICATION involved;

F.  the express nature of the privilege claimed; and

G.  every fact on which YOU base the claim of privilege or that the information need not be disclosed.

2.  Where a party asserts a claim of privilege in objecting to any means of discovery or disclosure, and withholds otherwise responsive information based on that assertion:

(a)  the party asserting the privilege shall identify the nature of the privilege (including work product) being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(b)  shall provide the following information, unless to divulge such information would cause disclosure of the allegedly privileged information:

(i)  for DOCUMENTS: (a) the type of DOCUMENT, *e.g.*, letter or memorandum; (b) the general subject

matter of the DOCUMENT; (c) the date of the DOCUMENT; and (d) such other information as is sufficient to identify the DOCUMENT for a subpoena *duces tecum*, including, where appropriate, the author of the DOCUMENT, the addressees of the DOCUMENT, and any other recipients shown in the DOCUMENT, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(ii)    for oral COMMUNICATIONS: (a) the names of the PERSON making the COMMUNICATION and the PERSON(s) present while the COMMUNICATION was made and, where not apparent, the relationship of the PERSON making the COMMUNICATION to the PERSON(s) present; (b) the date and place of COMMUNICATION; and (c) its general subject matter.

3.      Where the claim of privilege is asserted in response to discovery or disclosure other than at a deposition, the information set forth in subsection (1) shall be furnished in writing when the party responds to such discovery or disclosure, unless otherwise ordered by the Court.

4.      Where the claim of privilege is asserted during a deposition, the information set forth in subsection (1) shall be furnished: (a) at the deposition, to the extent it is readily available

xii

from the witness being deposed or otherwise, and (b) to the extent it not readily available, in writing within fourteen days after the privilege is asserted, unless otherwise ordered by the Court.

## V.     ELECTRONICALLY STORED INFORMATION ("ESI")

It is hereby requested that YOU meet and confer with PLAINTIFFS regarding the production format(s) for all DOCUMENTS.  Discovery of relevant electronically stored information shall proceed pursuant to any Protective Order or ESI Order entered by this Court, and the FEDERAL RULES OF CIVIL PROCEDURE.  All DOCUMENTS are to be produced in a mutually agreed-upon, computer-searchable format.  DOCUMENTS shall be produced along with ALL metadata that would significantly aid the receiving party in understanding OR using the DOCUMENTS.

## VI.    FEDERAL RULES OF CIVIL PROCEDURE REQUIREMENTS

1.     Unless otherwise set forth in a specific DOCUMENT request, the DOCUMENTS requested include all DOCUMENTS ever created through the date of this request.

2.     Pursuant to Rule 34(b) of the FEDERAL RULES OF CIVIL PROCEDURE, the DOCUMENTS requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request.

3.     Pursuant to Rule 34(b) of the FEDERAL RULES OF CIVIL PROCEDURE, YOUR response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified.

4.     This request is intended to be deemed continuing in character, so as to request YOU to properly amend or supplement YOUR response if YOU obtain further material information.

2823688.1

5.      If any DOCUMENT is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the DOCUMENT being withheld which includes the following:

A.      The date of the DOCUMENT;

B.      The author of the DOCUMENT;

C.      The recipient of the DOCUMENT;

D.      All PERSONS to whom copies of the DOCUMENT have been furnished;

E.      The subject matter of the DOCUMENT;

F.      The file in which the DOCUMENT is kept in the normal course of business;

G.      The current custodian of the DOCUMENT; and

H.      The nature of the privilege or other reason for not producing the DOCUMENT and sufficient description of the facts surrounding the contents of the DOCUMENT to justify withholding the DOCUMENT under said privilege or reason.

6.      If any DOCUMENT responsive to this request was, but is no longer, in YOUR possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

7.      Pursuant to Rule 26(e) of the FEDERAL RULES OF CIVIL PROCEDURE, these requests shall be deemed continuing in character such that YOU are under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the Court or in the following circumstances:

xiv

(a)     YOU are under a duty to supplement at appropriate intervals with respect to testimony of an expert from whom a report is required under Rule 26(a)(2)(B) of the FEDERAL RULES OF CIVIL PROCEDURE. This duty extends to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under the Court's Scheduling Order are due.

(b)     YOU are under a duty reasonably to amend a prior response to an interrogatory, request for production, or a request for admission if YOU learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

8.     Pursuant to Rule 26(g)(2) of the FEDERAL RULES OF CIVIL PROCEDURE, every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name. The attorney's address shall be stated. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:

(a)     Consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(b)     Not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation;

(c)     Not unreasonable or unduly burdensome or expensive, given the needs of

the case, the discovery already had in the case, the amount in controversy,

and the importance of the issues at stake in the litigation;

9.     If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party marking the request, response, or objection, and a party shall not be obligated to take any action with respect to it, until it is signed.

10.     If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the PERSON who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

**<u>NOTE</u>:     As to each of the following requests, there is a duty on YOUR part to supplement the response with any information hereafter acquired, pursuant to Rule 26(e) of the FEDERAL RULES OF CIVIL PROCEDURE.**

2823688.1

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND ELECTRONICALLY STORED INFORMATION ("ESI")
TO DEFENDANT SIRIUS XM RADIO, INC.**

**REQUEST FOR PRODUCTION NO. 1:**     Produce all DOCUMENTS showing YOU had PRIOR EXPRESS WRITTEN CONSENT to call PLAINTIFFS at any time.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**     Produce all DOCUMENTS and/or ESI that contain any evidence or indication the PLAINTIFFS provided their telephone numbers to YOU.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**     Produce all DOCUMENTS and/or ESI that contain any evidence or indication YOU obtained PRIOR EXPRESS WRITTEN CONSENT from PLAINTIFFS to received DIALED CALLS on their telephones.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**     Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO any POLICIES governing contact with PERSONS on their cell phones and/or *via* DIALED CALLS, regardless of PRIOR EXPRESS WRITTEN CONSENT. DOCUMENTS and/or ESI responsive to this Request shall include but not be limited to those related to POLICIES regarding:  (1) whether and how to verify that a PERSON provided PRIOR EXPRESS WRITTEN CONSENT to receive DIALED CALLS; (2) whether and how to verify that a PERSON'S number is registered to the DNC; (3) the frequency with which DIALED CALLS shall occur; (4) the duration and content of each DIALED CALL; and (5) the circumstances or reasons triggering the addition of a PERSON'S name to the list of those receiving DIALED CALLS.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**     Produce all DOCUMENTS and/or ESI evidencing any version of the DNC YOU or any THIRD PARTY on behalf of YOU used to cross check PLAINTIFFS' or any member of the DNC CLASS' telephone numbers before placing DIALED CALLS to those numbers.

     **RESPONSE:**

2823688.1

**REQUEST FOR PRODUCTION NO. 6:**     Produce   all   DOCUMENTS   and/or   ESI CONCERNING   or   RELATING   TO   the   creation,   drafting,   revision,   approval,   and/or implementation of the POLICIES referred to in YOUR response to Request No. 4 (above).

     **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**     Produce all DOCUMENTS and/or ESI that define or describe   YOUR   DOCUMENT   and/or   ESI   retention,   preservation,   and/or   destruction POLICIES, including DOCUMENTS and/or ESI pertaining to YOUR telephone contact with PERSONS.

     **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**     Produce   all   DOCUMENTS   and/or   ESI   that identify   or   describe   all   DIALERS,   equipment,   telephones,   software,   computer   systems,   and databases YOU, or someone on behalf of YOU, used to placed DIALED CALLS from November 29, 2018, to the present.

     **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:**     Produce all phone scripts, conversation templates, conversation flowcharts, matrixes, flowcharts, and all other similar DOCUMENTS used by YOU or any THIRD PARTY during a DIALED CALL to any PERSON from November 29, 2018, to the present.

     **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:**     Produce all database(s) listing the PERSONS who received a DIALED CALL to their phone for TELEPHONE SOLICITATION purposes from YOU, or any THIRD PARTY on your behalf, from November 29, 2018, to the present.

     **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:**     Produe all DOCUMENTS evidencing any of the following information pertaining to any and all calls made by or on behalf of YOU, from November 29, 2018, to recipients of any complimentary programming provided by YOU during their respective complimentary programming period: (a) the initiating telephone number; (b) the telephone number which was called; (c) the dates on which such calls were made; (d) the time at which calls were initiated; (e) the identity of the person called; (f) the telephone numbers and/or addresses of the called party as reflected in any sale or lease records or customer data provided to

YOU or YOUR contractor by any car dealer; (g) whether the called number was or was not assigned to a cellular telephone or landline.

   **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:**   Produce   all   DOCUMENTS   and/or   ESI CONCERNING or RELATING TO the instructions or procedures any employee who worked for YOU, or any THIRD PARTY retained by YOU, is required or recommended by YOU to follow in performing any job task, assignment, duty, or function related to outgoing DIALED CALLS made by YOU or any THIRD PARTY retained by YOU.

   **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**   Produce all DOCUMENTS provided by or on behalf of YOU or at YOUR instruction to Plaintiff Julie Campbell prior to or at the time she purchased her 2018 Lincoln MKZ from Bob Ridings Decatur in Decatur, Illinois.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**   Produce all DOCUMENTS provided by or on behalf of YOU or at YOUR instruction to Plaintiff Keith Sadauskas prior to or at the time he purchased his 2019 Chevrolet Tahoe.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**   Produce all DOCUMENTS provided by or on behalf of YOU or at YOUR instruction to Plaintiff Diana Bickford prior to or at the time she purchased her 2018 Kia Sorrento from Central Maine Motors Autogroup in Waterville, Maine.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**   Produce all DOCUMENTS provided by or on behalf of YOU or at YOUR instruction to Plaintiff Kerrie Mulholland prior to or at the time she purchased her 2012 Hyundai Elantra Touring from Dickson City Hyundai in Scranton, Pennsylvania.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**   Produce   all   DOCUMENTS   and/or   ESI constituting any Welcome Kit (including the form envelope) mailed or otherwise provided by YOU or on behalf of YOU to PLAINTIFFS.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**   Produce    all    DOCUMENTS    and/or    ESI constituting any agreement and/or contracts between YOU and PLAINTIFFS, including but not limited to all prior versions of any agreement and/or contracts YOU claim PLAINTIFFS were bound by at any time.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**   Produce all DOCUMENTS and/or ESI evidencing that PLAINTIFFS registered or provided their information on any website operated by YOU or on behalf of YOU.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**   Produce all DOCUMENTS and/or ESI evidencing that PLAINTIFFS opened or created any accounts with YOU.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**   Produce all DOCUMENTS and/or ESI evidencing the manner in which telephone numbers were obtained from consumers, including PLAINTIFFS and the members of the DNC CLASS and I-DNC CLASS.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**   Produce all DOCUMENTS and/or ESI identifying all sources in which consumer contact information, including telephone numbers was obtained by or on behalf of YOU.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**   Produce all DOCUMENTS and/or ESI evidencing the number of individuals to which YOU or someone on YOUR behalf placed calls from November 29, 2018, to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**   Produce all DOCUMENTS and/or ESI identifying the individuals to which YOU or someone on YOUR behalf placed calls from November 29, 2018, to the present.

2823688.1

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**   Produce all DOCUMENTS and/or ESI evidencing YOU had an established business relationship with PLAINTIFFS.
     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**   Produce all DOCUMENTS and/or ESI evidencing YOU had an established business relationship with any member of the DNC CLASS.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**   Produce all DOCUMENTS and/or ESI evidencing YOU had an established business relationship with any member of the I-DNC CLASS.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**   Produce all DOCUMENTS and/or ESI evidencing any transaction between YOU and PLAINTIFFS during the eighteen months preceding the call YOU or someone on YOUR behalf placed to PLAINTIFFS on November 29, 2018.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**   Produce all DOCUMENTS and/or ESI evidencing any service or product YOU provided to PLAINTIFFS during the eighteen months preceding the call YOU or someone on YOUR behalf placed to PLAINTIFFS on or after November 29, 2018.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**   Produce all DOCUMENTS and/or ESI supporting the contention, if YOU so contend, that YOU had the express invitation or permission of PLAINTIFFS to contact PLAINTIFFS on their residential lines.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**   Produce all DOCUMENTS and/or ESI supporting the contention, if YOU so contend, that YOU had the express invitation or permission of and member of the DNC CLASS to contact their residential lines.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO the existence of POLICIES through which YOU have retained a THIRD PARTY to contact residential telephone numbers on YOUR behalf since November 29, 2018, including, without limitation, any correspondence and/or contractual agreements with such THIRD PARTIES, and any DOCUMENTS and/or ESI describing such POLICIES, identifying THIRD PARTIES that have been retained, and/or identifying any of DEFENDANT'S officers or employees with authority to approve, create, revise, or implement such POLICIES.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO audits, investigations, inquiries, or studies, by YOU or any THIRD PARTY from January 1, 2013 to the present, including but not limited to any independent auditor, law firm, or governmental agency, regarding YOUR compliance with any state and/or federal laws or regulations involving the use of DIALED CALLS, including TCPA and its implementing regulations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Produce all DOCUMENTS and/or ESI, including but not limited to notes, memoranda, electronic mail, letters, and/or meeting minutes, CONCERNING or RELATING TO YOUR compliance with any state and/or federal laws or regulations involving the use of DIALED CALLS from January 1, 2013 to the present, including the TCPA and its implementing regulations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Produce all DOCUMENTS and ESI CONCERNING or RELATING TO audits, investigations, inquiries, studies, or any other COMMUNICATIONS with any governmental agency, regarding TELEPHONE SOLICITATION and YOUR compliance with any state and federal laws or regulations involving the use of DIALED CALLS from January 1, 2013 to the present, including TCPA and its implementing regulations from January 1, 2000 to the present, this includes but is not limited to any documents exchanged between either YOU or any THIRD PARTY acting on your behalf and any attorneys general's office or secretary of state's office.

**RESPONSE:**

2823688.1

**REQUEST FOR PRODUCTION NO. 36:**   Produce all DOCUMENTS and/or ESI from January 1, 2013 to the present reflecting YOUR knowledge that YOUR POLICIES or practices governing contact with customers on their telephones may have been in violation of the FCC regulatory guidance or federal and/or state laws and regulations.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**   Produce all DOCUMENTS and/or ESI identifying or listing the names of PERSONS to whom YOU, or any THIRD PARTY retained by YOU, placed a DIALED CALL to a residential telephone at any time on or after November 29, 2018.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**   Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO any and all reports for each outbound dial list to PERSONS that YOU, or any THIRD PARTY retained by YOU, called or attempted to call, including those outbound dial lists generated by any DIALER that YOU, or any THIRD PARTY retained by YOU, have employed or utilized since November 29, 2018. Do not modify or alter the lists; each call and attempted call made must be included in these lists.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**   Produce all applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action, or to indemnify or reimburse YOU for payments made to satisfy all or part of any judgment.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**   Produce all DOCUMENTS and/or ESI identifying, describing, and/or listing the various offices, regions, units, or divisions within DEFENDANT, including but not limited to organizational charts, lists of YOUR office locations, and telephone or e-mail lists or directories.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**   Produce all DOCUMENTS and/or ESI (including but not limited to investigation files, logs, or databases) CONCERNING or RELATING TO requests, inquiries, demands, claims, grievances, concerns, protests, or complaints made against YOU from January 1, 2013 to the present, CONCERNING or RELATING TO a DIALED CALL to a telephone.  This DOCUMENT request includes all forms of COMMUNICATIONS – either in writing or orally, formal or informal, to YOU or a THIRD PARTY.

2823688.1

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO the POLICIES for raising a complaint concerning or relating to a DIALED CALL to a residential telephone, and all DOCUMENTS and/or ESI that concern or relate to YOUR procedures for investigating and addressing such complaints.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO the PLAINTIFFS and/or their residential telephone numbers. This request includes any voice recordings concerning the PLAINTIFFS and/or their telephone numbers, and any voice recording of any phone call with the PLAINTIFFS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** Produce all DOCUMENTS and/or ESI that record or list every DIALED CALL made by YOU from November 29, 2018, to the present, including all DOCUMENTS and/or ESI that identify, reflect and/or evidence the number of times each such telephone number was called.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** Produce all DOCUMENTS CONCERNING or RELATING TO PLAINTIFFS' files, including but not limited to all records of DIALED CALLS YOU made to PLAINTIFFS, all notes of conversations with PLAINTIFFS, all recordings, notes, and records regarding any COMMUNICATION with PLAINTIFFS from November 29, 2018, to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** Produce all DOCUMENTS CONCERNING or RELATING TO PLAINTIFFS, which YOU maintain or have maintained, from November 29, 2018, to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** Produce all DOCUMENTS CONCERNING or RELATING TO YOUR corporate structure which sets forth YOUR entities, subsidiaries or other

2823688.1

departments engaged in conducting DIALED CALL campaigns from November 29, 2018, to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**   Produce all DOCUMENTS that YOU used to determine whether the telephone numbers to be called by YOU had provided their PRIOR EXPRESS WRITTEN CONSENT, before attempting to call those numbers, including but not limited to any electronic notations in the outbound dial lists that the called party provided PRIOR EXPRESS WRITTEN CONSENT and including all DOCUMENTS that YOU may rely on at trial or other hearing in this case to establish PRIOR EXPRESS WRITTEN CONSENT was provided to YOU from November 29, 2018, to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**   Produce all DOCUMENTS CONCERNING or RELATING TO reports in electronically searchable format of DIALER calls made by YOU or any of YOUR employees, agents or independent contractors, or other PERSONS or entities working on YOUR behalf, residential telephones of PERSONS YOU called on behalf of YOURSELF, and/or any THIRD PARTY, from November 29, 2018, to the present. [Do not modify or alter the lists; each call and attempted call made must be included in these lists].

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**   Produce all DOCUMENTS CONCERNING or RELATING TO contracts or agreements between YOU and any entity that provided DIALED CALL services for YOU, from November 29, 2018, to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**   Produce all DOCUMENTS CONCERNING or RELATING TO any system, scheme, technique, practice, procedure, or method that DEFENDANT maintains, operates, or employs to record, memorialize, or otherwise document DIALED CALLS made to PERSONS for the purposes of TELEPHONE SOLICITATION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**   Produce all DOCUMENTS CONCERNING or RELATING TO any training that YOU provide to YOUR employees involved in making DIALED CALLS to PERSONS for the purposes of contacting customers, past customers, or prospective customers.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 53:**   Produce all DOCUMENTS CONCERNING or RELATING TO any instructions that YOU provide to YOUR employees involved in making DIALED CALLS to PERSONS with respect to how to document an oral or written request to cease contacting such PERSON.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 54:**   Produce all POLICY and/or practice manuals CONCERNING or RELATING TO the use of telephones by YOUR TELEPHONE SOLICITATION and/or prospective customer department used from November 29, 2018, to the present.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 55:**   Produce all DOCUMENTS describing the criteria and methodology for establishing a number to be called from November 29, 2018, to the present.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 56:**   Produce all written data retention POLICIES and a description of the data retention POLICIES actually in place, from November 29, 2018, to the present.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 57:**   Produce all DOCUMENTS describing the methods for reporting on outgoing calls made, the content of those calls and the call treatment performed when a called party answers the call, from November 29, 2018, to the present.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 58:**   Produce all DOCUMENTS describing the call recording and reporting procedures for outgoing calls between DEFENDANT and its customers, past customers, or prospective customers from November 29, 2018, to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:**   Produce all DOCUMENTS describing the procedures for outgoing calls between DEFENDANT and its customers, past customers, or prospective customers from November 29, 2018, to the present, when the called party requests DEFENDANT cease making calls to the called party.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:**   Produce each and every report, opinion, physical model, compilation of data, and other material prepared by an expert used for consultation, even if it was prepared in anticipation of litigation or for trial, which forms a basis either in whole or in part of the opinion of an expert who is to be called as a witness.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:**   Produce all DOCUMENTS, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for any consulting expert of YOURS whose mental impressions and opinions have been reviewed by any testifying expert of YOURS in anticipation of a testifying expert's testimony in this litigation.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:**   Produce the resume and bibliography of any consulting expert whose mental impressions and opinions have been reviewed by any testifying expert of YOURS.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:**   Produce all DOCUMENTS, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for any testifying expert of YOURS, in anticipation of the testifying expert's testimony in this litigation.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:**   Produce the resume and bibliography of YOUR testifying expert(s).

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:**   Produce all transcripts of testimony previously provided by any PERSON YOU listed as an expert witness.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:**   Produce all treatises, rules, regulations, guidelines, statutes, POLICIES, procedures, and any other authoritative materials considered by any testifying expert in forming an opinion.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:**   Produce all invoices, bills, and other billing materials for each expert YOU expect will testify at trial.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:**   Produce all non-privileged ESI YOU received from any PERSON concerning PLAINTIFFS' allegations in this suit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:**   Produce all testimony lists, case lists or similar DOCUMENTS identifying any and all cases in which or for which YOUR testifying experts have been retained.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:**   Produce all testimony lists, case lists or similar DOCUMENTS maintained by any of YOUR consulting experts whose mental impressions and opinions have been reviewed by any of YOUR testifying experts.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:**   Produce all DOCUMENTS and ESI in YOUR possession, custody, or control evidencing or supporting YOUR defenses in this lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:**   Produce all cooperation agreements, settlement agreements, releases, covenants not to sue, loan receipt agreements, Mary Carter agreements, guarantee agreements, and indemnification agreements which YOU have entered into, or which have been proposed with respect to the PLAINTIFFS' claims, causes of action, and alleged damages made the basis of this lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:**   Produce all statements, ESI, DOCUMENTS, and memos relating to witnesses or potential witnesses or PERSONS YOU contacted in connection with this case.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:**   Produce all statements, ESI, DOCUMENTS, and memos relating to witnesses or potential witnesses or PERSONS that contacted YOU in connection with this case.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:**   Produce all correspondence between YOU (and/or YOUR attorneys) and the expert witnesses YOU designated herein or consulted in this case.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:**   Produce all DOCUMENTS, ESI, reports or records YOU, or someone on your behalf, maintained as an internal do-not-call list from November 29, 2018, to the present.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:**   Produce all DOCUMENTS and ESI CONCERNING or RELATING TO any contracts or agreements between YOU and all car manufacturers or other original equipment manufacturers CONCERNING or RELATING TO the installation of a Sirius XM Receiver in a car, or to the provision of telephone numbers to YOU from consumers.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:** Produce all DOCUMENTS and ESI CONCERNING or RELATING TO any contracts or agreements between YOU and any car dealer or other company that sells new or used cars directly to consumers CONCERNING or RELATING TO the installation of a Sirius XM Receiver in a car, or to the provision of telephone numbers to YOU from consumers.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 79:** Produce all DOCUMENTS and ESI CONCERNING or RELATING TO any contracts or agreements between YOU and all car manufacturers or other original equipment manufacturers CONCERNING or RELATING TO the installation of a Sirius XM Receiver in a car, or to the provision of telephone numbers to YOU from consumers.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 80:** Produce all DOCUMENTS and ESI CONCERNING or RELATING TO any contracts or agreements between YOU and all car manufacturers or other original equipment manufacturers CONCERNING or RELATING TO the installation of a Sirius XM Receiver in a car, or to the provision of telephone numbers to YOU from consumers.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 81:**  Produce all DOCUMENTS and ESI, spreadsheets, databases, and call logs that any third-party call center or telemarketer provided to you CONCERNING or RELATING TO TELEPHONE SOLICITATIONS made on behalf of YOU to any members of the DNC CLASS and I-DNC CLASS that included or referenced any methods for reporting on outgoing calls made, the content of those calls, the result of those calls, and the call treatment performed, including but not limited to spreadsheets, databases, and call logs recording any call disposition codes.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 82:** Produce all DOCUMENTS and ESI CONCERNING or RELATING TO reports CONCERNING or RELATING TO inquiries, demands, claims, grievances, concerns, protests, or complaints made against YOU, by anyone (including but not limited to any consumers, customers, car dealers, or original equipment manufacturers) CONCERNING or RELATING TO a DIALED CALL to a landline telephone at any time from November 29, 2018 to the present. This DOCUMENT request encompasses inquiries, demands, claims, grievances, concerns, protests, or complaints presented all forms of

- 14 -

COMMUNICATIONS – either in writing or orally, formal or informal, to YOU or a THIRD PARTY.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:** Produce all DOCUMENTS and ESI CONCERNING or RELATING TO the POLICIES for raising any inquiries, demands, claims, grievances, concerns, protests, or complaints CONCERNING or RELATING TO a DIALED CALL to a landline telephone at any time from November 29, 2018 to the present, and all DOCUMENTS and ESI that concern or relate to YOUR procedures for investigating and addressing such complaints during such time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:** Produce all "Telemarketing performance reports" covering the period November 29, 2018 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:** Produce all DOCUMENTS and ESI CONCERNING or RELATING TO any contracts or agreements between YOU and all car manufacturers or other original equipment manufacturers CONCERNING or RELATING TO the installation of a Sirius XM Receiver in a car, or to the provision of telephone numbers to YOU from consumers.

**RESPONSE:**

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| JULIE CAMPBELL, KEITH SADAUSKAS, DIANA BICKFORD and KERRIE MULHOLLAND, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>SIRIUS XM RADIO, INC.,<br><br>Defendant. | Case No. 2:22-cv-02261-CSB-EIL<br><br>Judge: Hon. Colin Stirling Bruce |

### DEFENDANT SIRIUS XM RADIO, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Sirius XM Radio Inc. ("Sirius XM") hereby serves the following Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents and Electronically Stored Information ("Document Requests" or "Requests").

### PRELIMINARY STATEMENT

Sirius XM's responses to the Document Requests are given without prejudice to Sirius XM's right to introduce any subsequently discovered fact or facts that Sirius XM may later recall. Sirius XM reserves the right to change any of its objections as additional facts are ascertained, legal research is completed, and contentions are made. Sirius XM's objections to the Document Requests are made in a good-faith effort, but should in no way be to the prejudice of Sirius XM in relation to further discovery, research or analysis. Sirius XM expressly reserves its right to supplement or modify these objections with relevant information as it may hereafter discover and will do so consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

1

Sirius XM's objections to the Document Requests are based on its interpretation and understanding of the Requests themselves. If Plaintiffs subsequently assert an interpretation of any Document Request that differs from Sirius XM's understanding, Sirius XM reserves the right to supplement or modify its objections to address that interpretation.

By responding to these Document Requests, Sirius XM is not implicitly or explicitly agreeing with or otherwise adopting Plaintiffs' characterizations of the Requests or the definitions contained in them, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence.

In response to each Document Request, Sirius XM will set forth and explain its objections, if any, to that Request, and will then describe generally the documents that it is providing in response to the Request. Sirius XM is willing to discuss an appropriate resolution of any issues regarding its objection to any Request.

Sirius XM will produce documents in either PDF, TIFF, native, or some other agreed-upon format.

## **GENERAL OBJECTIONS**

The following General Objections apply to Sirius XM's responses to each of the Document Requests, in addition to any specifically stated objections to a specific Document Request.

1.     Sirius XM objects to each and every Document Request to the extent that it is inconsistent with or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules, any applicable orders of this Court, or any stipulation or agreement of the parties. As explained in the remainder of these General Objections, Sirius XM shall follow the Federal Rules of Civil Procedure and the Central District of Illinois, Urbana Division Local Civil Rules, applicable orders of this Court, and any stipulation or agreement of the parties.

2.     Sirius XM objects to each and every Document Request to the extent that such

2

Document Request seeks information that is subject to the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between Sirius XM and any third party.  Sirius XM hereby asserts all such privileges, protections, or immunities from discovery.

3.      Sirius XM objects to each and every Document Request to the extent that the Request, as construed in view of the applicable instructions and definitions, is unduly burdensome to the extent that it purports to require Sirius XM to undertake an unreasonable inquiry or review of information and documents that are (i) outside Sirius XM's possession, custody, or control, (ii) not readily obtainable or accessible by Sirius XM, or (iii) not proportional to the needs of the case. Sirius XM will search for and produce, if any, non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents. Depending on the Request, as explained in the responses to specific Requests below, such a reasonable search will involve either retrieving responsive documents from a centrally-stored location or by making inquiries of an appropriate number of Sirius XM employees who could reasonably be expected to possess responsive, non-duplicative information.  In responding to these Document Requests, Sirius XM will not be making inquiry to, or reviewing information in the possession, custody, or control of, the independently-owned telemarketing vendors retained by Sirius XM to make telemarketing calls on its behalf; nor will Sirius XM be producing documents from the files of those vendors or from the files of vehicle manufacturers, vehicle dealers, and other third parties referenced in those responses, whose files can be subpoenaed by Plaintiffs.  Files maintained by those independent entities are not within Sirius XM's possession, custody, or control.

4.      Sirius XM also objects to this Request to the extent it seeks information relating to putative class members that would have to be queried or otherwise extracted from various electronic data, systems and files, the retrieval of which could not be done absent efforts not

3

proportional to the needs of the case, particularly in light of the data privacy concerns that abound. As Sirius XM's counsel has previously explained to counsel for plaintiffs, such efforts will not be part of Sirius XM's reasonable search for responsive, non-privileged documents.

5.      Sirius XM objects to the Document Requests as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that they call for production of "any" or "all" documents and/or ESI relating to an individual person, topic, or subject area. Sirius XM further objects that such an unreasonably broad search would seek the production of documents that are not reasonably accessible. Specifically, Sirius XM objects to the phrases "all documents and/or ESI" or "all documents concerning or relating to" as they are used throughout these Document Requests to the extent that they purport to require Sirius XM to search for and review thousands or millions of pages of documents, many of which could not possibly have any relevance to this litigation, even though they conceivably might be responsive to a Request, broadly interpreted. As explained in General Objection No. 3 above, counsel for Sirius XM will explain to counsel for the class plaintiffs the parameters of Sirius XM's search in response to each of the Document Requests. Sirius XM will not conduct a formal custodial search for documents or ESI unless specifically noted.

6.      Sirius XM objects to each and every Document Request, and instruction and definition, to the extent that a Document Request seeks documents containing information that is confidential or proprietary business information, trade secrets, or intellectual property or other proprietary information, or commercially sensitive information of a third party to whom Sirius XM owes a legal obligation of non-disclosure. Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties where applicable. Further, and for the same reasons, Sirius XM reserves the right to redact confidential or proprietary business information and trade secrets that are not relevant to the subject matter of this litigation

from any documents that Sirius XM otherwise will be producing in response to a Document Request.

**SPECIFIC OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS AND DEFINITIONS**

1.      To the extent that Plaintiffs intend, through the definition of "Defendant," "You," and "Your" in Definition I.6, to include any independently-owned telemarketing vendors with which Sirius XM has entered into contractual relationships to provide telemarketing services on its behalf, Sirius XM objects to the definition as seeking information that is not within Sirius XM's possession, custody, and control.  Sirius XM will respond to these Document Requests with respect to information known to Sirius XM and not to any information known only by any of those independently-owned telemarketing entities.

2.      Sirius XM objects to Plaintiffs' Definition I.13 of "Electronically Stored Information" as overbroad and unduly burdensome to the extent it is inconsistent with or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules, any applicable orders of this Court, or any stipulation or agreement of the parties.

3.      Sirius XM objects to Plaintiffs' Definition of "Identify" in I.14 as unduly burdensome and unreasonable and beyond the scope of the Federal Rules of Civil Procedure. Sirius XM will produce documents with appropriate Bates-stamps.

4.      Sirius XM objects to Plaintiffs Definition of "Identify" in I.15 as unduly burdensome and unreasonable and beyond the scope of the Federal Rules of Civil Procedure.  To the extent any individual is being identified, either in these Document Requests or in any forthcoming Interrogatory Responses, and was not previously identified in Sirius XM's Rule 26(a)(2) Initial Disclosures, Sirius XM will provide information regarding that individual comparable to the information set forth in the Initial Disclosures.

5.      Sirius XM objects to Plaintiffs' Instruction II.1 as overbroad and unduly burdensome to the extent that it seeks the production of documents and the furnishing of information

5

that came into existence after the filing of the Complaint in this action.  Sirius XM also objects to the instruction to the extent it seeks the production of documents and the furnishing of information for the time period covered by the *Buchanan* settlement (November 29, 2019 to April 26, 2019). Sirius XM instead will provide responsive documents and information for the period between April 2019 and the filing of the Complaint.

6.    Sirius XM objects to Plaintiffs' Instruction II.3 because Plaintiffs seek documents "in the possession, custody or control of [Sirius XM] or its affiliates, or its merged and acquired predecessors, its present and former directors, officers, partners, employees, accountants, attorneys or other agents, its present and former independent contractors over which it has control, and any other PERSON acting on [Sirius XM's] behalf." Such an instruction is overbroad and unduly burdensome to the extent it asks Sirius XM to search for every document anywhere in the company having any relationship, no matter how tangential, to any of these Document Requests.  Moreover, and as stated in General Objection 3 and Specific Objection 1, to the extent that Plaintiffs intend to include within the definition of "possession, custody or control" documents or information of any independently-owned telemarketing vendors with which Sirius XM has entered into contractual relationships to provide telemarketing services on its behalf, Sirius XM objects to the Instruction as being overbroad.  Such documents and information are not within Sirius XM's possession, custody, or control.  Sirius XM will respond to these Document Requests with respect to information known to Sirius XM and not to any information known only by any of those independently-owned telemarketing entities. The parameters of Sirius XM's search is explained in General Objection No. 3.

7.    Sirius XM objects to Plaintiffs' Instructions in Sections IV (Assertion of Claim or Privilege), V (Electronically Stored Information ("ESI")), VI (Federal Rules of Civil Procedure Requirements) as overbroad and unduly burdensome to the extent it is inconsistent with or seeks to

impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules, any applicable orders of this Court, or any stipulation or agreement of the parties.  Sirius XM's search for responsive, non-privilege documents is explained in General Objection Nos. 3 and 4, above.

## **RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS**

**REQUEST NO. 1**:    Produce all DOCUMENTS showing YOU had PRIOR EXPRESS WRITTEN CONSENT to call PLAINTIFFS at any time.

**RESPONSE TO REQUEST NO. 1**:  Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 2**:    Produce all DOCUMENTS and/or ESI that contain any evidence or indication the PLAINTIFFS provided their telephone numbers to YOU.

**RESPONSE TO REQUEST NO. 2**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to this Request to the extent it seeks all the electronic data, systems and files relating to Sirius XM's actual receipt of Plaintiffs' telephone numbers.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 3**:    Produce all DOCUMENTS and/or ESI that contain any evidence or indication YOU obtained PRIOR EXPRESS WRITTEN CONSENT from PLAINTIFFS to received [*sic*] DIALED CALLS on their telephones.

**RESPONSE TO REQUEST NO. 3**:  Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to this Request as duplicative of Request No. 1.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 4**:    Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO any POLICIES governing contact with PERSONS on their cell phones and/or via DIALED CALLS, regardless of PRIOR EXPRESS WRITTEN CONSENT.  DOCUMENTS and/or ESI responsive to this Request shall include but not be limited to those related to POLICIES regarding: (1) whether and how to verify that a PERSON provided PRIOR EXPRESS WRITTEN CONSENT to receive DIALED CALLS; (2) whether and how to verify that a PERSON'S number is registered to the DNC; (3) the frequency with which DIALED CALLS shall occur; (4) the duration and content of each DIALED CALL; and (5) the circumstances or reasons triggering the addition of a PERSON'S name to the list of those receiving DIALED CALLS.

**RESPONSE TO REQUEST NO. 4**:  Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to the Request to the extent, by seeking "all documents and/or ESI concerning or relating to" such policies, it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive policies that are within its possession, custody or control based on a

8

reasonable search for responsive documents.   Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 5**:   Produce all DOCUMENTS and/or ESI evidencing any version of the DNC YOU or any THIRD PARTY on behalf of YOU used to cross check PLAINTIFFS' or any member of the DNC CLASS' telephone numbers before placing DIALED CALLS to those numbers.

**RESPONSE TO REQUEST NO. 5**:   Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."   Sirius XM also objects to providing any DNC lists on burden, relevance and proportionality grounds; moreover, it is not possible to produce documents in response to this Request.   Any so-called "version of the DNC" that might be used to "cross check" consumers' phone numbers would be constantly updated and in any event exist only in an electronic format that is not readily accessible.   Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.   Sirius XM also objects to producing hardware, software, computer programs and databases that actually performed any of Sirius XM's so-called "cross checks" or "scrubbing" functions on grounds of burden, relevance and proportionality and because they are not reasonably accessible.

**REQUEST NO. 6**:   Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO the creation, drafting, revision, approval, and/or implementation of the POLICIES referred to in YOUR response to Request No. 4 (above).

**RESPONSE TO REQUEST NO. 6**:   Subject to its objections to Request No. 4 which are incorporated herein, Sirius XM will not conduct a custodial search for documents and/or ESI concerning or relating to "the creation, drafting, revision, approval, and/or implementation" of such

9

policies; the burden of such an expansive custodial search is not proportional to the needs of the case

nor relevant to Plaintiffs' claims.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce

any non-privileged, responsive policy documents that were or are applicable during the relevant time

period.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 7**:   Produce all DOCUMENTS and/or ESI that define or describe YOUR
DOCUMENT and/or ESI retention, preservation, and/or destruction POLICIES, including
DOCUMENTS and/or ESI pertaining to YOUR telephone contact with PERSONS.

**RESPONSE TO REQUEST NO. 7**:  Sirius XM objects to the Request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent that it calls for production of

"all documents and/or ESI."  To the extent this request seeks all documents concerning preservation

or destruction policies aside from those pertaining to preserving telephone contacts with consumers,

Sirius XM objects on relevance, burden and proportionality grounds.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce

any non-privileged, responsive documents sufficient to explain the referenced policies on preserving

telephone contacts with consumers, to the extent those documents are within its possession, custody

or control based on a reasonable search for responsive documents.  Such a reasonable search is

explained in General Objection No. 3.

**REQUEST NO. 8**:    Produce all DOCUMENTS and/or ESI that identify or describe all DIALERS,
equipment, telephones, software, computer systems, and databases YOU, or someone on behalf of
YOU, used to placed [*sic*] DIALED CALLS from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 8**:  Sirius XM objects to the Request as overbroad, unduly

burdensome, seeking irrelevant information and not proportional to the needs of the case to the extent

that it calls for production of "all documents and/or ESI."  Information relating to the "dialer" (as

Plaintiffs' broadly define it) and, in particular, information relating to the hardware and software

architecture of, and the systems and databases used by, the dialing systems is not relevant to any of

10

the issues in this case.  There is no allegation in the Complaint that any of Sirius XM's vendors violated

the TCPA by using an automated telephone dialing system ("ATDS") or artificial or prerecorded voice

to dial Plaintiffs' landline phone.

**REQUEST NO. 9**:   Produce all phone scripts, conversation templates, conversation flowcharts, matrixes, flowcharts, and all other similar DOCUMENTS used by YOU or any THIRD PARTY during a DIALED CALL to any PERSON from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 9**:  Sirius XM objects to this Request on burden, relevance and

proportionality grounds to the extent it seeks phone scripts and other templates and flowchart for

outbound calls to consumers who would not fall into the putative class definitions.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce

any non-privileged, responsive documents that are within its possession, custody or control based on

a reasonable search for responsive documents.  Such a reasonable search is explained in General

Objection No. 3.

**REQUEST NO. 10**:  Produce all database(s) listing the PERSONS who received a DIALED CALL to their phone for TELEPHONE SOLICITATION purposes from YOU, or any THIRD PARTY on your behalf, from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 10**:  Sirius XM objects to this Request on the grounds that it is

premature prior any potential order regarding class certification.   Sirius XM also objects to this

Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain

the requested information in a readily accessible format; the requested production of a "database" is

entirely overbroad and burdensome.  Sirius XM further objects to this Request because even the

request to query data from any databases implicates the personal identifying information of numerous

Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such

disclosure of putative class member identifying information cannot be made absent appropriate

confidentiality and data privacy and security protocols that follow all state and local requirements.  In

addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

**REQUEST NO. 11**:  Produc [sic] all DOCUMENTS evidencing any of the following information pertaining to any and all calls made by or on behalf of YOU, from November 29, 2018, to recipients of any complimentary programming provided by YOU during their respective complimentary programming period: (a) the initiating telephone number; (b) the telephone number which was called; (c) the dates on which such calls were made; (d) the time at which calls were initiated; (e) the identity of the person called; (f) the telephone numbers and/or addresses of the called party as reflected in any sale or lease records or customer data provided to YOU or YOUR contractor by any car dealer; (g) whether the called number was or was not assigned to a cellular telephone or landline.

**RESPONSE TO REQUEST NO. 11**:  Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification.  Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format.  Sirius XM further objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

**REQUEST NO. 12**:  Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO the instructions or procedures any employee who worked for YOU, or any THIRD PARTY retained by YOU, is required or recommended by YOU to follow in performing any job task, assignment, duty, or function related to outgoing DIALED CALLS made by YOU or any THIRD PARTY retained by YOU.

**RESPONSE TO REQUEST NO. 12**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI" pertaining to "instructions or procedures" relating to any aspect of "dialed calls" generally, and not just related to do-not-call procedures, specifically. Sirius XM also objects to the Request to the extent, by seeking "all documents and/or ESI concerning or relating to" such instructions or procedures, it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will be producing any non-privileged, responsive instructions or procedures relating to outbound calls and specifically do-not-call procedures that Sirius XM provided to its contracted telemarketing vendors or its own employees, to the extent they are within its possession, custody or control based on a reasonable search for responsive documents. Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 13**: Produce all DOCUMENTS provided by or on behalf of YOU or at YOUR instruction to Plaintiff Julie Campbell prior to or at the time she purchased her 2018 Lincoln MKZ from Bob Ridings Decatur in Decatur, Illinois.

**RESPONSE TO REQUEST NO. 13**: Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents. Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 14**: Produce all DOCUMENTS provided by or on behalf of YOU or at YOUR instruction to Plaintiff Keith Sadauskas prior to or at the time he purchased his 2019 Chevrolet Tahoe.

**RESPONSE TO REQUEST NO. 14**: Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents. Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 15**:  Produce all DOCUMENTS provided by or on behalf of YOU or at YOUR instruction to Plaintiff Diana Bickford prior to or at the time she purchased her 2018 Kia Sorrento from Central Maine Motors Autogroup in Waterville, Maine.

**RESPONSE TO REQUEST NO. 15**:  Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 16**:  Produce all DOCUMENTS provided by or on behalf of YOU or at YOUR instruction to Plaintiff Kerrie Mulholland prior to or at the time she purchased her 2012 Hyundai Elantra Touring from Dickson City Hyundai in Scranton, Pennsylvania.

**RESPONSE TO REQUEST NO. 16**:  Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 17**: Produce all DOCUMENTS and/or ESI constituting any Welcome Kit (including the form envelope) mailed or otherwise provided by YOU or on behalf of YOU to PLAINTIFFS.

**RESPONSE TO REQUEST NO. 17**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 18**:  Produce all DOCUMENTS and/or ESI constituting any agreement and/or contracts between YOU and PLAINTIFFS, including but not limited to all prior versions of any agreement and/or contracts YOU claim PLAINTIFFS were bound by at any time.

14

**RESPONSE TO REQUEST NO. 18**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents. Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 19**: Produce all DOCUMENTS and/or ESI evidencing that PLAINTIFFS registered or provided their information on any website operated by YOU or on behalf of YOU.

**RESPONSE TO REQUEST NO. 19**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents. Such a reasonable search is explained in General Objection No. 3. In particular, Sirius XM will produce account records for Plaintiffs Campbell and Sadaukas showing that they each either purchased Sirius XM subscriptions or signed up for Sirius XM accounts directly on the Sirius XM website, and in doing so provided their phone numbers to Sirius XM, either by providing that information through a website operated by or on behalf of Sirius XM or in other ways.

**REQUEST NO. 20**: Produce all DOCUMENTS and/or ESI evidencing that PLAINTIFFS opened or created any accounts with YOU.

**RESPONSE TO REQUEST NO. 20**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.  In particular, Sirius XM will produce account records for Plaintiffs Campbell and Sadaukas showing that they each either purchased Sirius XM subscriptions or signed up for Sirius XM accounts directly on the Sirius XM website, and in doing so provided their phone numbers to Sirius XM, either by providing that information through a website operated by or on behalf of Sirius XM or in other ways.

**REQUEST NO. 21**:  Produce all DOCUMENTS and/or ESI evidencing the manner in which telephone numbers were obtained from consumers, including PLAINTIFFS and the members of the DNC CLASS and I-DNC CLASS.

**RESPONSE TO REQUEST NO. 21**: Sirius XM objects to this Request on the grounds that the phrases "all documents and/or ESI" and "evidencing the manner," when construed together, result in a request that is vague and ambiguous, and potentially burdensome depending on how Plaintiffs intend to interpret them.  Sirius XM cannot realistically produce each and every document relating to (or evidencing) the thousands of sources from which it receives information about its subscribers' telephone numbers.  Sirius XM receives information regarding its subscribers, including their telephone numbers, in a variety of ways, much of it electronically.  Some consumers provide that information to Sirius XM via telephone or over the internet.  Numerous vehicle manufacturers (also known as Original Equipment Manufacturers ("OEMs")) and more than ten thousand automobile dealers are sources of such information; consumers provide information to OEMs or dealers, and that information is eventually received by Sirius XM pursuant to contractual arrangements.  Sirius XM also receives information from numerous third parties, such as automotive care and similar businesses that perform service and other repairs on vehicles, as well as from other third parties.  Sirius XM further objects to this Request on relevance and proportionality grounds: the Complaint does not

16

challenge the legality of Sirius XM's receipt of consumers' telephone numbers, and virtually all of that information exists only in an electronic format that cannot reasonably be transferred to and read by any computer to which Plaintiffs and their counsel likely would have access.

**REQUEST NO. 22**: Produce all DOCUMENTS and/or ESI identifying all sources in which consumer contact information, including telephone numbers was obtained by or on behalf of YOU.

**RESPONSE TO REQUEST NO. 22**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI." Sirius XM also objects to this Request on the grounds that the phrases "all documents" and "identifying all sources," when construed together, result in a request that is vague and ambiguous, and potentially burdensome depending on how Plaintiffs intend to interpret them. Sirius XM cannot realistically produce each and every document relating to (or evidencing) the thousands of sources from which it receives information about its subscribers' telephone numbers. Sirius XM receives information regarding its subscribers, including their telephone numbers, in a variety of ways, much of it electronically. Some consumers provide that information to Sirius XM via telephone or over the internet. Numerous OEMs and more than ten thousand automobile dealers are sources of such information; consumers provide information to OEMs or dealers, and that information is eventually received by Sirius XM pursuant to contractual arrangements. Sirius XM also receives information from numerous third parties, such as automotive care and similar businesses that perform service and other repairs on vehicles, as well as from other third parties. Sirius XM further objects to this Request on relevance and proportionality grounds: the Complaint does not challenge the legality of Sirius XM's receipt of consumers' telephone numbers, and that information exists only in an electronic format that cannot reasonably be transferred to and read by any computer to which Plaintiff and its counsel likely would have any access.

**REQUEST NO. 23**:   Produce all DOCUMENTS and/or ESI evidencing the number of individuals to which YOU or someone on YOUR behalf placed calls from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 23**:  Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification.  Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format.  Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

**REQUEST NO. 24**:   Produce all DOCUMENTS and/or ESI identifying the individuals to which YOU or someone on YOUR behalf placed calls from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 24**:  Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification.  Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format.  Sirius XM further objects to this Request on burden and proportionality grounds to the extent Plaintiffs import their definition of "identify" into this Request.

18

Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

**REQUEST NO. 25**:  Produce all DOCUMENTS and/or ESI evidencing YOU had an established business relationship with PLAINTIFFS.

**RESPONSE TO REQUEST NO. 25**:  Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 26**:  Produce all DOCUMENTS and/or ESI evidencing YOU had an established business relationship with any member of the DNC CLASS.

**RESPONSE TO REQUEST NO. 26**:  Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification.  Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI;" this Request, to that extent, may seek an extraordinary volume of electronically-stored information.  Sirius XM further objects to this Request

19

because it implicates the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 27**:  Produce all DOCUMENTS and/or ESI evidencing YOU had an established business relationship with any member of the I-DNC CLASS.

**RESPONSE TO REQUEST NO. 27**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification.   Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI;" this Request, to that extent, may seek an extraordinary volume of electronically-stored information.  Sirius XM further objects to this Request because it implicates the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius

XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 28**:  Produce all DOCUMENTS and/or ESI evidencing any transaction between YOU and PLAINTIFFS during the eighteen months preceding the call YOU or someone on YOUR behalf placed to PLAINTIFFS on November 29, 2018.

**RESPONSE TO REQUEST NO. 28**:  Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI;" this Request, to that extent, may seek an extraordinary volume of electronically-stored information.  Sirius XM also objects to the Request because the term "transaction" is vague and undefined and potentially subject to several meanings.  Sirius XM also objects to this Request to the extent it seeks the electronic data, systems and files relating to Sirius XM's actual receipt of Plaintiffs' telephone numbers on grounds of burden, relevance and proportionality.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 29**:   Produce all DOCUMENTS and/or ESI evidencing any service or product YOU provided to PLAINTIFFS during the eighteen months preceding the call YOU or someone on YOUR behalf placed to PLAINTIFFS on or after November 29, 2018.

**RESPONSE TO REQUEST NO. 29**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of

21

"all documents and/or ESI;" this Request, to that extent, may seek an extraordinary volume of electronically-stored information.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents. Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 30**:  Produce all DOCUMENTS and/or ESI supporting the contention, if YOU so contend, that YOU had the express invitation or permission of PLAINTIFFS to contact PLAINTIFFS on their residential lines.

**RESPONSE TO REQUEST NO. 30**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to the Request as the phrase "residential lines" is vague and ambiguous.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents. Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 31**:  Produce all DOCUMENTS and/or ESI supporting the contention, if YOU so contend, that YOU had the express invitation or permission of and [*sic*] member of the DNC CLASS to contact their residential lines.

**RESPONSE TO REQUEST NO. 31**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification.  Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI;" this Request, to that extent, may seek an extraordinary volume of electronically-stored information.  Sirius XM also objects to this Request on

22

burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format.  Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 32**:   Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO the existence of POLICIES through which YOU have retained a THIRD PARTY to contact residential telephone numbers on YOUR behalf since November 29, 2018, including, without limitation, any correspondence and/or contractual agreements with such THIRD PARTIES, and any DOCUMENTS and/or ESI describing such POLICIES, identifying THIRD PARTIES that have been retained, and/or identifying any of DEFENDANT'S officers or employees with authority to approve, create, revise, or implement such POLICIES.

**RESPONSE TO REQUEST NO. 32**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI" pertaining to "policies" through which Sirius XM retains third-parties "to contact residential telephone numbers."  Sirius XM also objects to the Request to the extent, by seeking "all documents and/or ESI concerning or relating to" such policies, it is overbroad and

burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Specifically, Sirius XM will search for and produce any relevant contracts governing the relationships between Sirius XM and its telemarketing vendors and telemarketing compliance vendors, as well as any internal policy documents, whether or not conveyed to vendors, regarding do-not-call procedures.

**REQUEST NO. 33**:  Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO audits, investigations, inquiries, or studies, by YOU or any THIRD PARTY from January 1, 2013 to the present, including but not limited to any independent auditor, law firm, or governmental agency, regarding YOUR compliance with any state and/or federal laws or regulations involving the use of DIALED CALLS, including TCPA and its implementing regulations.

**RESPONSE TO REQUEST NO. 33**:  Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to this Request to the extent the phrase "the use of dialed calls" is vague and unclear and not subject to a reasonable interpretation.  Sirius XM also objects to this Request to the extent it seeks documents covered by a claim of privilege or work product.  Sirius XM also objects to the time period specified by this Request on overbreadth, burden, relevance and proportionality grounds.  Sirius XM also objects on overbreadth, relevance and proportionality grounds to the extent that the Request seeks documents concerning or relating to Sirius XM's compliance with any state and/or federal laws or regulations with respect to topics other than do-not-call requirements, or any other documents relating to do-not-call requirements. Such issues are not relevant in this case.  Sirius XM also objects to the Request to the extent, by seeking "all documents and/or ESI concerning or relating to" such audits, investigations, inquiries, or studies, it is overbroad

and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents. The scope of its search is explained in General Objection No. 3.

**REQUEST NO. 34**: Produce all DOCUMENTS and/or ESI, including but not limited to notes, memoranda, electronic mail, letters, and/or meeting minutes, CONCERNING or RELATING TO YOUR compliance with any state and/or federal laws or regulations involving the use of DIALED CALLS from January 1, 2013 to the present, including the TCPA and its implementing regulations.

**RESPONSE TO REQUEST NO. 34**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI." Sirius XM also objects to this Request to the extent the phrase "the use of dialed calls" is vague and unclear and not subject to a reasonable interpretation. Sirius XM also objects to this Request to the extent it seeks documents covered by a claim of privilege or work product. Sirius XM also objects to the time period specified by this Request on overbreadth, burden, relevance and proportionality grounds. Sirius XM also objects on overbreadth, relevance and proportionality grounds to the extent that the Request seeks documents concerning or relating to Sirius XM's compliance with any state and/or federal laws or regulations with respect to topics other than do-not-call requirements, or any other documents relating to do-not-call requirements. Such issues are not relevant in this case. Sirius XM also objects to the Request to the extent, by seeking "all documents and/or ESI concerning or relating to" compliance with any state and/or federal laws or regulations, it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Specifically, Sirius XM will produce any policies regarding compliance with federal and state do-no-call requirements.  The scope of its search is explained in General Objection No. 3.

**REQUEST NO. 35**:  Produce all DOCUMENTS and ESI CONCERNING or RELATING TO audits, investigations, inquiries, studies, or any other COMMUNICATIONS with any governmental agency, regarding TELEPHONE SOLICITATION and YOUR compliance with any state and federal laws or regulations involving the use of DIALED CALLS from January 1, 2013 to the present, including TCPA and its implementing regulations from January 1, 2000 to the present, this includes but is not limited to any documents exchanged between either YOU or any THIRD PARTY acting on your behalf and any attorneys general's office or secretary of state's office.

**RESPONSE TO REQUEST NO. 35**:  Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to this Request to the extent it seeks documents covered by a claim of privilege or work product.  Sirius XM also objects to the time period specified by this Request on overbreadth, burden, relevance and proportionality grounds.  Sirius XM also objects on overbreadth, relevance and proportionality grounds to the extent that the Request seeks documents concerning or relating to Sirius XM's compliance with any state and/or federal laws or regulations with respect to topics other than do-not-call requirements.  Such issues are not relevant in this case.

Subject to and notwithstanding any of its objections, Sirius XM will agree to conduct a custodial search for documents responsive to this Request, pursuant to the terms of an agreed-to ESI protocol and based on agreed-to search terms and custodians.

**REQUEST NO. 36**:  Produce all DOCUMENTS and/or ESI from January 1, 2013 to the present reflecting YOUR knowledge that YOUR POLICIES or practices governing contact with customers on their telephones may have been in violation of the FCC regulatory guidance or federal and/or state laws and regulations.

**RESPONSE TO REQUEST NO. 36**:  Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to this Request to the extent it seeks documents covered by a claim of privilege or work product.  Sirius XM also objects to the time period specified by this Request on overbreadth, burden, relevance and proportionality grounds.  Sirius XM also objects on overbreadth, relevance and proportionality grounds to the extent that the Request seeks documents concerning or relating to Sirius XM's compliance with the FCC regulatory guidance or federal and/or state laws and regulations with respect to topics other than do-not-call requirements. Such issues are not relevant in this case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged documents responsive to this Request, to the extent the documents relate to do-not-call requirements, and to the extent those documents are within its possession, custody or control based on a reasonable search for responsive documents.  The scope of its search is explained in General Objection No. 3.

**REQUEST NO. 37**:  Produce all DOCUMENTS and/or ESI identifying or listing the names of PERSONS to whom YOU, or any THIRD PARTY retained by YOU, placed a DIALED CALL to a residential telephone at any time on or after November 29, 2018.

**RESPONSE TO REQUEST NO. 37**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification.  Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format.  Sirius XM further objects to this Request on burden and proportionality grounds to the extent Plaintiffs import their definition of "identify" into this Request. Sirius XM also objects to this Request because it seeks the personal identifying information of

27

numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

**REQUEST NO. 38**:   Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO any and all reports for each outbound dial list to PERSONS that YOU, or any THIRD PARTY retained by YOU, called or attempted to call, including those outbound dial lists generated by any DIALER that YOU, or any THIRD PARTY retained by YOU, have employed or utilized since November 29, 2018. Do not modify or alter the lists; each call and attempted call made must be included in these lists.

**RESPONSE TO REQUEST NO. 38**:  Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification.  Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format.  Sirius XM further objects to this Request on burden and proportionality grounds to the extent Plaintiffs import their definition of "identify" into this Request. Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers

or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

**REQUEST NO. 39**:  Produce all applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action, or to indemnify or reimburse YOU for payments made to satisfy all or part of any judgment.

**RESPONSE TO REQUEST NO. 39**:  Sirius XM informed Plaintiffs in its Rule 26(a)(1) Initial Disclosures that "Sirius XM does not have insurance coverage that would be applicable to this matter aside from coverage up to $1 million for defense expenses."  For that reason, Sirius XM will not produce documents responsive to this Request.

**REQUEST NO. 40**:  Produce all DOCUMENTS and/or ESI identifying, describing, and/or listing the various offices, regions, units, or divisions within DEFENDANT, including but not limited to organizational charts, lists of YOUR office locations, and telephone or e-mail lists or directories.

**RESPONSE TO REQUEST NO. 40**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any organizational charts sufficient to describe the functions relevant to the claims in this lawsuit.

**REQUEST NO. 41**: Produce all DOCUMENTS and/or ESI (including but not limited to investigation files, logs, or databases) CONCERNING or RELATING TO requests, inquiries, demands, claims, grievances, concerns, protests, or complaints made against YOU from January 1, 2013 to the present, CONCERNING or RELATING TO a DIALED CALL to a telephone. This DOCUMENT request includes all forms of COMMUNICATIONS – either in writing or orally, formal or informal, to YOU or a THIRD PARTY.

**RESPONSE TO REQUEST NO. 41**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI" concerning or relating to "dialed calls" generally, and not just related to do-not-call procedures, specifically.  Sirius XM also objects to this Request to the extent it seeks

29

documents covered by a claim of privilege or work product. Sirius XM also objects to the time period specified by this Request on overbreadth, burden, relevance and proportionality grounds. Sirius XM also objects to the Request to the extent, by seeking "all documents and/or ESI concerning or relating to" such requests, inquiries, demands, etc., it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive policies that are within its possession, custody or control based on a reasonable search for responsive documents. Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 42**: Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO the POLICIES for raising a complaint concerning or relating to a DIALED CALL to a residential telephone, and all DOCUMENTS and/or ESI that concern or relate to YOUR procedures for investigating and addressing such complaints.

**RESPONSE TO REQUEST NO. 42**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI" concerning or relating to "policies" for "dialed calls" generally, and not just related to do-not-call procedures, specifically. Sirius XM also objects to this Request to the extent the Request seeks documents that may be covered by a claim of privilege or work product. Sirius XM also objects to this Request on overbreadth, burden, relevance and proportionality grounds. Sirius XM also objects to this Request because the phrase "policies for raising a complaint" is vague, ambiguous and subject to multiple interpretations. In addition, documents relating to Sirius XM's compliance with the TCPA and related regulations or with state laws with respect to topics, other than do-not-call requirements and obligations, are not relevant to the issues in this case. Sirius XM also objects to the Request to the extent, by seeking "all documents and/or ESI concerning or relating to"

such policies for raising a complaint concerning calls, it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive policies that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 43**:  Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO the PLAINTIFFS and/or their residential telephone numbers. This request includes any voice recordings concerning the PLAINTIFFS and/or their telephone numbers, and any voice recording of any phone call with the PLAINTIFFS.

**RESPONSE TO REQUEST NO. 43**:  Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to the Request because it is vague and confusing what is sought in the request for documents "concerning or relating to" phone numbers, as well as documents "concerning or relating to the plaintiffs and/or their telephone numbers."  Sirius XM also objects to the Request to the extent, by seeking "all documents and/or ESI concerning or relating to" the Plaintiffs, it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 44**:  Produce all DOCUMENTS and/or ESI that record or list every DIALED CALL made by YOU from November 29, 2018, to the present, including all DOCUMENTS and/or ESI that identify, reflect and/or evidence the number of times each such telephone number was called.

**RESPONSE TO REQUEST NO. 44**:  Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification.  Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI" that record or list "every dialed call" without regard to the type or intent of the call, and whether it relates to a call to a Plaintiff or putative class member. Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format.  Sirius XM further objects to this Request on burden and proportionality grounds to the extent Plaintiffs import their definition of "identify" into this Request.  Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

**REQUEST NO. 45**: Produce all DOCUMENTS CONCERNING or RELATING TO PLAINTIFFS' files, including but not limited to all records of DIALED CALLS YOU made to PLAINTIFFS, all notes of conversations with PLAINTIFFS, all recordings, notes, and records regarding any COMMUNICATION with PLAINTIFFS from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 45**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to the Request because it is vague and confusing what is sought in the request for documents "concerning or relating to" phone numbers, as well as documents "concerning or relating to the plaintiffs and/or their telephone numbers."  Sirius XM also

objects to the Request to the extent, by seeking "all documents and/or ESI concerning or relating to" the Plaintiffs, it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 46**:  Produce all DOCUMENTS CONCERNING or RELATING TO PLAINTIFFS, which YOU maintain or have maintained, from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 46**:  Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to the Request to the extent, by seeking "all documents and/or ESI concerning or relating to" the Plaintiffs, it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 47**: Produce all DOCUMENTS CONCERNING or RELATING TO YOUR corporate structure which sets forth YOUR entities, subsidiaries or other departments engaged in conducting DIALED CALL campaigns from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 47**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Subject to and notwithstanding any of its objections, Sirius XM will

33

search for and produce any organizational charts sufficient to describe the functions relevant to the claims in this lawsuit.

**REQUEST NO. 48**:   Produce all DOCUMENTS that YOU used to determine whether the telephone numbers to be called by YOU had provided their PRIOR EXPRESS WRITTEN CONSENT, before attempting to call those numbers, including but not limited to any electronic notations in the outbound dial lists that the called party provided PRIOR EXPRESS WRITTEN CONSENT and including all DOCUMENTS that YOU may rely on at trial or other hearing in this case to establish PRIOR EXPRESS WRITTEN CONSENT was provided to YOU from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 48**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification.  Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI."  Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format.  .  Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

**REQUEST NO. 49**:  Produce all DOCUMENTS CONCERNING or RELATING TO reports in electronically searchable format of DIALER calls made by YOU or any of YOUR employees, agents or independent contractors, or other PERSONS or entities working on YOUR behalf, residential telephones of PERSONS YOU called on behalf of YOURSELF, and/or any THIRD PARTY, from November 29, 2018, to the present. [Do not modify or alter the lists; each call and attempted call made must be included in these lists].

**RESPONSE TO REQUEST NO. 49**:  Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification.  Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format.  Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

**REQUEST NO. 50**:  Produce all DOCUMENTS CONCERNING or RELATING TO contracts or agreements between YOU and any entity that provided DIALED CALL services for YOU, from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 50**:  Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents."  Sirius XM objects to the Request to the extent, by seeking "all documents concerning or relating to" contracts with third-party telemarketing vendors, it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive agreements with its third-party contracted telemarketing vendors that are within its possession, custody or control based on a reasonable search for responsive documents. Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 51**:  Produce all DOCUMENTS CONCERNING or RELATING TO any system, scheme, technique, practice, procedure, or method that DEFENDANT maintains, operates, or employs to record, memorialize, or otherwise document DIALED CALLS made to PERSONS for the purposes of TELEPHONE SOLICITATION.

**RESPONSE TO REQUEST NO. 51**:  Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents."  Sirius XM objects to the Request to the extent, by seeking "all documents concerning or relating to" contracts with third-party telemarketing vendors, it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive agreements with its third-party contracted telemarketing vendors that are within its possession, custody or control based on a reasonable search for responsive documents. Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 52**:  Produce all DOCUMENTS CONCERNING or RELATING TO any training that YOU provide to YOUR employees involved in making DIALED CALLS to PERSONS for the purposes of contacting customers, past customers, or prospective customers.

**RESPONSE TO REQUEST NO. 52**:  Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents."  Sirius XM also objects to this Request on burden, relevance and proportionality grounds to the extent that this Request seeks training relating to other topics beyond handling of consumer requests to cease receiving calls.  Sirius XM objects to the Request to the extent, by seeking "all documents concerning or relating to" training, it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents constituting or reflecting the instructions provided to its contracted telemarketing vendors regarding those vendors' handling of consumers' requests that they cease receiving calls, to the extent those document are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 53**: Produce all DOCUMENTS CONCERNING or RELATING TO any instructions that YOU provide to YOUR employees involved in making DIALED CALLS to PERSONS with respect to how to document an oral or written request to cease contacting such PERSON.

**RESPONSE TO REQUEST NO. 53**:  Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents."  Sirius XM also objects to this Request on burden, relevance and proportionality grounds to the extent that this Request seeks training relating to other topics beyond handling of consumer requests to cease receiving calls.  Sirius XM objects to the Request to the extent, by seeking "all documents concerning or relating to" training, it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents constituting or reflecting the instructions provided to its contracted telemarketing vendors regarding those vendors' handling of consumers' requests that they cease receiving calls, to the extent those document are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 54**:  Produce all POLICY and/or practice manuals CONCERNING or RELATING TO the use of telephones by YOUR TELEPHONE SOLICITATION and/or prospective customer department used from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 54**:  Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents."  Sirius XM also objects to this Request on burden, relevance and proportionality grounds to the extent that this Request seeks training relating to other topics beyond handling of consumer requests to cease receiving calls.  Sirius XM objects to the Request to the extent, by seeking "all documents concerning or relating to" training, it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents constituting or reflecting the instructions provided to its contracted telemarketing vendors regarding those vendors' handling of consumers' requests that they cease receiving calls, to the extent those document are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 55**: Produce all DOCUMENTS describing the criteria and methodology for establishing a number to be called from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 55**:  Sirius XM objects to this Request on vagueness, burden, relevance and proportionality grounds. Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged policies and instructions to its contracted telemarketing vendors concerning the procedures to be followed prior to calling a telephone number on lists provided by Sirius XM to the vendors, to the extent those documents are within its possession,

38

custody or control based on a reasonable search for responsive documents. The scope of its search is explained in General Objection No. 3.

**REQUEST NO. 56**:  Produce all written data retention POLICIES and a description of the data retention POLICIES actually in place, from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 56**: Sirius XM objects to this Request on vagueness, burden, relevance and proportionality grounds. Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged policies and instructions to its contracted telemarketing vendors concerning the procedures to be followed prior to calling a telephone number on lists provided by Sirius XM to the vendors, to the extent those documents are within its possession, custody or control based on a reasonable search for responsive documents.  The scope of its search is explained in General Objection No. 3.

**REQUEST NO. 57**:  Produce all DOCUMENTS describing the methods for reporting on outgoing calls made, the content of those calls and the call treatment performed when a called party answers the call, from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 57**:  Sirius XM objects to this Request on burden, relevance and proportionality grounds.  Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged policies and instructions to its contracted telemarketing vendors regarding the topics in this Request, to the extent those documents are within its possession, custody or control based on a reasonable search for responsive documents.  The scope of its search is explained in General Objection No. 3.

**REQUEST NO. 58**: Produce all DOCUMENTS describing the call recording and reporting procedures for outgoing calls between DEFENDANT and its customers, past customers, or prospective customers from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 58**:  Sirius XM objects to this Request on burden, relevance and proportionality grounds.  Subject to and notwithstanding any of its objections, Sirius XM will search

39

for and produce any non-privileged policies and instructions to its contracted telemarketing vendors regarding the topics in this Request, to the extent those documents are within its possession, custody or control based on a reasonable search for responsive documents.  The scope of its search is explained in General Objection No. 3.

**REQUEST NO. 59**:  Produce all DOCUMENTS describing the procedures for outgoing calls between DEFENDANT and its customers, past customers, or prospective customers from November 29, 2018, to the present, when the called party requests DEFENDANT cease making calls to the called party.

**RESPONSE TO REQUEST NO. 59**:  Sirius XM objects to this Request on burden, relevance and proportionality grounds.  Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged policies and instructions to its contracted telemarketing vendors regarding the topics in this Request, to the extent those documents are within its possession, custody or control based on a reasonable search for responsive documents.  The scope of its search is explained in General Objection No. 3.

**REQUEST NO. 60**:  Produce each and every report, opinion, physical model, compilation of data, and other material prepared by an expert used for consultation, even if it was prepared in anticipation of litigation or for trial, which forms a basis either in whole or in part of the opinion of an expert who is to be called as a witness.

**RESPONSE TO REQUEST NO. 60**: Sirius XM objects to this Request on the grounds that it is overly broad and unduly burdensome, is premature, seeks privileged information, and seeks to impose obligations greater than those contemplated by the Federal Rules of Civil Procedure.  Sirius XM also objects to this Request to the extent that Plaintiff seeks confidential and proprietary information of Sirius XM.  Sirius XM will provide information concerning any expert witnesses in accordance with applicable Federal Rules of Civil Procedure and orders of this Court.  At this time, Sirius XM has no non-privileged documents responsive to this Request.

**REQUEST NO. 61**: Produce all DOCUMENTS, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for any consulting expert of YOURS whose mental impressions and opinions have been reviewed by any testifying expert of YOURS in anticipation of a testifying expert's testimony in this litigation.

**RESPONSE TO REQUEST NO. 61**: Sirius XM objects to this Request on the grounds that it is overly broad and unduly burdensome, is premature, seeks privileged information, and seeks to impose obligations greater than those contemplated by the Federal Rules of Civil Procedure. Sirius XM also objects to this Request to the extent that Plaintiff seeks confidential and proprietary information of Sirius XM. Sirius XM will provide information concerning any expert witnesses in accordance with applicable Federal Rules of Civil Procedure and orders of this Court. At this time, Sirius XM has no non-privileged documents responsive to this Request.

**REQUEST NO. 62**:  Produce the resume and bibliography of any consulting expert whose mental impressions and opinions have been reviewed by any testifying expert of YOURS.

**RESPONSE TO REQUEST NO. 62**: Sirius XM objects to this Request on the grounds that it is overly broad and unduly burdensome, is premature, seeks privileged information, and seeks to impose obligations greater than those contemplated by the Federal Rules of Civil Procedure. Sirius XM also objects to this Request to the extent that Plaintiff seeks confidential and proprietary information of Sirius XM. Sirius XM will provide information concerning any expert witnesses in accordance with applicable Federal Rules of Civil Procedure and orders of this Court. At this time, Sirius XM has no non-privileged documents responsive to this Request.

**REQUEST NO. 63**: Produce all DOCUMENTS, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for any testifying expert of YOURS, in anticipation of the testifying expert's testimony in this litigation.

**RESPONSE TO REQUEST NO. 63**:  Sirius XM objects to this Request on the grounds that it is overly broad and unduly burdensome, is premature, seeks privileged information, and seeks to impose obligations greater than those contemplated by the Federal Rules of Civil Procedure. Sirius XM also

objects to this Request to the extent that Plaintiff seeks confidential and proprietary information of Sirius XM.  Sirius XM will provide information concerning any expert witnesses in accordance with applicable Federal Rules of Civil Procedure and orders of this Court. At this time, Sirius XM has no non-privileged documents responsive to this Request.

**REQUEST NO. 64**:   Produce the resume and bibliography of YOUR testifying expert(s).

**RESPONSE TO REQUEST NO. 64**:   Sirius XM objects to this Request on the grounds that it is overly broad and unduly burdensome, is premature, seeks privileged information, and seeks to impose obligations greater than those contemplated by the Federal Rules of Civil Procedure.  Sirius XM also objects to this Request to the extent that Plaintiff seeks confidential and proprietary information of Sirius XM.  Sirius XM will provide information concerning any expert witnesses in accordance with applicable Federal Rules of Civil Procedure and orders of this Court.  At this time, Sirius XM has no non-privileged documents responsive to this Request.

**REQUEST NO. 65**:   Produce all transcripts of testimony previously provided by any PERSON YOU listed as an expert witness.

**RESPONSE TO REQUEST NO. 65**:   Sirius XM objects to this Request on the grounds that it is overly broad and unduly burdensome, is premature, seeks privileged information, and seeks to impose obligations greater than those contemplated by the Federal Rules of Civil Procedure.  Sirius XM also objects to this Request to the extent that Plaintiff seeks confidential and proprietary information of Sirius XM.  Sirius XM will provide information concerning any expert witnesses in accordance with applicable Federal Rules of Civil Procedure and orders of this Court.  At this time, Sirius XM has no non-privileged documents responsive to this Request.

**REQUEST NO. 66**: Produce all treatises, rules, regulations, guidelines, statutes, POLICIES, procedures, and any other authoritative materials considered by any testifying expert in forming an opinion.

**RESPONSE TO REQUEST NO. 66**:  Sirius XM objects to this Request on the grounds that it is overly broad and unduly burdensome, is premature, seeks privileged information, and seeks to impose obligations greater than those contemplated by the Federal Rules of Civil Procedure.  Sirius XM also objects to this Request to the extent that Plaintiff seeks confidential and proprietary information of Sirius XM.  Sirius XM will provide information concerning any expert witnesses in accordance with applicable Federal Rules of Civil Procedure and orders of this Court.  At this time, Sirius XM has no non-privileged documents responsive to this Request.

**REQUEST NO. 67**:  Produce all invoices, bills, and other billing materials for each expert YOU expect will testify at trial.

**RESPONSE TO REQUEST NO. 67**: Sirius XM objects to this Request on the grounds that it is overly broad and unduly burdensome, is premature, seeks privileged information, and seeks to impose obligations greater than those contemplated by the Federal Rules of Civil Procedure.  Sirius XM also objects to this Request to the extent that Plaintiff seeks confidential and proprietary information of Sirius XM.  Sirius XM will provide information concerning any expert witnesses in accordance with applicable Federal Rules of Civil Procedure and orders of this Court.  At this time, Sirius XM has no non-privileged documents responsive to this Request.

**REQUEST NO. 68**:  Produce all non-privileged ESI YOU received from any PERSON concerning PLAINTIFFS' allegations in this suit.

**RESPONSE TO REQUEST NO. 68**:  To the extent there are any non-privileged, responsive documents relating to any Plaintiff, they will be produced to the extent they are within Sirius XM's possession, custody, or control based on a reasonable search for responsive documents.  The scope of its search is explained in General Objection No. 3.

**REQUEST NO. 69**:  Produce all testimony lists, case lists or similar DOCUMENTS identifying any and all cases in which or for which YOUR testifying experts have been retained.

**RESPONSE TO REQUEST NO. 69**:  Sirius XM objects to this Request on the grounds that it is overly broad and unduly burdensome, is premature, seeks privileged information, and seeks to impose obligations greater than those contemplated by the Federal Rules of Civil Procedure.  Sirius XM also objects to this Request to the extent that Plaintiff seeks confidential and proprietary information of Sirius XM.  Sirius XM will provide information concerning any expert witnesses in accordance with applicable Federal Rules of Civil Procedure and orders of this Court.  At this time, Sirius XM has no non-privileged documents responsive to this Request.

**REQUEST NO. 70**:  Produce all testimony lists, case lists or similar DOCUMENTS maintained by any of YOUR consulting experts whose mental impressions and opinions have been reviewed by any of YOUR testifying experts.

**RESPONSE TO REQUEST NO. 70**:  Sirius XM objects to this Request on the grounds that it is overly broad and unduly burdensome, is premature, seeks privileged information, and seeks to impose obligations greater than those contemplated by the Federal Rules of Civil Procedure.  Sirius XM also objects to this Request to the extent that Plaintiff seeks confidential and proprietary information of Sirius XM.  Sirius XM will provide information concerning any expert witnesses in accordance with applicable Federal Rules of Civil Procedure and orders of this Court.  At this time, Sirius XM has no non-privileged documents responsive to this Request.

**REQUEST NO. 71**:  Produce all DOCUMENTS and ESI in YOUR possession, custody, or control evidencing or supporting YOUR defenses in this lawsuit.

**RESPONSE TO REQUEST NO. 71**:  Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents.  Such a reasonable search is explained General Objection No. 3.

44

**REQUEST NO. 72**: Produce all cooperation agreements, settlement agreements, releases, covenants not to sue, loan receipt agreements, Mary Carter agreements, guarantee agreements, and indemnification agreements which YOU have entered into, or which have been proposed with respect to the PLAINTIFFS' claims, causes of action, and alleged damages made the basis of this lawsuit.

**RESPONSE TO REQUEST NO. 72**:  Sirius XM has no documents responsive to this Request.


**REQUEST NO. 73**:  Produce all statements, ESI, DOCUMENTS, and memos relating to witnesses or potential witnesses or PERSONS YOU contacted in connection with this case.

**RESPONSE TO REQUEST NO. 73**:  Sirius XM objects to this Request on the grounds that it is overbroad and unduly burdensome, is premature, seeks privileged information, and seeks to impose obligations greater than those contemplated by the Federal Rules of Civil Procedure.  Sirius XM also objects to this Request because it seeks the production of documents that are subject to the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege or immunity.  Sirius XM will provide information concerning any witnesses in accordance with applicable Federal Rules of Civil Procedure and orders of this Court.  At this time, Sirius XM has no non-privileged documents responsive to this Request.


**REQUEST NO. 74**:  Produce all statements, ESI, DOCUMENTS, and memos relating to witnesses or potential witnesses or PERSONS that contacted YOU in connection with this case.

**RESPONSE TO REQUEST NO. 74**:  Sirius XM objects to this Request on the grounds that it is overbroad and unduly burdensome, is premature, seeks privileged information, and seeks to impose obligations greater than those contemplated by the Federal Rules of Civil Procedure.  Sirius XM also objects to this Request because it seeks the production of documents that are subject to the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege or immunity.  Sirius XM will provide information concerning any witnesses in accordance with applicable Federal Rules of Civil Procedure and orders of this Court.  At this time, Sirius XM has no non-privileged documents responsive to this Request.

**REQUEST NO. 75**:  Produce all correspondence between YOU (and/or YOUR attorneys) and the expert witnesses YOU designated herein or consulted in this case.

**RESPONSE TO REQUEST NO. 75**: Sirius XM objects to this Request on the grounds that it is overly broad and unduly burdensome, is premature, seeks privileged information, and seeks to impose obligations greater than those contemplated by the Federal Rules of Civil Procedure.  Sirius XM also objects to this Request to the extent that Plaintiff seeks confidential and proprietary information of Sirius XM.  Sirius XM will provide information concerning any expert witnesses in accordance with applicable Federal Rules of Civil Procedure and orders of this Court.  At this time, Sirius XM has no non-privileged documents responsive to this Request.

**REQUEST NO. 76**:  Produce all DOCUMENTS, ESI, reports or records YOU, or someone on your behalf, maintained as an internal do-not-call list from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 76**: Sirius XM objects to this Request on the grounds of burden, relevance and proportionality.  The requested information is retained electronically, in computer files, programs and bases that cannot reasonably be accessed and produced, and in any event, cannot reasonably be transferred to and read by any computer to which Plaintiff and its counsel likely would have any access.  Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers), pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

**REQUEST NO. 77**:  Produce all DOCUMENTS and ESI CONCERNING or RELATING TO any contracts or agreements between YOU and all car manufacturers or other original equipment manufacturers CONCERNING or RELATING TO the installation of a Sirius XM Receiver in a car, or to the provision of telephone numbers to YOU from consumers.

**RESPONSE TO REQUEST NO. 77**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and ESI."  Sirius XM objects to the Request to the extent, by seeking "all documents and ESI concerning or relating to" contracts or agreements with car manufacturers and OEMs, it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents; specifically, Sirius XM will produce the relevant contracts governing the relationships between Sirius XM and the major OEMs.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 78**:  Produce all DOCUMENTS and ESI CONCERNING or RELATING TO any contracts or agreements between YOU and any car dealer or other company that sells new or used cars directly to consumers CONCERNING or RELATING TO the installation of a Sirius XM Receiver in a car, or to the provision of telephone numbers to YOU from consumers.

**RESPONSE TO REQUEST NO. 78**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and ESI."  Sirius XM objects to the Request to the extent, by seeking "all documents and ESI concerning or relating to" contracts or agreements with car manufacturers, OEMs, and other third-party car dealers, it is overbroad and burdensome and would require Sirius XM to conduct a custodial review for additional documents that is not proportional to the needs of the case.

Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged, responsive documents that are within its possession, custody or control based on a reasonable search for responsive documents; specifically, Sirius XM will produce the relevant contracts governing the relationships between Sirius XM and the major OEMs and Dealer Enrollment Authorization Forms.  Such a reasonable search is explained in General Objection No. 3.

**REQUEST NO. 79**:  Produce all DOCUMENTS and ESI CONCERNING or RELATING TO any contracts or agreements between YOU and all car manufacturers or other original equipment manufacturers CONCERNING or RELATING TO the installation of a Sirius XM Receiver in a car, or to the provision of telephone numbers to YOU from consumers.

**RESPONSE TO REQUEST NO. 79**:   This Request is an exact duplicate of Request No. 77, the response to which is incorporated herein.

**REQUEST NO. 80**:  Produce all DOCUMENTS and ESI CONCERNING or RELATING TO any contracts or agreements between YOU and all car manufacturers or other original equipment manufacturers CONCERNING or RELATING TO the installation of a Sirius XM Receiver in a car, or to the provision of telephone numbers to YOU from consumers.

**RESPONSE TO REQUEST NO. 80**:  This Request is an exact duplicate of Request Nos. 77 and 78, the responses to which are incorporated herein.

**REQUEST NO. 81**:   Produce all DOCUMENTS and ESI, spreadsheets, databases, and call logs that any third-party call center or telemarketer provided to you CONCERNING or RELATING TO TELEPHONE SOLICITATIONS made on behalf of YOU to any members of the DNC CLASS and I-DNC CLASS that included or referenced any methods for reporting on outgoing calls made, the content of those calls, the result of those calls, and the call treatment performed, including but not limited to spreadsheets, databases, and call logs recording any call disposition codes.

**RESPONSE TO REQUEST NO. 81**:  Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification.  Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and ESI."  Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested

48

information in a readily accessible format.  Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

**REQUEST NO. 82**:  Produce all DOCUMENTS and ESI CONCERNING or RELATING TO reports CONCERNING or RELATING TO inquiries, demands, claims, grievances, concerns, protests, or complaints made against YOU, by anyone (including but not limited to any consumers, customers, car dealers, or original equipment manufacturers) CONCERNING or RELATING TO a DIALED CALL to a landline telephone at any time from November 29, 2018 to the present. This DOCUMENT request encompasses inquiries, demands, claims, grievances, concerns, protests, or complaints presented all forms of COMMUNICATIONS – either in writing or orally, formal or informal, to YOU or a THIRD PARTY.

**RESPONSE TO REQUEST NO. 82**:  Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification.  Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and ESI."  Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format.  .  Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party

suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

**REQUEST NO. 83**:  Produce all DOCUMENTS and ESI CONCERNING or RELATING TO the POLICIES for raising any inquiries, demands, claims, grievances, concerns, protests, or complaints CONCERNING or RELATING TO a DIALED CALL to a landline telephone at any time from November 29, 2018 to the present, and all DOCUMENTS and ESI that concern or relate to YOUR procedures for investigating and addressing such complaints during such time period.

**RESPONSE TO REQUEST NO. 83**:  Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification.  Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and ESI."  Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format.  Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements.  In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

**REQUEST NO. 84**:  Produce all "Telemarketing performance reports" covering the period November 29, 2018 to the present.

**RESPONSE TO REQUEST NO. 84**:  Sirius XM objects to this Request on the grounds that it is vague and ambiguous and unclear as to what the phrase "Telemarketing performance report" refers to.  On that basis, Sirius XM will not respond to this Request.

**REQUEST NO. 85**:  Produce all DOCUMENTS and ESI CONCERNING or RELATING TO any contracts or agreements between YOU and all car manufacturers or other original equipment manufacturers CONCERNING or RELATING TO the installation of a Sirius XM Receiver in a car, or to the provision of telephone numbers to YOU from consumers.

**RESPONSE TO REQUEST NO. 85**:  This Request is an exact duplicate of Request Nos. 77, 78, and 80, the responses to which are incorporated herein.

Dated:  August 28, 2023

Respectfully Submitted,

*/s/ Allison L. Waks*

Christopher A. Hall
JONES DAY
110 North Wacker Drive
Suite 4800
Chicago, IL 60606
Phone: 312-269-1579
Fax: 312-782-8585
Email: chall@jonesday.com

Thomas Demitrack (admission forthcoming)
JONES DAY
North Point 901 Lakeside Avenue
Cleveland, OH 44114-1190
Tel: (216) 586-3939
Fax: (216) 579-0212
Email: tdemitrack@jonesday.com

Lee A. Armstrong (admission forthcoming)
Allison L. Waks
JONES DAY
250 Vesey Street
New York, NY 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
Email: laarmstrong@jonesday.com
Email: awaks@jonesday.com

Jeffrey R. Johnson
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: jeffreyjohnson@jonesday.com

*Attorneys for Defendant Sirius XM Radio Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Allison L. Waks, hereby certify that, on August 28, 2023, a copy of the foregoing was served on the following counsel via email.

Mason A. Barney, Esq.
SIRI & GLIMSTAD LLP
200 Park Avenue, 17th Floor
New York, NY 10016
Telephone: (212) 532-1091
Email: mbarney@sirillp.com
Email: lcarroll@sirillp.com

Daniel M. Hutchinson, Esq.
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor San Francisco,
California 94111-3339
Telephone: (415) 956-1000 Facsimile: (415)
956-1008
Email: dhutchinson@lchb.com

Jarrett L. Ellzey, Esq.
ELLZEY & ASSOCIATES, PLLC
1105 Milford St,
Houston, TX 77006
Telephone: (888) 350-3931
Email: Jarrett@ellzeylaw.com

Carl R. Draper
FELDMAN WASSER
1307 South 7th Street
Springfield, IL 62703
Telephone: 217-544-3403
Email: cdraper@feldman-wasser.com

*Attorneys for Plaintiffs and the Proposed Classes*

*/s/ Allison L. Waks*
*Allison L. Waks*

**EXHIBIT C**

# Siri | Glimstad

NEW YORK  |  MIAMI  |  LOS ANGELES  |  PHOENIX
DETROIT  |  AUSTIN  |  MINNEAPOLIS  |  WASHINGTON D.C.

745 Fifth Ave, Suite 500, New York, NY 10151
sirillp.com  |  P: (212) 532-1091  |  F: (646) 417-5967

VIA EMAIL

Allison L. Waks
JONES DAY
250 Vesey Street
New York, NY 10281
awaks@jonesday.com

Re:  *Campbell, et al. v. Sirius XM Radio, Inc.*, Case No. 2:22-cv-02261

Dear Ms. Waks:

I write on behalf of Plaintiffs to meet and confer regarding Defendant Sirius XM's responses to Plaintiffs' Requests for Production, Set One ("RFP") in the above-referenced action. Unfortunately, despite litigating many of the issues raised by Sirius XM's responses in *Buchanan v. Sirius XM Radio, Inc.*, Case No. 3:17-cv-728 (the "Buchanan Action"), it appears from Sirius XM's responses that it once again is refusing to produce the vast majority of the documents we have requested. In light of this, please provide your availability for a call to discuss the issues raised below, as well as the Confidentiality Order and ESI Protocol for this matter.

I will reply to your responses in turn:

**REQUEST NO. 5**: Produce all DOCUMENTS and/or ESI evidencing any version of the DNC YOU or any THIRD PARTY on behalf of YOU used to cross check PLAINTIFFS' or any member of the DNC CLASS' telephone numbers before placing DIALED CALLS to those numbers.

**RESPONSE TO REQUEST NO. 5**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI." Sirius XM also objects to providing any DNC lists on burden, relevance and proportionality grounds; moreover, it is not possible to produce documents in response to this Request. Any so-called "version of the DNC" that might be used to "cross check" consumers' phone numbers would be constantly updated and in any event exist only in an electronic format that is not readily accessible. Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements. Sirius XM also objects to producing hardware, software, computer programs and databases that actually performed any of Sirius XM's so-called "cross checks" or "scrubbing" functions on grounds of burden, relevance and proportionality and because they are not reasonably accessible.

*You claim, without justification, that the DNC lists are not relevant. We could not disagree more. The DNC lists are relevant to Sirius XM's liability and willfulness.  They are necessary so that Plaintiffs can perform an analysis of these records by cross-referencing the DNC lists with call logs to identify individuals that were registered on the DNC lists yet nonetheless received calls from Sirius XM, or vendors on its behalf, which post-date their addition, to establish class wide TCPA liability. As just one example of the lists' relevance, we understand that Sirius XM may assert an affirmative defense that the people called either provided consent for the calls or were in pre-existing business relationships with Sirius XM prior to the calls.  If that is the case, then both the names and numbers of the people called are required so that Plaintiffs can match the consent/prior relationship with the name of the person called. E.g., Mey v. Interstate Nat'l Dealer Servs., Inc., No. 1:14-CV-01846-ELR, 2015 WL 11256613, at \*4 (N.D. Ga. June 19, 2015) (ordering the defendant to produce the names and numbers of the individuals called if it intended to assert an affirmative defense based on consent or business relationship).*

*Your contention that this information implicates certain privacy concerns is not a reason to withhold their production. The class members are not the telephone numbers, but rather the actual consumers that were called, making their identities directly relevant. The possibility that the lists may include customers that were not called does not make the full lists overinclusive; to the contrary, it may be important to understand why certain customers were not called, making the entire lists relevant.*

*Additionally, in the discovery context, names and phone numbers are generally not considered confidential.  See Thurby v. Encore Receivable Mgmt., Inc., 251 F.R.D. 620, 622 (D. Colo. 2008) (holding that personal contact information is not confidential); Plastic the Movie Ltd. v. John Doe Subscriber Assigned IP Address 24.0.105.163, No. CIV. 15-2446 JHR/JS, 2015 WL 4715528, at \*1 (D.N.J. Aug. 7, 2015) (holding that names, addresses and phone numbers are "not privileged or confidential" because people regularly provide such information to third parties and therefore "do not have a reasonable expectation of privacy" in such information (internal quotations omitted)). Plaintiffs are not asking for sensitive financial information, social security numbers, or medical information, we are simply requesting names and phone numbers, information that is generally publicly available from any number of sources. Regardless, such concerns can be resolved by the protective order we have proposed*

*You further state that the DNC list "exists only in an electronic format that is not readily accessible"; however, pursuant to the settlement agreement in the Buchanan Action, Sirius XM agreed to implement a changed business practice of ensuring its outbound dialing practices incorporate a pre-dial check for internal Do-Not-Call status just prior to dialing. Clearly, some form of responsive records exists and can be electronically shared. Therefore, please provide a list of the files that were downloaded by Sirius XM which contain the DNC lists so that we can better understand the nature of this contention. For the sake of clarity, please note that this request seeks copies of both Sirius XM's internal DNC lists, as well as any national DNC lists utilized by Sirius XM.*

**REQUEST NO. 10**: Produce all database(s) listing the PERSONS who received a DIALED CALL to their phone for TELEPHONE SOLICITATION purposes from YOU, or any THIRD PARTY on your behalf, from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 10**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification. Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format; the requested production of a "database" is entirely overbroad and burdensome. Sirius XM further objects to this Request because even the request to query data from any databases implicates the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements. In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

*As stated above, the fact that this information implicates certain privacy concerns is not a reason to withhold the responsive records from production.*

*Further, the existence of a private nondisclosure agreement is not a valid objection to a request for production. See Nvision Biomedical Techs., LLC v. Jalex Med., LLC, No. 5:15-CV-284 RP, 2016 WL 8285637, at \*2 (W.D. Tex. Feb. 1, 2016) (ordering production of documents that were subject to a nondisclosure agreement with third parties); Tinkers & Chance v. Leapfrog Enterprises, Inc., No. CIV.A. 2:05-CV-349, 2006 WL 462601, at \*2 (E.D. Tex. Feb. 23, 2006)(ordering "the production of all relevant documents and evidence, without regard to any private non-disclosure agreements"). If the vendors have concerns regarding confidential or trade secret information, Sirius XM is welcome to mark the documents in accordance with the protective order we intend to enter into. See Nvision Biomedical Techs., LLC, 2016 WL 8285637, at \*3 (stating that "the existing Confidentiality and Protective Order . . . is sufficient to satisfy" any concerns over sensitive or proprietary information); Tinkers & Chance, 2006 WL 462601, at \*2 (directing that confidential information be produced under the protective order in the case).*

*Your contention that "Sirius XM does not maintain the requested information in a readily accessible format" defies credulity. It is a standard, industry-wide practice to maintain a record of every telemarketing call and Do-Not-Call request in a database with standard disposition codes. Publicly available records show that Sirius XM produced such data in the Buchanan Action. It is unclear how or why producing such data as a .txt file (or a similar agreed-upon format) with the names and phone numbers of the recipients of all calls placed on behalf of Sirius XM is not readily accessible now for the relevant class period in this matter.*

3

*Your boilerplate objection to the production of this database on the grounds that it is "entirely overbroad and burdensome" lacks any justification and is therefore deficient. Whether the putative class members gave Sirius XM permission to call them is central to Plaintiffs' class-related claims as they show who was actually called, and these logs were produced by Sirius XM in the Buchanan Action. We understand that a proper response to this request may require Sirius XM to review and produce a large volume of documents, however the burden required is necessary and unavoidable given the importance of such logs. As such, given the fact that Sirius XM has such documents in its possession, we must insist that you promptly produce all documents responsive to RFP No. 10.*

**REQUEST NO. 11**: Produce all DOCUMENTS evidencing any of the following information pertaining to any and all calls made by or on behalf of YOU, from November 29, 2018, to recipients of any complimentary programming provided by YOU during their respective complimentary programming period: (a) the initiating telephone number; (b) the telephone number which was called; (c) the dates on which such calls were made; (d) the time at which calls were initiated; (e) the identity of the person called; (f) the telephone numbers and/or addresses of the called party as reflected in any sale or lease records or customer data provided to YOU or YOUR contractor by any car dealer; (g) whether the called number was or was not assigned to a cellular telephone or landline.

**RESPONSE TO REQUEST NO. 11**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification. Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format. Sirius XM further objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements. In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

*Each of these objections have been addressed above. Whether the putative class members gave Sirius XM permission to call them is central to Plaintiffs' class-related claims as they show who was actually called. As such, this request is proper at this stage in the litigation. Moreover, it appears that Sirius XM may assert an affirmative defense that the people called either provided consent for the calls or were in pre-existing business relationships with Sirius XM prior to the calls. If that is the case, then both the names and numbers of the people called are required so that Plaintiffs can match the consent/prior relationship with the name of the person called. Any privacy concerns are unfounded, and in any event can be resolved by the Protective Order we have proposed. Lastly, the existence of a private nondisclosure agreement is not a valid objection to a request for production. Therefore, we eagerly await your response to this request.*

4

**REQUEST NO. 21**: Produce all DOCUMENTS and/or ESI evidencing the manner in which telephone numbers were obtained from consumers, including PLAINTIFFS and the members of the DNC CLASS and I-DNC CLASS.

**RESPONSE TO REQUEST NO. 21**: Sirius XM objects to this Request on the grounds that the phrases "all documents and/or ESI" and "evidencing the manner," when construed together, result in a request that is vague and ambiguous, and potentially burdensome depending on how Plaintiffs intend to interpret them. Sirius XM cannot realistically produce each and every document relating to (or evidencing) the thousands of sources from which it receives information about its subscribers' telephone numbers. Sirius XM receives information regarding its subscribers, including their telephone numbers, in a variety of ways, much of it electronically. Some consumers provide that information to Sirius XM via telephone or over the internet. Numerous vehicle manufacturers (also known as Original Equipment Manufacturers ("OEMs")) and more than ten thousand automobile dealers are sources of such information; consumers provide information to OEMs or dealers, and that information is eventually received by Sirius XM pursuant to contractual arrangements. Sirius XM also receives information from numerous third parties, such as automotive care and similar businesses that perform service and other repairs on vehicles, as well as from other third parties. Sirius XM further objects to this Request on relevance and proportionality grounds: the Complaint does not challenge the legality of Sirius XM's receipt of consumers' telephone numbers, and virtually all of that information exists only in an electronic format that cannot reasonably be transferred to and read by any computer to which Plaintiffs and their counsel likely would have access.

> *Please produce a list of the OEMs, automobile dealers, and other third parties (including but not limited to the "automotive care and similar businesses that perform service and other repairs on vehicles") for which Sirius XM contracted with to receive information about its subscribers. Please also produce copies of the corresponding contracts as well. Whether the putative class members gave Sirius XM permission to call them is central to Plaintiffs' class-related claims as they show who was actually called. If Sirius XM contends that an individual has an established business relationship via interactions with these entities, then such a list is required to confirm that the individual's information was obtained as a result of Sirius XM's contracts with same. As such, even though we understand that a proper response to this request may require Sirius XM to review and produce a large volume of documents, the burden required is necessary and unavoidable.*

**REQUEST NO. 22**: Produce all DOCUMENTS and/or ESI identifying all sources in which consumer contact information, including telephone numbers was obtained by or on behalf of YOU.

**RESPONSE TO REQUEST NO. 22**: Sirius XM objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI." Sirius XM also objects to this Request on the grounds that the phrases "all documents" and "identifying all sources," when construed together, result in a request that is vague and ambiguous, and potentially burdensome depending on how Plaintiffs intend to interpret them. Sirius XM cannot realistically produce each and every document relating to (or evidencing) the thousands of sources from which it receives information about its subscribers' telephone numbers. Sirius XM receives information regarding its subscribers, including their

telephone numbers, in a variety of ways, much of it electronically. Some consumers provide that information to Sirius XM via telephone or over the internet. Numerous OEMs and more than ten thousand automobile dealers are sources of such information; consumers provide information to OEMs or dealers, and that information is eventually received by Sirius XM pursuant to contractual arrangements. Sirius XM also receives information from numerous third parties, such as automotive care and similar businesses that perform service and other repairs on vehicles, as well as from other third parties. Sirius XM further objects to this Request on relevance and proportionality grounds: the Complaint does not challenge the legality of Sirius XM's receipt of consumers' telephone numbers, and that information exists only in an electronic format that cannot reasonably be transferred to and read by any computer to which Plaintiff and its counsel likely would have any access.

*We reiterate the same points made regarding Sirius XM's response to RFP No. 21.*

**REQUEST NO. 23**: Produce all DOCUMENTS and/or ESI evidencing the number of individuals to which YOU or someone on YOUR behalf placed calls from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 23**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification. Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI." Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format. Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements. In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

*The number of individuals who received calls in alleged violation of the TCPA is necessary to establish the numerosity prong for class certification. Further, as I have explained, your objections on the basis that this request "seeks the personal identifying information of numerous Sirius XM subscribers" or may violate confidentiality agreements with third party suppliers are meritless. Plaintiffs are simply requesting the call logs which identify the number of individuals who received calls on Sirius XM's behalf. This request is subsumed by the response to RFP Nos. 10 and 11, and further illustrates the relevance and proportionality of those requests.*

**REQUEST NO. 24**: Produce all DOCUMENTS and/or ESI identifying the individuals to which YOU or someone on YOUR behalf placed calls from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 24**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification. Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent that it calls for production of "all documents and/or ESI." Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format. Sirius XM further objects to this Request on burden and proportionality grounds to the extent Plaintiffs import their definition of "identify" into this Request. Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements. In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

> *Each of these objections have been addressed above. Whether the putative class members gave Sirius XM permission to call them is central to Plaintiffs' class-related claims as they show who was actually called. As such, this request is proper at this stage in the litigation. Moreover, it appears that Sirius XM may assert an affirmative defense that the people called either provided consent for the calls or were in pre-existing business relationships with Sirius XM prior to the calls. If that is the case, then both the names and numbers of the people called are required so that Plaintiffs can match the consent/prior relationship with the name of the person called. Any privacy concerns are unfounded and can be resolved by the Protective Order we have proposed. Lastly, the existence of a private nondisclosure agreement is not a valid objection to a request for production. Therefore, we eagerly await your response to this request.*

**REQUEST NO. 37**: Produce all DOCUMENTS and/or ESI identifying or listing the names of PERSONS to whom YOU, or any THIRD PARTY retained by YOU, placed a DIALED CALL to a residential telephone at any time on or after November 29, 2018.

**RESPONSE TO REQUEST NO. 37**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification. Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI." Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format. Sirius XM further objects to this Request on burden and proportionality grounds to the extent Plaintiffs import their definition of "identify" into this Request. Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements. In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

*We reiterate the same points made with respect to Sirius XM's response to RFP Nos. 10, 11, and 24.*

**REQUEST NO. 38**: Produce all DOCUMENTS and/or ESI CONCERNING or RELATING TO any and all reports for each outbound dial list to PERSONS that YOU, or any THIRD PARTY retained by YOU, called or attempted to call, including those outbound dial lists generated by any DIALER that YOU, or any THIRD PARTY retained by YOU, have employed or utilized since November 29, 2018. Do not modify or alter the lists; each call and attempted call made must be included in these lists.

**RESPONSE TO REQUEST NO. 38**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification. Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI." Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format. Sirius XM further objects to this Request on burden and proportionality grounds to the extent Plaintiffs import their definition of "identify" into this Request. Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements. In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

*We reiterate the same points made with respect to Sirius XM's response to RFP Nos. 10, 11, and 24.*

**REQUEST NO. 44**: Produce all DOCUMENTS and/or ESI that record or list every DIALED CALL made by YOU from November 29, 2018, to the present, including all DOCUMENTS and/or ESI that identify, reflect and/or evidence the number of times each such telephone number was called.

**RESPONSE TO REQUEST NO. 44**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification. Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI" that record or list "every dialed call" without regard to the type or intent of the call, and whether it relates to a call to a Plaintiff or putative class member. Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format. Sirius XM further objects to this Request on burden and proportionality grounds to the extent Plaintiffs import their definition of "identify" into this Request. Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate

confidentiality and data privacy and security protocols that follow all state and local requirements. In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

> *We reiterate the same points made with respect to Sirius XM's response to RFP Nos. 10, 11, and 24.*

**REQUEST NO. 48**: Produce all DOCUMENTS that YOU used to determine whether the telephone numbers to be called by YOU had provided their PRIOR EXPRESS WRITTEN CONSENT, before attempting to call those numbers, including but not limited to any electronic notations in the outbound dial lists that the called party provided PRIOR EXPRESS WRITTEN CONSENT and including all DOCUMENTS that YOU may rely on at trial or other hearing in this case to establish PRIOR EXPRESS WRITTEN CONSENT was provided to YOU from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 48**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification. Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and/or ESI." Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format. . Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements. In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

> *We reiterate the same points made with respect to Sirius XM's response to RFP Nos. 10, 11, and 24. Again, it is standard industry practice to maintain a record of every call made and every Do-Not-Call request in a database by using a standard disposition code so that the individual's preference is indicated in the database. As such, contrary to your improper boilerplate objections, the request for the database is proper and Plaintiffs are entitled to this information.*

**REQUEST NO. 49**: Produce all DOCUMENTS CONCERNING or RELATING TO reports in electronically searchable format of DIALER calls made by YOU or any of YOUR employees, agents or independent contractors, or other PERSONS or entities working on YOUR behalf, residential telephones of PERSONS YOU called on behalf of YOURSELF, and/or any THIRD PARTY, from November 29, 2018, to the present. [Do not modify or alter the lists; each call and attempted call made must be included in these lists].

**RESPONSE TO REQUEST NO. 49**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification. Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format. Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements. In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

> *We reiterate the same points made with respect to Sirius XM's response to RFP Nos. 10, 11, and 24. To be clear, responsive records include the quarterly reports and daily summaries that Sirius XM received from the telemarketing vendors over the class period.*

**REQUEST NO. 56**: Produce all written data retention POLICIES and a description of the data retention POLICIES actually in place, from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 56**: Sirius XM objects to this Request on vagueness, burden, relevance and proportionality grounds. Subject to and notwithstanding any of its objections, Sirius XM will search for and produce any non-privileged policies and instructions to its contracted telemarketing vendors concerning the procedures to be followed prior to calling a telephone number on lists provided by Sirius XM to the vendors, to the extent those documents are within its possession, custody or control based on a reasonable search for responsive documents. The scope of its search is explained in General Objection No. 3.

> *In order to clarify the nature and scope of this request, Plaintiffs are seeking copies of documents which concern Sirius XM's data retention policies. Please produce records sufficient to identify the period of time that Sirius XM maintains data pertaining to telemarketing calls to individuals, and if this length of time varies based on Sirius XM's categorization of the data, please also produce records sufficient to identify the variation in the time that it retains such data. Please also produce records concerning any policies for the restoration of data upon its deletion (e.g., back ups for hard drives containing electronically stored data). We cannot simply agree to limit this request to Sirius XM's instructions to telemarketing vendors as such records do not address its own policies and procedures.*

**REQUEST NO. 76**: Produce all DOCUMENTS, ESI, reports or records YOU, or someone on your behalf, maintained as an internal do-not-call list from November 29, 2018, to the present.

**RESPONSE TO REQUEST NO. 76**: Sirius XM objects to this Request on the grounds of burden, relevance and proportionality. The requested information is retained electronically, in computer files, programs and bases that cannot reasonably be accessed and produced, and in any event, cannot reasonably be transferred to and read by any computer to which Plaintiff and its counsel likely would have any access. Sirius XM also objects to this Request because it seeks the personal

identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements. In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers), pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

> *We reiterate the same points made with respect to Sirius XM's response to RFP Nos. 10, 11, and 24. The DNC lists are relevant so that Plaintiffs can perform an analysis of these records by cross-referencing the DNC lists with call logs to identify individuals that were registered on the DNC lists yet nonetheless received calls from Sirius XM, or vendors on its behalf, which post-date their addition. This is necessary to establish TCPA liability not only for the putative class, but also for the Plaintiffs themselves.*

**REQUEST NO. 81**: Produce all DOCUMENTS and ESI, spreadsheets, databases, and call logs that any third-party call center or telemarketer provided to you CONCERNING or RELATING TO TELEPHONE SOLICITATIONS made on behalf of YOU to any members of the DNC CLASS and I-DNC CLASS that included or referenced any methods for reporting on outgoing calls made, the content of those calls, the result of those calls, and the call treatment performed, including but not limited to spreadsheets, databases, and call logs recording any call disposition codes.

**RESPONSE TO REQUEST NO. 81**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification. Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and ESI." Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format. Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements. In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

> *We reiterate the same points made with respect to Sirius XM's response to RFP Nos. 10, 11, and 24. To be clear, responsive records include the quarterly reports and daily summaries that Sirius XM received from the telemarketing vendors over the class period.*

**REQUEST NO. 82**: Produce all DOCUMENTS and ESI CONCERNING or RELATING TO reports CONCERNING or RELATING TO inquiries, demands, claims, grievances, concerns, protests, or complaints made against YOU, by anyone (including but not limited to any consumers, customers, car dealers, or original equipment manufacturers) CONCERNING or RELATING TO a DIALED CALL to a landline telephone at any time from November 29, 2018 to the present. This

DOCUMENT request encompasses inquiries, demands, claims, grievances, concerns, protests, or complaints presented all forms of COMMUNICATIONS – either in writing or orally, formal or informal, to YOU or a THIRD PARTY.

**RESPONSE TO REQUEST NO. 82**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification. Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and ESI." Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format. Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements. In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

*We reiterate the same points made with respect to Sirius XM's response to RFP Nos. 10, 11, and 24. To be clear, responsive records include the quarterly reports and daily summaries that Sirius XM received from the telemarketing vendors over the class period. Further, this information is directly relevant to the issue of liability and to Sirius XM's willfulness in conducting the alleged TCPA violations. We must insist that you promptly produce all documents responsive to RFP No. 82.*

**REQUEST NO. 83**: Produce all DOCUMENTS and ESI CONCERNING or RELATING TO the POLICIES for raising any inquiries, demands, claims, grievances, concerns, protests, or complaints CONCERNING or RELATING TO a DIALED CALL to a landline telephone at any time from November 29, 2018 to the present, and all DOCUMENTS and ESI that concern or relate to YOUR procedures for investigating and addressing such complaints during such time period.

**RESPONSE TO REQUEST NO. 83**: Sirius XM objects to this Request on the grounds that it is premature prior any potential order regarding class certification. Sirius XM also objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for production of "all documents and ESI." Sirius XM also objects to this Request on burden, relevance and proportionality grounds and because Sirius XM does not maintain the requested information in a readily accessible format. Sirius XM also objects to this Request because it seeks the personal identifying information of numerous Sirius XM subscribers, the disclosure of which raises substantial privacy and security issues; such disclosure of putative class member identifying information cannot be made absent appropriate confidentiality and data privacy and security protocols that follow all state and local requirements. In addition, such information, to the extent it is within Sirius XM's possession, custody or control, may have been provided to Sirius XM by third party suppliers (e.g., vehicle manufacturers or dealers) pursuant to confidentiality agreements, the disclosure of which may violate such agreements.

*We reiterate the same points made with respect to Sirius XM's response to RFP No. 82.*

12

**REQUEST NO. 84**: Produce all "Telemarketing performance reports" covering the period November 29, 2018 to the present.

**RESPONSE TO REQUEST NO. 84**: Sirius XM objects to this Request on the grounds that it is vague and ambiguous and unclear as to what the phrase "Telemarketing performance report" refers to. On that basis, Sirius XM will not respond to this Request.

> *As you are well aware, this request concerns the quarterly reports and daily summaries that Sirius XM received from the telemarketing vendors over the class period.*

*****************

We are committed to working with Sirius XM as part of the meet and confer process, however, we need to move this litigation forward.  As such, we look forward to Sirius XM informing us during the upcoming meet and confer on October 2, 2023 whether it intends to revise its responses and produce the critical documents we have requested.  If Sirius XM continues to refuse to produce the documents responsive to our RFPs, then we will have no choice but to make a motion to compel production of same, as well as its proposed restrictions on using the requested information.

We look forward to hearing from you.  If you would like to discuss any of the above before October 2, please feel free to contact me.

Sincerely yours,

Mason A. Barney

*Attorney for Plaintiffs*

CC:    Lee Armstrong (laarmstrong@jonesday.com)
        Thomas Demitrack (tdemitrack@jonesday.com)
        Daniel Hutchinson (dhutchinson@lchb.com)
        Jahi Liburd (jliburd@lchb.com)
        Carl Draper (cdraper@feldman-wasser.com)
        Jarrett Ellzey (Jarrett@hughesellzey.com)
        Kyle McLean (kmclean@sirillp.com)

**EXHIBIT D**

# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

DIRECT NUMBER: 212-326-7808
AWAKS@JONESDAY.COM

October 16, 2023

**VIA EMAIL**

To:  Counsel for the Plaintiffs on the service list set out below

 Re: _Campbell et al. v. Sirius XM Radio Inc._, No. 22-cv-02261 (C.D. Ill.)

Dear Counsel:

 This letter responds to the letter we received from you on September 29, 2023 (the "September Letter").  This letter is not intended to address all the issues previously raised in our September 20 letter or in your letter of October 9 to which we responded by separate letter.  Reference is made in this letter to Sirius XM's August 23, 2023 Responses and Objections to Plaintiffs' Set of Requests for Production of Documents and Electronically Stored Information (the "Responses & Objections").

  A. <u>**Global Issues Related to the Draft Confidentiality Order and ESI Protocol, and Document Collection Issues Generally**</u>

 **Confidentiality Order.**  Please refer to the comments to the draft Confidentiality Order that we are sending concurrently with this letter, which includes additional comments and edits in response to the version we received from Plaintiffs on October 2.  As we explained to you during the October 2 call, Sirius XM cannot disclose PII without adequate assurances that the data will be handled with appropriate care and in accordance with applicable laws, regulations, and industry standards.

 **ESI Protocol and Document Collection Issues.**  The applicable standards are contained in the Sedona Principles, which generally leave  "the choice . . . within the producing party's sound discretion."  _Ford Motor Co. v. Edgewood Properties, Inc_., 257 F.R.D. 418, 427 (D.N.J. 2009).

 We have appropriately exercised that discretion, based on our analysis of Plaintiffs' discovery requests and our discussions with Sirius XM regarding the location within the company of documents responsive to those requests.  Based on those discussions, and as Sirius XM explained in its Responses & Objections, in every case but one, Sirius XM concluded that an appropriate scope of its search would "involve either retrieving responsive documents from a centrally-stored location or by making inquiries of an appropriate number of Sirius XM employees who could reasonably be expected to possess responsive, non-duplicative

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

information."  *See* General Objection No. 3.  As a result, and as we also explained in General Objection No. 4, "Sirius XM will not conduct a formal custodial search for documents or ESI unless specifically noted."

We have explained that the proposed scope of search—to which, we point out, Plaintiffs have raised no objections or challenges—is sensible and proportional to needs of the case considering the nature of the claims and defenses asserted.  Many of the documents that are responsive to your requests can be manually retrieved from centrally-stored locations or certain employee files; a further custodial search through voluminous electronic records would not be expected to yield any additional responsive documents.  And, for documents collected via a targeted manual collection, many of the terms of the proposed ESI protocol do not reasonably apply.

Nor do we believe that, with respect to the documents that we agreed to search for and produce, there is any reason to suggest that metadata is required or helpful to you, especially in view of the categories of documents Sirius XM will produce, such as copies of executed agreements, quarterly compliance certificates, copies of Sirius XM's customer agreement, and copies of materials sent to Sirius XM consumers, dealers and other entities.  Those documents all can be well understood without metadata.  In this regard, the commentary to the Sedona Conference Principle 12 states that the two "primary considerations" in evaluating whether metadata should be supplied are the need for and probative value of the metadata, and the extent to which the metadata will "enhance the functional utility of the electronic information."  *See* Cmt. 12b.  Those considerations are not met here, as explained further below.

Nineteen (19) requests (RFP Nos. 1, 2, 3, 13, 14, 15, 16, 17, 18, 19, 20, 25, 28, 29, 30, 43, 45, 46, 68) seek documents pertaining specifically to the four named Plaintiffs.  There is no reasonable basis to search custodial files in order to respond to these requests; such a search would be unduly burdensome.  Until the initiation of this lawsuit, no corporate employee would have had documents in his or her individual files pertaining specifically to these four Plaintiffs (among the hundreds of millions of Sirius XM subscribers).  We do agree in this regard to retrieve and produce data relevant to these Plaintiffs by querying relevant data from Sirius XM's databases; this is where responsive information would be located.

Seven (7) requests (RFP Nos. 32, 50, 77, 78, and 79, 80 and 85, which are exact duplicates of 78) essentially seek agreements, policies and contracts with (i) third-party vendors regarding outbound dialing and (ii) OEMs and dealers concerning vehicles equipped with Sirius XM radios.  In response to all of these requests we agreed to conduct the search as outlined in our General Objection No. 3.  Sirius XM's production of documents in response to these requests will consist primarily of PDF copies of contracts and other agreements, all of which are clearly identified and dated on their face.  Based on our internal investigation, we have concluded that a custodial search through electronic documents would be unduly burdensome and will not yield any additional responsive documents.  Nor do we see a reason for any metadata collection; there

is no reason to believe that metadata would aid in Plaintiffs' review and understanding of the documents.

Eight (8) requests (RFP Nos. 7, 9, 33, 40, 47, 56, 71, 84) ask for specific documents that can be manually located. Although some of these requests specify that they seek "ESI concerning or relating to," we objected to any custodial collection as unduly burdensome and, again, Plaintiffs did not object. RFP 9 simply asks for "all phone scripts, conversation templates, conversation flowcharts, matrixes, flowcharts, and all other similar" documents used in outbound dialing. RFP 33 asks for any "investigations, inquiries or studies" regarding Sirius XM's TCPA compliance. RFP 84 asks for "telemarketing performance reports." In these cases, Sirius XM explained its search parameters and will produce any such scripts or templates (per RFP 9), investigations, inquiries or studies (per RFP 33), and quarterly compliance certificates (per RFP 84). Here, too, and based on our internal investigation, we have concluded that a custodial search through electronic documents will not yield any additional responsive documents. Nor do we see a reason for any metadata collection; there is no reason to believe that metadata would aid in Plaintiffs' review and understanding of the documents. Likewise, RFPs 40 and 47 essentially seek organizational charts and RFPs 7 and 56 seek data retention policies; all of these documents again are most appropriately subject to targeted searches. RFP 71 was simply a "catchall request."

Thirteen (13) requests (RFP Nos. 4, 6, 12, 42, 51, 52, 53, 54, 55, 57, 58, 59, 83) seek documents concerning outbound telemarketing policies and procedures and training materials related to outbound dialing. Although some of these requests specify that they seek "ESI concerning or relating to," we objected to any custodial collection and, again, Plaintiffs did not object. We are producing the policies and procedures and training materials to the extent they exist. Based on our internal investigation, we have concluded that a custodial search through electronic documents will not yield additional responsive documents. Nor do we see a reason for any metadata collection; there is no reason to believe that metadata would aid in Plaintiffs' review and understanding of the documents. (Plaintiffs challenged Sirius XM's response to RFP 83. We explain our response to 83 in the section below.)

Three (3) requests (RFP Nos. 26, 27, 31) seek documents evidencing that Sirius XM has an EBR with putative class members and that Sirius XM had "express invitation or permission" to contact putative class members. Here, too, our investigation does not support a conclusion that responsive documents are likely to be in the email and custodial files of employees.

Four (4) requests (RFP Nos. 34, 36, 41, 82) seek documents concerning whether Sirius XM has received "requests, inquiries, demands, claims, grievances, concerns, protests, or complaints" (e.g., RFP 41) concerning outbound dialing practices or any documents concerning Sirius XM's compliance with the TCPA. We do not expect responsive files to be located in the email and custodial files of employees. (We further explain our response to RFP 82 in the final section of this letter.)

**Employee Mobile Devices.**  Separately, Plaintiffs suggested that Sirius XM should be searching "mobile devices and ESI or other data stored on mobile devices, including smart phones or tablets."  We disagree.  There is no basis to believe that employees used their personal phone lines, email accounts or other personal modes of communication to conduct business related to the claims and defenses in this lawsuit.  Sirius XM, moreover, cannot collect data from the personal devices of its employees.  *See, e.g.*, *In re Pork Antitrust Litig.*, 2022 WL 972401 (D. Minn. Mar. 31, 2022) (declining to force a company to collect and produce text messages from employees' personal phones, even where company had a "bring-your-own-device policy").

### B.   <u>Issues Raised in Your September Letter</u>

We now address the specific issues raised in your September Letter.  Due to the repetitive nature of the document requests, we group together our responses for efficiency.  For the avoidance of doubt, we reassert and incorporate by reference all of the prior General and Specific Objections raised in our Responses & Objections, unless specifically stated otherwise.  For efficiency, we do not reiterate all of those objections below.

### 1.   *Requests for the Internal DNC And National DNC Registry (RFP Nos. 5 & 76)*

As you clarified in your September Letter, these requests sought both Sirius XM's internal "Do-Not-Call" list and copies of the National "Do-Not-Call" Registry.  We take each in turn.

<u>Sirius XM's Internal "Do-Not-Call" List.</u>  Company records establish that none of the Plaintiffs ever made a DNC request to Sirius XM.  For this reason (and coupled with the totally barebones, conclusory, vague, and identical-to-each-other allegations of DNC requests allegedly made years ago), not one of the named Plaintiffs is an adequate representative for any of the internal DNC classes.  We will be moving to strike these class allegations if Plaintiffs will not agree to do so voluntarily.  For this reason (as well as those raised in our Responses & Objections) Sirius XM will not produce an internal "Do-Not-Call" List.

<u>National "Do-Not-Call" Registry</u>.  The National "Do-Not-Call" Registry is not a document or database belonging to Sirius XM, but a database that is maintained by the FTC and equally accessible by Plaintiffs.  Indeed, during our October 2 call, Daniel stated that Plaintiffs' experts have access to the National DNC Registry.  We fail to understand why Plaintiffs now insist that Sirius XM should produce this publicly-available database.  It was not provided in *Buchanan*, for example.  Moreover, it would be impractical for Sirius XM to update and re-produce a government database that changes on a daily basis.  In any event, production of such data would cause Sirius XM to violate the terms of the agreements under which it receives access to such data.

### 2.        Requests for Call Logs and Lists (RFP Nos. 10, 11, 23, 24, 37, 38, 44, 49, & 81)

All of these requests are largely duplicative and generally seek call logs of all consumers who received telemarketing calls on behalf of Sirius XM since November 29, 2018.  (We address some of the variation in these requests below.)  Notwithstanding our objections, which we are not waiving, and subject to an Agreed Confidentiality Order and upon Court Order, Sirius XM is willing to produce a .txt or .csv file of calls made during a randomly selected month of the class period.  For the records it does provide, Sirius XM offers the following data fields:  (1) number dialed, (2) date of call, (3) time of call, (4) duration of call, (5) vendor who placed the call, (6) whether purchase was made, (7) the caller ID number, and (8) call disposition.  Sirius XM is further willing to provide, for all relevant calls made during the relevant time period, a listing of call disposition codes applied to each call and the counts of each disposition code.  (This also will address Plaintiffs' requests related to numerosity.)

RFP 10 sought specifically the production of "a database."  To be clear, this request for a database – rather than information queried from that database – is overly burdensome and entirely untethered to the needs of the case.  There is no basis to suggest Plaintiffs need access to Sirius XM's entire consumer database, which changes on a daily basis and in any event would contain mountains of sensitive business and consumer information unrelated to this case.

RFP 11 sought call logs as noted above, but also specifically requested "(a) the initiating telephone number; (b) the telephone number which was called; (c) the dates on which such calls were made; (d) the time at which calls were initiated; (e) the identity of the person called; (f) the telephone numbers and/or addresses of the called party as reflected in any sale or lease records or customer data provided to YOU or YOUR contractor by any car dealer; (g) whether the called number was or was not assigned to a cellular telephone or landline."  Many of these fields, such as the address of the called party and whether the number is cell or land, are irrelevant and unnecessary.

RFP 23 specifically asks for a document "evidencing the number of individuals" called.  Your September Letter noted that "the number of individuals who received calls in alleged violation of the TCPA is necessary to establish the numerosity prong for class certification."  As you are aware, on a prior meet and confer we offered to stipulate to numerosity.  In any event, this request is duplicative of others.

RFP 38 appears to request separate "reports for each outbound dial list," although Plaintiffs appear to have abandoned that part of the request or conceded its irrelevance as all your September Letter does is "reiterate the same points made with respect to Sirius XM's response to RFP Nos. 10, 11, and 24."

RFP 44 specifically asks for data that shows "the number of times such telephone number was called."  We address this request above.  RFP 49 is similar, but in your September Letter,

JONES DAY

Plaintiffs state that they are also asking for the "quarterly reports and daily summaries" that Sirius XM received from vendors.  As stated elsewhere, we plan to produce the quarterly compliance certificates.

As for RFP 81, based on the explanation provided in your September Letter, we are unclear what the request seeks.  To the extent it seeks, as you suggest, "quarterly reports," Sirius XM intends to produce those (as explained below).  To the extent it requests something else, we need to understand what you are seeking.

### 3. Requests for Documents Implicating Prior Express Written Consent (RFP No. 48)

This request asks for documents that Sirius XM uses to determine whether the individuals assigned to the telephone numbers to be called had provided Sirius XM with Prior Express Written Consent, and the request specifically asks for any "electronic notations in outbound dial lists that the called party provided PEWC."  Sirius XM agrees to produce all documents it intends to rely on to support its EBR/PEWC positions.  This request, however, asks for call logs "with a notation that there was PEWC."  Sirius XM does not maintain such notations in databases and thus, Sirius XM has no documents responsive to this request as it is worded.

### 4. Documents Evidencing the Manner in which Phone Numbers are Obtained (RFP Nos. 21 & 22)

We refer back to our Responses & Objections.  In your September Letter, you indicated that Plaintiffs would accept a "list of the OEMs, automobile dealers, and other third parties … for which Sirius XM contracted with to receive information about its subscribers" and "copies of the contracts."  Sirius XM has already agreed to produce such contracts in response to other requests.

### 5. Requests for Document Retention Policies (RFP No. 56)

In your September Letter, Plaintiffs clarified that they seek Sirius XM's data retention policies that relate to the retention of telemarketing call records.  As you are aware, Sirius XM does not directly telemarket to any consumers; rather, third-party telemarketing vendors place these calls.  As such, records of outbound telemarketing calls would be in the possession, custody and control of the third-party telemarketing vendors and subject to their own data retention policies.

Separately, Sirius XM retains logs of interactions with customers in its "Marketing Database" or "MDB."  Data is retained in the MDB for a period of 7 years; data more than 7 years old is still retained by the company, but it is moved to backup tapes that are not easily accessible.

JONES DAY

**6.     *Requests for Inquiries, Complaints, Etc. Against Sirius XM Related to Outbound Dialing (RFP Nos. 82 & 83)***

RFP 83 asks for documents concerning policies for raising inquiries, demands, claims, grievances, complaints, etc., concerning dialed calls and Sirius XM's procedures for investigating such inquiries.  Upon review of our Responses & Objections, we amend that response to also refer to and repeat the response Sirius XM provided to RFP 42 (which was not raised in your September Letter) as RFP 42 is similar to 83.

RFP 82 asked for the inquiries, demands, claims, grievances, complaints, etc., themselves.  Your September Letter indicated that Plaintiffs view "quarterly reports and daily summaries from vendors" as responsive to this request, and we have agreed to produce them. Sirius XM also agrees to search for and produce any Better Business Bureau ("BBB") complaints or complaints it has received from State agencies, to the extent they exist and relate to the company's do-not-call practices.

**7.     *"Telemarketing Performance Reports" (RFP No. 84)***

In your September Letter, you clarified that this request sought the "quarterly reports and daily summaries."  Sirius XM intends to produce responsive, non-privileged Quarterly Compliance Certificates for the relevant time period.

\*        \*        \*

Please let us know if you would like to schedule a meet and confer to discuss these matters or if you prefer to respond by written letter in the first instance.

Sincerely,

*/s/ Allison L. Waks*

Allison L. Waks

JONES DAY

Service list:

Daniel M. Hutchinson, Esq.
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
(415) 956-1000
dhutchinson@lchb.com

Jarrett L. Ellzey, Esq.
ELLZEY & ASSOCIATES, PLLC
1105 Milford St.
Houston, TX 77006
(888) 350-3931
Jarrett@ellzeylaw.com

Mason A. Barney, Esq.
SIRI & GLIMSTAD LLP
200 Park Avenue, 17th Floor
New York, NY 10016
(212) 532-1091
mbarney@sirillp.com
lcarroll@sirillp.com

Carl R. Draper
FELDMAN WASSER
1307 South 7th Street
Springfield, IL 62703
(217) 544-3403
cdraper@feldman-wasser.com

**EXHIBIT E**

**Lieff**
**Cabraser**
**Heimann&**
**Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

October 27, 2023

Daniel M. Hutchinson
Partner
dhutchinson@lchb.com

**VIA EMAIL**

Allison L. Waks
JONES DAY
250 Vesey Street
New York, NY 10281
awaks@jonesday.com

RE:    *Campbell, et al. v. Sirius XM Radio, Inc.*, Case No. 2:22-cv-02261

Dear Counsel:

We write in response to Sirius XM Radio, Inc.'s ("Sirius XM") October 16, 2023 letter. As a general matter, Sirius XM agreed it will produce certain documents, but reiterates many of the same objections to producing documents that it lodged in its August 23, 2023 Responses and Objections to Plaintiffs' Requests for Production of Documents and Electronically Stored Information. The Parties have now engaged in several rounds of telephonic meet and confers and written correspondence, but Sirius XM's position has not appeared to have changed in any significant manner. Plaintiffs request that Sirius XM confirm whether it is standing on its objections. If the Parties have reached an impasse, Plaintiffs intend to move the Court for appropriate guidance.

The Confidentiality Order

On July 7, 2023, Plaintiffs proposed a confidentiality order based on the Court's Model Confidentiality Order. Sirius XM proposed additional provisions that varied greatly from the Model Confidentiality Order, including a series of encryption requirements for the Sirius XM telemarketing call records at the heart of this lawsuit. Plaintiffs largely agreed to Sirius XM's proposed confidentiality provisions. For example, Plaintiffs agreed to (1) treat consumer telephone numbers as confidential; (2) apply a series of encryption processes when transmitting consumer telephone numbers; (3) maintain consumer telephone numbers in a secure manner when at rest by applying "at least the same degree of care in the storage, custody, or use" as Plaintiffs' counsel and/or our experts utilize for other telephone numbers "of the same or comparable confidentiality and sensitivity"; and (4) comply with all applicable data protection laws. In other words, Plaintiffs' Counsel have agreed to provide at least the same level of protection—or more—that we apply to our own data and/or to consumer telephone numbers produced in dozens of other TCPA class actions, including the *Buchanan* case.

Allison L. Waks
October 27, 2023
Page 2

Plaintiffs made these concessions even though, as we noted in Plaintiffs' September 29 Letter, telephone numbers *in the context of discovery* are generally not considered confidential. *See Thurby v. Encore Receivable Mgmt., Inc.*, 251 F.R.D. 620, 622 (D. Colo. 2008) (holding that personal contact information is not confidential); *Plastic the Movie Ltd. v. John Doe Subscriber Assigned IP Address 24.0.105.163,* No. CIV. 15-2446 JHR/JS, 2015 WL 4715528, at *1 (D.N.J. Aug. 7, 2015) (holding that names, addresses and phone numbers are "not privileged or confidential" because people regularly provide such information to third parties and therefore "do not have a reasonable expectation of privacy" in such information (internal quotations omitted)). This data does not include any sensitive financial information, social security numbers, or medical information. Rather, it includes telephone numbers – information that is generally publicly available from any number of sources, including (as Sirius XM notes) the National Do Not Call list.

Sirius XM, however, has sought to include vague or unnecessary provisions in the confidentiality order that would hinder Plaintiffs' ability to process the data. So long as the data remains secure, Plaintiffs' Counsel and/or their experts must have discretion to access and use consumer telephone numbers in the manner they deem sufficient. Thus, Plaintiffs will not agree to any provisions that suggest or require that Plaintiffs must apply file or folder encryption to consumer telephone number data "at rest". Such granular encryption would be unnecessary, inappropriate, and (in our experience) inconsistent with standard industry practices. It would inhibit the use of consumer telephone numbers by Plaintiffs' experts and make litigation more burdensome and costly than necessary. Notably, Sirius XM's proposed encryption provisions do not require Sirius XM or *its* experts to apply *any* security processes when storing, maintaining, or using consumer telephone numbers. Plaintiffs do not agree to this one-sided provision proposed by Sirius XM.

In addition, Sirius XM has proposed adding a provision that requires Plaintiffs to maintain consumer telephone numbers in a platform that "applies standard industry practices regarding data security." This language is unnecessary and vague. It is unnecessary because the confidentiality order already requires Plaintiffs to comply with all applicable data protection laws and follow specific practices. If Sirius XM has any other "standard industry practices" in mind, it should simply specify what those are so that Plaintiffs may consider them.

It is vague because the Parties clearly disagree about what processes constitute "standard industry practices." Including this vague term will not resolve that disagreement and instead would lead to more disputes. Plaintiffs already follow all standard industry practices regarding data security. In fact, we have maintained nearly identical call data in dozens of other TCPA cases, and consumer data in literally hundreds of cases. Plaintiffs therefore do not agree to this unnecessary term.

Production of "Non-Custodial" Documents and ESI

Plaintiffs' Requests specified that: "All DOCUMENTS are to be produced in a mutually agreed-upon, computer-searchable format. DOCUMENTS shall be produced along with ALL

Allison L. Waks
October 27, 2023
Page 3

metadata that would significantly aid the receiving party in understanding OR using the DOCUMENTS." Sirius XM's Responses and Objections did not object to that Instruction. In fact, they did not mention metadata at all. Sirius XM has therefore waived any objection to producing metadata.

Despite the lack of any objection, Sirius XM's October 16 letter suggests for the first time that it will not produce metadata for non-custodial documents. *See* October 16 Letter at p. 2. Sirius XM's proposal to strip and not produce the metadata for relevant and responsive documents is unacceptable.

As merely one example, Plaintiffs have alleged that Sirius XM did not implement policies and procedures sufficient to comply with the TCPA following the *Buchanan* litigation. Metadata for Sirius XM's responsive documents will show, among other things, the authors, dates, and any changes related to Sirius XM's policies and procedures. Stripping the metadata would materially change these documents, remove relevant and discoverable information, and render them less usable.

Sirius XM must produce all "non-custodial" documents in the mutually agreed-upon, computer-searchable format specified in the ESI protocol with all metadata intact. If Sirius XM produces "non-custodial" documents without the metadata specified in the ESI protocol, Plaintiffs will move to compel and seek appropriate sanctions if appropriate.

Production of "Custodial" Documents and ESI

Sirius XM maintains that it can comply with its discovery obligations without searching any emails or other custodial documents and ESI. We find this assertion dubious. For many of the same reasons that metadata is essential, a custodial search of the authors, recipients, and persons most knowledgeable about Sirius XM's relevant and responsive documents and ESI is warranted. Again, as merely one example, any correspondence regarding Sirius XM's policies and procedures is relevant to Plaintiffs' allegation that Sirius XM did not implement policies and procedures sufficient to comply with the TCPA following the *Buchanan* litigation. While Sirius XM asserts that a manual search is appropriate, a custodial search is a recognized best practice to ensure that relevant and responsive documents are produced.

Moreover, an incomplete search and production will only entail more work for the parties—and specifically Sirius XM—as additional searches will be required if the manual search proposed by Sirius XM does not identify all responsive documents.

Mobile Devices

There has not been any discovery conducted regarding whether relevant and responsive documents exist on mobile devices. Therefore, Plaintiffs are not insisting that Sirius XM search mobile devices. But, Plaintiffs also will not agree to forgo any such searches. Rather, Plaintiffs

Allison L. Waks
October 27, 2023
Page 4

reserve the right to demand such searches if evidence suggests that responsive documents exist on mobile devices.

To be clear, however, Plaintiffs believe that Sirius XM should search key custodians' text messaging for relevant responsive text messages, regardless of whether such information exists on the custodian's mobile device. Likewise, the foregoing understanding regarding mobile devices is not intended to relieve Sirius XM of its obligation to search other information repositories within its possession, custody, or control, that are also capable of being accessed on mobile devices via apps on those devices (e.g., Slack channels, corporate Discord channels, etc.).

Internal Do Not Call List (RFP No. 5 & 76)

Sirius XM has not responded to the substance of Plaintiffs' September 29 Letter, which explained in detail why Sirius XM's Internal Do Not Call list is relevant and discoverable. Instead, Sirius XM asserts "none of the Plaintiffs ever made a DNC request to Sirius XM" and threatens a second motion to strike class allegations. As set forth in the Class Action Complaint and Plaintiffs' discovery responses, Sirius XM's assertion is not true because Plaintiffs attempted to stop Sirius XM's telemarketing calls. As the Court already noted in denying Sirius XM's prior motion to strike class allegations, any challenge to Plaintiffs' class allegations "is 'more appropriately addressed in the context of a motion for class certification,' after discovery has been conducted" Dkt. 16 at 14 (quoting *Meza v. Sirius XM Radio Inc.*, 2020 WL 905588, at *5 (S.D. Cal. Feb. 25, 2020).

If Sirius XM does not produce its internal call list, Plaintiffs will move to compel.

National Do Not Call List (RFP No. 5)

Sirius XM states that it "fail[s] to understand why Plaintiffs insist that Sirius XM should produce" any version of the DNC used by or on behalf of Sirius XM. However, Plaintiffs' September 29 Letter clearly explained that the DNC lists are relevant to Sirius XM's liability and willfulness. Plaintiffs alleged that Sirius XM called them and other Class Members despite the inclusion of their telephone numbers on the National DNC list. Any DNC list used by Sirius XM is relevant and discoverable to show, among other things, whether Sirius XM used any DNC list prior to calling Plaintiffs and Class Members, which DNC list it used, and how often it updated the DNC list. Plaintiffs cannot determine what process Sirius XM used—and whether that process was appropriate—without its actual DNC list. Please confirm that Sirius XM will produce any relevant and responsive DNC list(s).

Sirius XM's Call Logs, Lists, and Reports (RFP Nos. 10, 11, 23, 24, 37, 38, 44, 49, 81, & 84)

Sirius XM has agreed to produce responsive data for a one-month period including the data fields: (1) number dialed, (2) date of call, (3) time of call, (4) duration of call, (5) vendor who placed the call, (6) whether purchase was made, (7) the caller ID number, and (8) call disposition. Sirius XM has also offered to produce a listing of call disposition codes and the

Allison L. Waks
October 27, 2023
Page 5

counts of each disposition code for all calls made during the relevant time period.  And, Sirius XM confirmed it will produce responsive reports, including its quarterly reports.  Thank you for clarifying Sirius XM's position with this offer.

For the reasons we explained on our October 17 call, a date limitation on the data production is not appropriate.  Call data is routinely produced in TCPA cases.  *See, e.g.*, *Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 U.S. Dist. LEXIS 157579 at *8-*12 (N.D. Ill. June 13, 2011) (granting plaintiffs' requests for a call list); *Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500, 503-504 (N.D. Ill. 2009) (granting plaintiffs' request for defendant's call logs); *Whiteamire Clinic, P.A. v. Quill Corp.*, 2013 WL 5348377, at *2 (N.D. Ill. 2013) (granting plaintiff's request for call list because "the information plaintiff seeks...is clearly relevant to class discovery; specifically to the issues of numerosity, commonality, and typicality").  In our experience, such production requires a straightforward data pull.  It is more costly and burdensome to compile and extract a single month of data now and do yet another data pull for class certification than it would be to do a data pull for the complete liability period now.

With regard to the data fields to be included, we are willing to consider limiting the number of fields extracted so long as Sirius XM provides sufficient information to make an informed determination.  Please identify the full list of data fields in Sirius XM's databases and provide all data dictionaries for Sirius XM's databases.  In particular, please identify the codes and the explanation for the "call disposition" field.  Providing such information before a data pull will benefit all parties and reduce the likelihood that multiple data pulls may be necessary.

Sirius XM's October 16 Letter does not contest, and therefore concedes, that the identity of the persons called is relevant.  Such information should be produced for the reasons explained in Plaintiffs' September 29 Letter.

Request Nos. 44, 49, 81, and 84 include, but are not limited to, all reports or summaries concerning or relating to Sirius XM's telemarketing calls.   Sirius XM confirmed it will produce quarterly reports.  Please confirm that Sirius XM will produce all other reports and/or summaries, to the extent any exist.

Purported Prior Express Written Consent (RFP No. 48)

Sirius XM has agreed to produce "all documents it intends to rely on to support its EBR/PEWC positions.  Sirius XM confirms that does not maintain any notation as to whether there was PEWC in any database.

Obtaining Telephone Numbers from Consumers (RFP Nos. 21 & 22)

Sirius XM confirms it will produce contracts evidencing how it obtained consumer telephone numbers from OEMs, automobile dealers, and other third parties. To the extent any document listing such entities exists, Sirius XM must provide that as well rather than expecting Plaintiffs to compile a list.

Allison L. Waks
October 27, 2023
Page 6

<u>Document Retention Policies (RFP No. 56)</u>

Sirius XM confirms that the retention period for its Marketing Database (MDB) is seven years.  Sirius XM's original response stated that "Sirius XM will search for and produce any non-privileged policies and instructions."  Please produce the document(s) confirming that data retention policy.

With regard to the telemarketers that made calls on behalf of Sirius XM, Sirius XM contends that the records of outbound telemarketing calls and retention policies are with the telemarketers.  Any such documents are also within Sirius XM's possession, custody, or control.  If Sirius XM contends otherwise, please confirm in writing so that Plaintiffs may raise that contention with the Court.

<u>Complaints (RFP Nos. 42, 82, & 83)</u>

RFP Nos. 42, 82, & 83 include: (1) Sirius XM's policies for raising any inquiries, demands, claims, grievances, concerns, protests, or complaints related to its telemarketing calls, (2) the actual inquiries, demands, claims, grievances, concerns, protests, or complaints, and (3) any report, response, or other documents related to the policies, inquiries, demands, claims, grievances, concerns, protests, or complaints.  Please confirm that Sirius XM is not withholding any documents based on its objections.

****************

As we stated in Plaintiffs' September 29 Letter, we need to move this litigation forward.  We look forward to Sirius XM confirming whether it will revise its responses and produce the critical documents we have requested.  If Sirius XM stands on its objections, we believe that now is the appropriate time to seek Court guidance through a motion to enter a confidentiality order, ESI protocol, and/or compel production, as explained above.

We look forward to hearing from you and are available to speak at your convenience.

Very truly yours,

Daniel M. Hutchinson

2875784.2

**EXHIBIT F**

# JONES DAY

250 VESEY STREET  •  NEW YORK, NEW YORK  10281.1047

TELEPHONE: +1.212.326.3939  •  JONESDAY.COM

DIRECT NUMBER:  212-326-7808
AWAKS@JONESDAY.COM

November 10, 2023

**VIA EMAIL**

To:  Counsel for the Plaintiffs on the service list set out below

  Re: _Campbell et al. v. Sirius XM Radio Inc._, No. 22-cv-02261 (C.D. Ill.)

Dear Counsel:

  This letter responds to the letter we received from you on October 27, 2023, regarding Sirius XM's discovery responses.

**Confidentiality Order**

  We understand there to be two remaining disputes regarding the Confidentiality Order: first, as to the requirement that plaintiffs encrypt data at rest; second, as to the language requiring that Consumer PII be maintained in a secure document platform that "applies standard industry practices regarding data security."

  We are willing to not require the encryption for data at rest language so long as there are assurances from plaintiffs' counsel that any data designated as Consumer PII is stored only in an already secured drive or database, such as a Relativity database, or a drive with restricted access, and not stored on an unsecured USB drive, as a loose laptop file, or the like.  We would want to know the nature of the secured drive or database that you would propose to use if it is not Relativity.

  We suggest changing the at-issue language regarding industry standards to as follows: "Consumer PII in electronic form shall be maintained in a secure document <u>platform in accordance with reasonable security standards, the details of which shall be conveyed for review and approval by the Receiving Party to the Producing Party</u>."

  Please let us know if this resolves what we believe to be the remaining issues on the Confidentiality Order.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

**Production of "Non-Custodial" Documents and ESI**

As we have explained, many of your document requests call for the production of pdf documents that are centrally located.  Production of metadata on those pdfs is both unnecessary and unhelpful considering the inherent unreliability of metadata on a pdf and due to the nature and location of these pdf documents.  We maintain our position as articulated in our October 16 letter; nevertheless, in the interest of compromise, we will agree to provide (i.e. not withhold) whatever metadata is contained within these pdf documents at the time they are collected for production.

We are not waiving and have not waived anything in this regard.  Our discovery responses made clear our position as to what we would and would not produce, and we clearly described what we were agreeing to produce, including our position regarding metadata in pdf documents.

**Production of "Custodial" Documents and ESI**

Sirius XM responded to plaintiffs' first set of document requests on August 28, 2023 (the "RFP Responses").  Thereafter, the parties exchanged multiple rounds of discovery letters; yet, you still have not articulated what concerns plaintiffs have regarding the RFP Responses in which Sirius XM agreed to conduct a search for and produce responsive, non-privileged documents.  (For that reason alone, you have waived twice over whatever concerns you now have.)  You now, nevertheless, broadly take issue with whether the documents Sirius XM will produce will be custodial or non-custodial and whether and to what extent they will include ESI; but we cannot constructively respond when you have not identified any specific issues that we can address.

For example, your September 29 letter raised issues only with the following 18 RFPs: Nos. 5, 10, 11, 21, 22, 23, 24, 37, 38, 44, 48, 49, 56, 76, 81, 82, 83, and 84.  Eleven of those 18 requests related to Sirius XM's call logs (Nos. 10, 11, 23, 24, 37, 38, 44, 49, and 81), the Sirius XM internal DNC list (No. 76), or the National DNC Registry (No. 5).  We objected to production of documents in response to these requests, and those RFPs are dealt with separately in this letter.  In any case, the parties acknowledge that the information responsive to these requests would be in the form of call logs, not custodial or other non-custodial documents.  The other seven RFPs (Nos. 21, 22, 48, 56, 82, 83, and 84) have already been adequately addressed in our letter exchanges.

Your October 27 letter again raised issues only with those same RFPs.  So we cannot now respond to this section of your letter without understanding which of our RFP Responses – in which we agreed to conduct a search for documents – you now, for the first time, find objectionable.  For example, we explained that 19 of your document requests (Nos. 1, 2, 3, 13, 14, 15, 16, 17, 18, 19, 20, 25, 28, 29, 30, 43, 45, 46, and 68) seek documents pertaining

specifically to the four named plaintiffs, and that there simply is no reasonable basis to assume that responsive documents will be located in any employees email files (not to mention their personal cell phones).  You haven't told us why we should be required to do more, especially when we have explained in detail why such a search is not expected to yield any responsive, relevant documents beyond what our proposed search would yield.  As a second example, we also explained that seven of your document requests (Nos. 32, 50, 77, 78, 79, 80, and 85) seek agreements, policies and contracts with (i) third-party vendors regarding outbound dialing and (ii) OEMs and dealers concerning vehicles equipped with Sirius XM radios.  We agreed to produce those documents.  We do not understand what more plaintiffs are asking Sirius XM to do.

**Mobile Devices**

This issue seems closed.  Your letter states that "Plaintiffs are not insisting that Sirius XM search mobile devices" but that you "reserve the right to demand such searches if evidence suggests that responsive documents exist on mobile devices."  And, as we've explained, to the extent that plaintiffs seek to pursue an issue in the future, we have already set forth our objections.

You then write that "Plaintiffs believe that Sirius XM should search key custodians' text messaging for relevant responsive text messages, regardless of whether such information exists on the custodian's mobile device."  We do not understand what you asking.

Finally, as we have stated previously and as we've commented in the draft ESI protocol, we disagree that it is appropriate and necessary or proportional to the needs of the case to search for information on Slack and similar channels.  As we explained in great length in our October 16 letter, the lion's share of your document requests seek documents that are readily identifiable in manual searches.

**Internal Do-Not-Call List (RFP No. 5 & 76)**

Contrary to your assertion, we did explain why the production of the internal do-not-call list is not relevant or discoverable: not one named plaintiff is an adequate class representative for any internal DNC class.

**National Do-Not-Call List (RFP No. 5)**

For the reasons we've already stated, Sirius XM cannot feasibly produce the numerous iterations of the Federal Government's National Do-Not-Call Registry, which we do not maintain, and which you acknowledge you already have.

**Sirius XM's Call Logs, Lists, and Reports (RFP Nos. 10, 11, 23, 24, 37, 38, 44, 49, 81, & 84)**

Sirius XM will agree to produce a list of the data fields that are stored for outbound telemarketing calls and any data dictionary for those fields, to the extent such a dictionary exists.

We appear to be at an impasse regarding the call data we are willing to produce (upon entry of an appropriate Confidentiality Order and Court order). We disagree that there is any added burden and expense to producing call logs for only a subset of the class period rather than the entire class period. We think this is an appropriate compromise.

Separately, you asked in your letter for us to "confirm that Sirius XM will produce all other reports and/or summaries, to the extent any exist" in addition to the quarterly reports we already agreed to produce. This request is vague and ambiguous as to what it intends. It is overly broad and unduly burdensome to the extent it seeks any document that any individual employee might have, on his or her own accord, created that tangentially concerns any report or summary of "Sirius XM's telemarketing calls." And, by its terms, it seeks documents that are privileged.

Finally, you wrote that "Sirius XM's October 16 Letter does not contest, and therefore concedes, that the identity of the persons called is relevant." That is not true. See our discussion of RFP 11 in our October 16 letter which objected to other information (including identify of the called person) as irrelevant and unnecessary. We will not agree to produce the "identity of the persons called"; there is no basis to suggest that is relevant or necessary. In fact; you agreed this information was not necessary in *Buchanan*.

**Document Retention Policies (RFP No. 56)**

Sirius XM will search for, and if located, will produce a document explaining the retention policy for the Marketing Database.

Documents belonging to the telemarketing vendors are not relevant or necessary nor proportional to the needs of this case considering the records Sirius XM retains in the MDB. We have been clear in our position that we would not be producing documents belonging to the telemarketing vendors. *See* General Objection No. 3 to Sirius XM's Responses and Objections to Plaintiffs' First Set of RFPs.

**Complaints (RFP Nos. 42, 82, & 83)**

We don't understand this section of your letter. We just told you in our October 16 letter that we agreed to search for and produce any Better Business Bureau ("BBB") complaints or complaints it has received from State agencies, to the extent they exist and relate to the company's do-not-call practices (RFP 82). And we previously responded that we would search

JONES DAY

for and produce any non-privileged, responsive policies that are within [Sirius XM's] possession, custody or control based on a reasonable search for responsive documents (the scope of which was explained in General Objection No. 3).  If there is anything further you wish to discuss regarding these document requests, please be clear.

*     *     *

Please let us know if you would like to schedule a meet and confer to discuss these matters or if you prefer to respond by written letter in the first instance.  If you believe that we are now at an impasse on any or all of these issues, please confirm which issues you believe those are, and we can prepare to raise these with the Court.

Sincerely,

/s/ Allison L. Waks

Allison L. Waks

JONES DAY

Service list:

Daniel M. Hutchinson, Esq.
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
(415) 956-1000
dhutchinson@lchb.com

Jarrett L. Ellzey, Esq.
ELLZEY & ASSOCIATES, PLLC
1105 Milford St.
Houston, TX 77006
(888) 350-3931
Jarrett@ellzeylaw.com

Mason A. Barney, Esq.
SIRI & GLIMSTAD LLP
200 Park Avenue, 17th Floor
New York, NY 10016
(212) 532-1091
mbarney@sirillp.com
lcarroll@sirillp.com

Carl R. Draper
FELDMAN WASSER
1307 South 7th Street
Springfield, IL 62703
(217) 544-3403
cdraper@feldman-wasser.com