E-FILED
Friday, 10 January, 2025  08:51:24 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| JULIE CAMPBELL, DIANA BICKFORD, and KERRIE MULHOLLAND, individually and on behalf of themselves and all others similarly situated, | Case No. 2:22-CV-2261 |
| Plaintiffs, | Hon. Colin S. Bruce |
| v. | |
| SIRIUS XM RADIO, INC., | |
| Defendant. | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO RAISE DEFENSES AND FILE ANSWER

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................ 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............................. 3

    A.    The Telephone Consumer Protection Act .................................. 3

    B.    Plaintiffs' Telephone Consumer Protection Act Claims .......................... 3

    C.    The Parties Conduct Significant Discovery ................................ 4

    D.    SiriusXM Tried to Correct its "Mistake," but in so Doing it Violated Important Protections for Settlement Discussions .................... 6

LEGAL STANDARD ......................................................................................... 7

ARGUMENT ....................................................................................................... 9

    I.    SiriusXM'S Affirmative Defenses Are Waived ......................... 9

    II.    SiriusXM Proffers No Excusable Neglect ............................... 9

        A.    SiriusXM's Negligence Alone is not Excusable Neglect ................. 9

        B.    SiriusXM has a Cavalier Approach to Litigation .................... 10

        C.    SiriusXM Needed to Show More Than a Lack of Prejudice to Plaintiffs ................................................................... 11

    III.    SiriusXM's Defenses Will Prejudice Plaintiffs ....................... 12

    IV.    The Proposed Defenses Are Not Plausible As Pled ................ 16

        A.    The EBR Defense Lacks Any Factual Allegations ................. 17

        B.    The Prior Consent Defense Fails to Satisfy the Standard Under the TCPA ................................................................. 18

        C.    The Due Process Defense is Not Plausible as Alleged ............. 20

        D.    As Pled Neither the Arbitration Nor the Class Waiver Defense is Plausible on its Face ...................................................... 21

    V.    Conclusion ................................................................... 21

3162597.1

# TABLE OF AUTHORITIES

**Cases**

*AOT Holding AG v. Archer Daniels Midland Co.*,
  No. 19-2240, 2020 U.S. Dist. LEXIS 257116 (C.D. Ill. Oct. 1, 2020).................................8, 17

*Brown v. Kelly Servs.*,
  No. 16 C 11152, 2017 U.S. Dist. LEXIS 58742 (N.D. Ill. Apr. 18, 2017).............................18

*Buchanan v. Sirius XM Radio, Inc.*,
  Case No. 3:17-CV-0728-D (N.D. Tex.)............................................................. *passim*

*Cavalieri v. City of Champaign*,
  183 F. Supp. 2d 1090 (C.D. Ill. 2002) ......................................................................9

*Cline v. American Airlines, Inc.*,
  No. 90-1096, 1991 U.S. App. LEXIS 2682 (7th Cir. Feb. 20, 1991) .......................................9

*Crue v. Aiken*,
  370 F.3d 668 (7th Cir. 2004) .................................................................................10

*Driveline Sys., Ltd. Liab. Co. v. Arctic Cat, Inc.*,
  936 F.3d 576 (7th Cir. 2019) .................................................................................16

*Easley v. Kirmsee*,
  382 F.3d 693 (7th Cir. 2004) .................................................................................12

*Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*,
  789 F.3d 730 (7th Cir. 2015) .................................................................................16

*Harrington v. City of Chicago*,
  433 F.3d 542 (7th Cir. 2006) ...............................................................................8, 11

*Hooker v. Sirius XM Radio, Inc.*,
  Case No. 4:13-cv-003 (E.D. Va.)...........................................................4, 10, 14, 21

*Hossfeld v. Allstate Ins. Co.*,
  726 F. Supp. 3d 852 (N.D. Ill. 2024) .....................................................................3, 19

*Howe v. Speedway LLC*,
  No. 1:19-CV-01374, 2024 U.S. Dist. LEXIS 176263 (N.D. Ill. Sep. 29, 2024) ..............16, 20

*Illinois Conf. of Teamsters & Emps. Welfare Fund v. Steve Gilbert Trucking*,
  71 F.3d 1361 (7th Cir. 1995) ...............................................................................7, 9

3162597.1

*J&J Sports Prods. v. Kotsopoulos*,
No. 1:13-cv-346-SLC, 2015 U.S. Dist. LEXIS 132395 (N.D. Ind. Sep. 30,
2015) ...........................................................................................................................8

*Kirgan v. FCA LLC*,
No. 10-1392, 2013 WL 1500708 (C.D. Ill. Apr. 10, 2013) ...................................7, 9

*In re Klarchek*,
509 B.R. 175 (Bankr. N.D. Ill. 2014) .......................................................................9

*Knutson v. Sirius XM Radio Inc*.,
771 F.3d 559 (9th Cir. 2014) ...........................................................................14, 21

*Lewis v. School Dist. # 70*,
523 F.3d 730 (7th Cir. 2008) .....................................................................................9

*Nationwide Gen. Ins. Co. v. Cather Grocery, Inc*.,
No. 19-cv-3276, 2020 U.S. Dist. LEXIS 51019 (C.D. Ill. Mar. 5, 2020)................8

*Niswander v. Price, Waicukauski & Riley LLC*,
No. 1:08-cv-1325-WTL-DML, 2010 U.S. Dist. LEXIS 119997 (S.D. Ind.
Nov. 10, 2010) ........................................................................................................11

*Ollison v. Wexford Health Sources*,
No. 17-1077, 2019 U.S. Dist. LEXIS 237603 (C.D. Ill. Sep. 13, 2019) ...............12

*Peters v. Wal-Mart Stores E., LP*,
512 F. App'x 622 (7th Cir. 2013) ...........................................................................11

*Postle v. Bath & Body Works, LLC*,
No. 13 CV 50374, 2015 U.S. Dist. LEXIS 15372 (N.D. Ill. Feb. 9, 2015) .....10, 11

*Retzlaff v. City of Cumberland*,
No. 09-cv-692-slc, 2010 U.S. Dist. LEXIS 53400 (W.D. Wis. May 27, 2010) .......9

*Royce v. Michael R. Needle P.C*.,
950 F.3d 939 (7th Cir. 2020) ...................................................................................14

*Sarkis' Cafe, Inc. v. Sarks in the Park, Ltd. Liab. Co*.,
55 F. Supp. 3d 1034 (N.D. Ill. 2014) ........................................................................8

*Tracy Atkinson, Atkinson v. Pro Custom Solar LLC*,
No. SA-21-CV-00178-OLG, 2022 U.S. Dist. LEXIS 158629 (W.D. Tex. Sep.
1, 2022) ....................................................................................................................19

*Tyner v. Hi.Q, Inc*.,
No. CIV-21-608-F, 2022 U.S. Dist. LEXIS 220099 (W.D. Okla. Dec. 7, 2022)....20

*United States v. Dish Network*,
    75 F. Supp. 3d 942 (C.D. Ill. 2014) ......................................................................12

*United States v. Dish Network L.L.C.*,
    954 F.3d 970 (7th Cir. 2020) ........................................................... *passim*

*United States v. Marbley*,
    81 F.3d 51 (7th Cir. 1996) ......................................................................8

**Statutes**

47 U.S.C. § 227(a)(4).................................................................................3, 19

**Court Rules**

Fed. R. Civ. P. 6(b)(1)(B) ............................................................................8

Fed. R. Civ. P. 12(a)(4)(A) ..........................................................................4

Local Rule 16.4(E)(7) ...................................................................................7

**Regulations**

47 C.F.R. § 64.1200(c)(2)(iii)....................................................................19

3162597.1

## **INTRODUCTION**

There is no dispute that Defendant Sirius XM Radio, Inc. ("SiriusXM" or the "company") failed to timely file an answer that asserted any affirmative defenses.  There are, therefore, currently no affirmative defenses at issue here and the Court should not exercise its discretion to allow SiriusXM to belatedly raised eight new affirmative defenses.  SiriusXM has not met its burden or established any excusable neglect to justify this late filing.  Indeed, despite months of discovery, SiriusXM has failed to plead any facts that support an affirmative defense.  In sum, SiriusXM's delay is not justified by any excusable neglect, and its purported affirmative defenses are too late, waived, and futile.  For these reasons, SiriusXM's motion should be denied.

Under the Federal Rules of Civil Procedure ("FRCP") a defendant's timely filed answer allows the parties to identify the issues truly in dispute.  It requires a defendant to disclose the legal and factual basis for any defenses *before* discovery.  This disclosure is the very heart of the notice pleading process. It ensures a level playing field where both parties know the legal and factual issues in dispute in the litigation.

When a Court denies a defendant's motion to strike the pleadings, the defendant's answer is due 14 days later.  Here, however, Defendant SiriusXM filed this motion for permission to file its answer *430* days later—after Plaintiffs conducted extensive discovery, moved for class certification, and expended significant resources on expert discovery.  In seeking this permission, SiriusXM provides no justifiable excuse for its long delay.  Rather, it merely provides a *mea culpa* and claims that its failure to meet this fundamental aspect of litigation should not matter.  SiriusXM essentially argues that, because it has litigated Telephone Consumer Protection Act ("TCPA") cases so many times, Plaintiffs should have guessed the defenses SiriusXM allegedly intended to, but never did, assert.

Sirius, however, is wrong.  The fact that it has no excuse for its negligence warrants denial

of its motion.  SiriusXM never explains why it failed to file the answer. Instead, SiriusXM spends most of its opening brief attempting to blame Plaintiffs for the necessity of this motion.  Blaming Plaintiffs for SiriusXM's failings has become a repeated theme in this litigation.  In reality, Plaintiffs merely seek to hold SiriusXM to its legal obligations.

SiriusXM has a long history of failing to comply with its obligations.  Its TCPA troubles date back more than 15 years, and yet it continues to violate the statute.  In fact, Plaintiffs filed this action because SiriusXM failed to comply with its obligations in a prior TCPA class action settlement.  Here, beyond failing to answer, SiriusXM repeatedly failed to comply with discovery obligations.  Then, with this motion, it filed Plaintiffs' privileged and confidential pre-mediation letter, which violated this Court's rules, the confidentiality order in this action, and the company's mediation agreement.  Thus, SiriusXM's failure to answer is just one link in a long chain of refusals to comply with its obligations.

Furthermore, despite SiriusXM's history of TCPA litigations, and the months of discovery here, its proposed affirmative defenses are nothing more than threadbare conclusory statements, devoid of factual support.  Such barebones allegations hardly put Plaintiffs on notice of how SiriusXM intends to defend itself.  Rather, it appears Sirius still wants Plaintiffs to guess at the details of its defenses.  For example, SiriusXM tries to assert an existing business relationship (an exception to the TCPA's telemarketing prohibition) with Plaintiffs and all the other class members, without alleging any facts to support that claim.  This lack of facts is likely because that defense is untenable.  The Seventh Circuit requires an exchange of funds to create an existing business relationship; SiriusXM cannot show such an exchange here because the class definition excludes SiriusXM's paid subscribers.  SiriusXM also proposes two contract-based affirmative defenses, arbitration and class action waiver, without identifying any contract, or how class members

3162597.1

accepted that hypothetical contract. To the contrary, two courts have already concluded that SiriusXM does not have a contractual relationship with free trial recipients like the class members, making that affirmative defense also untenable. Thus, these belated defenses are futile. Permitting them now would be inefficient, unfair, and a waste of the Court's and parties' time and resources.

Plaintiffs understand that default would be an unjust punishment for Sirius. Therefore, for the foregoing reasons, Plaintiffs ask that the Court permit SiriusXM to file an answer, but not to file any affirmative defenses.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. The Telephone Consumer Protection Act

Under the TCPA, Congress authorized creation of a "national do-not-call list" ("NDNC") and prohibited "telephone solicitations" to NDNC subscribers. *Id.* §227(c)(3) & (c)(5). This rule excludes calls "to any person with that person's prior express invitation or permission" or to "persons with whom the caller has an established business relationship." 47 U.S.C. §227(a)(4). To be valid, "the consent or invitation" must be with the company, in writing, and signed by the customer. *Hossfeld v. Allstate Ins. Co.*, 726 F. Supp. 3d 852, 874 (N.D. Ill. 2024). An "established business relationship," or "EBR," requires "'the consumer's purchase, rental, or lease of the seller's goods or services or a financial transaction between the consumer and seller, within the eighteen (18) months immediately preceding the date of a telemarketing call.'" *United States v. Dish Network L.L.C.*, 954 F.3d 970, 979 (7th Cir. 2020); Order, Dkt. No. 16 (Sept. 25, 2023) (quoting *Dish Network*).

### B. Plaintiffs' Telephone Consumer Protection Act Claims

On November 29, 2022, Plaintiffs filed this action seeking to recover from SiriusXM for telemarketing calls it placed to telephone numbers on the NDNC registry in violation of the TCPA. Original Class Action Complaint ("CAC"), Dkt. No. 1 ¶¶ 1, 3. The CAC alleges that after a

3

consumer purchased or leased almost any vehicle, SiriusXM placed numerous telemarketing calls to convince the consumer to purchase its satellite radio service even if the consumer's number was on the NDNC registry.  CAC, ¶¶ 46-50, 54, 64-80.

SiriusXM settled multiple similar lawsuits regarding TCPA violations, including *Hooker v. Sirius XM Radio, Inc*., Case No. 4:13-cv-003 (E.D. Va.) ("*Hooker*"), and *Buchanan v. Sirius XM Radio, Inc*., Case No. 3:17-CV-0728-D (N.D. Tex.) ("*Buchanan*").  Per the terms of the 2019 *Buchanan* settlement, SiriusXM was required to implement changes in its telemarketing practices. CAC ¶¶ 39, 41-43; Dkt. No. 9-4. Nevertheless, Sirius failed to implement its promised changes and continued making illegal telephone solicitation calls. *Id.*

On February 15, 2023, Sirius filed a Motion to Strike the CAC's Post-*Buchanan* National Class Allegations. Dkt. No. 7.   In that motion, Sirius asserted that because Plaintiffs' counsel had represented the class in the *Buchanan* action, they were disqualified from representing the class in this action. Motion.  Dkt. No. 16.

### C.  The Parties Conduct Significant Discovery

While the motion to strike was pending, the parties proceeded with discovery.  On July 19, 2023, Plaintiffs served their First Set of Requests for Production of Documents ("RFPs"), including any documents concerning any established business relationship and documents concerning prior express invitation or permission.  Dkt. No. 20-2 (Ex. A). The RFPs did not seek documents concerning a purported arbitration agreement, class action waiver, or freedom of speech issues. Dkt. Nos. 14, 20-2 (Ex. B).

On September 25, 2023, the Court denied SiriusXM's Motion to Strike. Dkt. No. 16. SiriusXM concedes that, pursuant to FRCP 12(a)(4)(A), its answer was due 14 days later, i.e., October 9, 2023.  However, as SiriusXM also admits, it did not file an answer on that day.

Thereafter, SiriusXM started to produce some of the documents Plaintiffs requested, ultimately producing over 10,000 pages of documents. Plaintiffs and SiriusXM met and conferred via video teleconference and exchanged a series of letters to resolve disputes over the RFPs, but Plaintiffs eventually were forced to file a motion to compel. Dkt. Nos. 20-1; 20-2 (Exs. C-F). Specifically, SiriusXM refused to produce data regarding the calls at issue in this litigation, including the logs of outbound telemarketing calls, the identity and phone numbers of the individuals who received the telemarketing calls, and reports from vendors to SiriusXM regarding such calls (collectively, the "Call Data"). Dkt. No. 20-1 at p. 2. Nevertheless, after Plaintiffs went to the time and expense of filing the motion to compel, SiriusXM did not bother to oppose the motion and instead entered a consent order to produce most of the Call Data Plaintiffs sought. Dkt. No. 24. Yet SiriusXM did not comply with the consent order, rather it only produced the full Call Data nearly three months late.

Plaintiffs deposed Jakop Eskinazi, SiriusXM's senior director of compliance and outbound strategy. In addition to party discovery, Plaintiffs have issued and served 26 subpoenas on third parties.

Plaintiffs also served two sets of Interrogatories on Sirius, asserting 18 total interrogatories. Sirius, however, only responded to the first 11 interrogatories, and wrongly refused to answer the rest under the guise that those 11 included sub-parts such that Plaintiffs had interposed 25 total interrogatories. *See* Declaration of Mason A. Barney ("Barney Decl."), Ex. B. (Dec. 11, 2024 meet and confer letter). Plaintiffs contested this attempt by SiriusXM to avoid discovery obligations, but have yet to resolve the issue. Furthermore, SiriusXM served objections to the second set of interrogatories weeks late. *Id*., Ex. A & B.

**D. SiriusXM Tried to Correct its "Mistake," but in so Doing it Violated Important Protections for Settlement Discussions**

On June 5, 2024, the parties informed the Court that they intended to engage in private mediation. Dkt. No. 33. The next day, the Court stayed discovery. Despite two full days of mediation, on October 22, 2024, Plaintiffs informed the Court that the parties were unable to reach a settlement. Dkt. No. 34. On November 6, 2024, Magistrate Judge Long entered a text order requiring Plaintiffs to disclose all certification experts, and to file for class certification by November 18, 2024. On that date, Plaintiffs filed their motion for class certification, along with a copy of the Expert Declaration of Aaron Woolfson. Dkt. Nos. 41 & 42.

The motion for class certification argued, *inter alia*, that for those issues that SiriusXM has the burden to prove (i.e., its affirmative defenses), its failure to timely answer resulted in their waiver. Dkt. No. 41 p. 17. Nevertheless, based on the limited discovery they conducted, Plaintiffs' motion for class certification also addressed why the EBR and prior consent defenses are meritless because they have no legal or factual support. *Id.* at 17. The motion also addressed SiriusXM's failure to implement procedures to honor do not call requests. *Id.* at 7.

That motion, however, did not address other proposed affirmative defenses that SiriusXM now seeks to assert, such as freedom of speech (No. 7), due process (No. 8), vicarious liability (No. 6), and class waiver (No. 2). Further, the motion assumed that SiriusXM had intentionally waived arbitration (No. 1).

It was only after reading the motion for class certification that SiriusXM sought to correct its "mistake" in not filing an answer. Dkt. No. 63 p. 1. On November 26, 2024, 414 days after its answer was due, SiriusXM asked Plaintiffs for the first time to consent to the company's instant motion, and demanded it be allowed to file an answer with 18 affirmative defenses, many of which Courts in this circuit have found are not proper affirmative defenses (such as "failure to state a

claim"), and others had never been discussed in this litigation at all (for example a defense under the Hobbs Act). Dkt. No. 64-19 at pp. 5-6. Importantly, in its proposed answer, SiriusXM did not assert a factual basis for any affirmative defense. Instead, SiriusXM provided only threadbare conclusory descriptions for each affirmative defense.

To avoid motion practice, Plaintiffs offered to consent to the instant motion if SiriusXM limited itself to filing just an answer pleading an EBR affirmative defense. *Id*. at p. 2. SiriusXM rejected this compromise, insisting that it be allowed to assert eight proposed affirmative defenses. *Id.* Plaintiffs could not accept SiriusXM's proposal because several of the proposed affirmative defenses had not been addressed in discovery and could affect the pending motion for class certification (e.g. No. 2, class waiver). *Id.*

SiriusXM filed the instant motion on December 13, 2024, 430 days after the answer was due. Dkt. No. 63. In it, the company admits that "Sirius XM's failure to file an answer was a mistake." However, SiriusXM provides no justification for its failure; rather, it simply concedes that its own negligence put it in this situation. *Id.* at p. 20. SiriusXM also publicly filed as an exhibit Plaintiffs' pre-mediation letter marked as "Privileged and Confidential." Dkt. No. 65 ¶¶ 1-2. For the reasons stated in Plaintiffs' December 17, 2024, Motion to Strike and Sanction Defendant, SiriusXM's cavalier filing of this letter violates Local Rule 16.4(E)(7), the parties' own mediation agreement, the parties' Stipulated Confidentiality Agreement, and Illinois' mediation privilege. *Id.* at ¶¶ 4-7.

## LEGAL STANDARD

It is well established that "all affirmative defenses [must] be specifically pleaded." *Illinois Conf. of Teamsters & Emps. Welfare Fund v. Steve Gilbert Trucking*, 71 F.3d 1361, 1365 (7th Cir. 1995). "[F]ailure to plead an affirmative defense in an answer constitutes waiver." *Kirgan v. FCA LLC*, No. 10-1392, 2013 WL 1500708, at *3 (C.D. Ill. Apr. 10, 2013).

Under FRCP 6(b)(1)(B), the Court has limited discretion to permit a late-filed answer only where "the party failed to act because of excusable neglect."  Excusable neglect is an equitable concept; but, such equities cannot absolve a party from all manner of sins.  The moving party must proffer a justifiable excuse for its failure to timely act.  *United States v. Marbley*, 81 F.3d 51, 52 (7th Cir. 1996) (when a party fails to offer an excuse, "the judge cannot determine whether the late filing was the result of excusable neglect"); *J&J Sports Prods. v. Kotsopoulos*, No. 1:13-cv-346-SLC, 2015 U.S. Dist. LEXIS 132395, at *8 (N.D. Ind. Sep. 30, 2015) (denying a late filed answer where "Defendants have not even made the slightest attempt to explain or excuse their extreme tardiness").  In addition, when evaluating excusable neglect, courts look to whether the party has a history or pattern of ignoring deadlines.  *Harrington v. City of Chicago*, 433 F.3d 542, 550 (7th Cir. 2006) (examining attorney's history of delay).

Furthermore, when seeking permission to file a late answer with affirmative defenses, the defendant must show that the affirmative defenses as pled meet the *Twombly-Iqbal* plausibility standard.  *See, e.g., AOT Holding AG v. Archer Daniels Midland Co.*, No. 19-2240, 2020 U.S. Dist. LEXIS 257116, at *13 (C.D. Ill. Oct. 1, 2020) (dismissing affirmative defenses because the allegations did "not satisfy the plausibility standard under *Twombly*"); *Nationwide Gen. Ins. Co. v. Cather Grocery, Inc.*, No. 19-cv-3276, 2020 U.S. Dist. LEXIS 51019, at *2 (C.D. Ill. Mar. 5, 2020) (same); *Sarkis' Cafe, Inc. v. Sarks in the Park, Ltd. Liab. Co.*, 55 F. Supp. 3d 1034, 1040 (N.D. Ill. 2014) (striking affirmative defenses that were only threadbare recitals of the elements).

Thus, to succeed SiriusXM must not only show that its failure to file its answer for over a year was due to excusable neglect, but it must also establish that the affirmative defenses it seeks to assert satisfy the traditional plausibility pleading standard.  Here, SiriusXM has failed on both accounts.

## ARGUMENT

### I.    SIRIUSXM'S AFFIRMATIVE DEFENSES ARE WAIVED

As an initial matter, there is no dispute that SiriusXM did not timely raise any affirmative defenses in an answer.  There are therefore no pending affirmative defenses.  *See Illinois Conf. of Teamsters & Emps. Welfare Fund*, 71 F.3d at 1365; *Kirgan*, 2013 WL 1500708, at *3. SiriusXM concedes, as it must, that it can only assert an affirmative defense if the Court finds excusable neglect and exercises its discretion to permit the belated answer.  SiriusXM has not met this burden.

### II.    SIRIUSXM PROFFERS NO EXCUSABLE NEGLECT

#### A.  SiriusXM's Negligence Alone is not Excusable Neglect

SiriusXM provides no excuse for its failure to file a timely answer.  The affidavit accompanying the motion merely says that "Sirius XM did not serve its answer by" the deadline, and that "this pleading omission was entirely inadvertent."  Dkt. No. 64 ¶¶ 9-10.  SiriusXM also references that the parties had begun discovery, but does not say why that interfered with filing an answer.  Dkt. No. 63 p. 20.  "[M]ere negligence" by a party or its counsel "is insufficient to support a finding of excusable neglect."  *Cline v. American Airlines, Inc.*, No. 90-1096, 1991 U.S. App. LEXIS 2682, at *9 (7th Cir. Feb. 20, 1991); *In re Klarchek*, 509 B.R. 175, 185 (Bankr. N.D. Ill. 2014) (finding no excusable neglect where party claimed amended complaint caused confusion); *Retzlaff v. City of Cumberland*, No. 09-cv-692-slc, 2010 U.S. Dist. LEXIS 53400, at *4 (W.D. Wis. May 27, 2010) (attorney's "inexplicable mistake" was not excusable neglect); *Cavalieri v. City of Champaign*, 183 F. Supp. 2d 1090, 1093 (C.D. Ill. 2002) ("An unaccountable lapse is not excusable neglect.") (quotations omitted)).

This situation bears no resemblance to *Lewis v. School Dist. # 70*, 523 F.3d 730, 740 (7th Cir. 2008), which SiriusXM relies on.  There, the late filing was caused by "a plausible misinterpretation of a procedural rule," (*id.*) but SiriusXM does not claim that it misread a rule.

Likewise, in *Crue v. Aiken*, 370 F.3d 668, 681 (7th Cir. 2004), also cited by SiriusXM, an attorney's error in calculating a date resulted in a one-day delay, however SiriusXM does not claim it miscalculated the due date for the answer and the delay here was substantially more than one day. Absent any form of justification, SiriusXM's negligence cannot be excusable neglect.

**B. SiriusXM has a Cavalier Approach to Litigation**

"[C]ontext matters in determining excusable neglect. Accordingly, courts consider whether the movant was previously dilatory." *Postle v. Bath & Body Works, LLC,* No. 13 CV 50374, 2015 U.S. Dist. LEXIS 15372, at *7 (N.D. Ill. Feb. 9, 2015). SiriusXM's failure to file an answer for 430 days is far from the only time it has been dilatory in this litigation. Rather, it is part of a pattern of failing to comply with obligations that began long before Plaintiffs filed this action.

As noted, SiriusXM is no stranger to dealing with suits over its calling practices, whether those are private suits like *Hooker* and *Buchanan*, or investigations from states like New York and Wyoming. *Buchanan*, Dkt. No. 62-2 (referencing N.Y. Order that SiriusXM was liable for telemarketing calls); *Buchanan*, Dkt. No. 62-4 (referencing letter from the Wyoming Attorney General denying established business relationship defense). However, after each time it has resolved these claims, SiriusXM continued to violate the TCPA. SiriusXM's cavalier attitude is clear from the fact that after agreeing in *Buchanan* to add language to its customer agreements, it failed to do so for four years. Dkt. No. 41 pp. 5, 17 n.7.

Here, SiriusXM has been dilatory during discovery. It refused to produce clearly responsive Call Data (a fundamental document in any TCPA litigation) until Plaintiffs filed their motion to compel. Then, SiriusXM did not even try to justify its withholding of the logs by opposing the motion; instead, it quickly capitulated and agreed to a consent order that required it to produce call logs by February 27, 2024. *See* Dkt. Nos. 20, 22. Nevertheless, SiriusXM did not produce the logs on that date – it produced partial logs over the following months, and the company

10

only produced the remaining call data on May 10, 2024.  Dkt. No. 30 p. 3.  *Postle*, 2015 U.S. Dist. LEXIS 15372 at *7; *see also Harrington*, 433 F.3d at 549.

Similarly, SiriusXM has refused to respond to seven out of Plaintiffs' 18 interrogatories on the flimsy argument that through creative counting of sub-parts the company thinks that Plaintiffs have already exceeded the limit of 25 interrogatories. *See* Barney Decl., Ex. A. Nor does this inattentiveness to obligations apply only to discovery disputes, as exemplified by SiriusXM's publicly filing Plaintiffs' privileged and confidential pre-mediation letter.  Dkt. No. 75.

Thus, SiriusXM's failure to answer is merely one among many instances of SiriusXM failing to satisfy its obligations.  This history must weigh against any finding of excusable neglect. *Niswander v. Price, Waicukauski & Riley LLC*, No. 1:08-cv-1325-WTL-DML, 2010 U.S. Dist. LEXIS 119997, at *3 (S.D. Ind. Nov. 10, 2010) (affirming refusal to grant extension where the judge "thoroughly reviewed the history of this case," and found it weighed against finding excusable neglect).

## C.  SiriusXM Needed to Show More Than a Lack of Prejudice to Plaintiffs

SiriusXM tries to claim that its lack of excuse does not matter if the delay caused no prejudice to Plaintiffs.  "But prejudice is only one of the relevant factors under the *Pioneer* analysis [for excusable neglect]. The others are the duration and reasons for the delay; whether the litigant could have controlled the delay; the litigant's good faith; and the impact on the proceedings." *Peters v. Wal-Mart Stores E., LP*, 512 F. App'x 622, 628 (7th Cir. 2013).  Here, these factors do not support a finding of excusable neglect.  As shown above, SiriusXM has no reason for the delay, and the delay was significant – 430 days – during which the parties conducted substantial discovery and motion practice.  The delay was also within SiriusXM's control; it could have easily found its own mistake by just examining the docket.  Furthermore, as discussed below, the addition of the

proposed defenses will certainly impact the litigation because they were not addressed in discovery or Plaintiffs' pending class certification motion.

Considering this history, SiriusXM's unexplained failure to timely file an answer can only "be classified as inexcusable inattentiveness or neglect, rather than excusable carelessness." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (finding failure to respond to summary judgment motion, when viewed with history of the case, was not excusable neglect).

## III.     SIRIUSXM'S DEFENSES WILL PREJUDICE PLAINTIFFS

In evaluating late asserted defenses, courts often examine how each affirmative defense was addressed in discovery and only permit those that were *thoroughly* addressed. *See Ollison v. Wexford Health Sources*, No. 17-1077, 2019 U.S. Dist. LEXIS 237603, at *13 (C.D. Ill. Sep. 13, 2019) (quoted by Sirius) (permitting defendants to assert an affirmative defense addressed during discovery but barring other affirmative defenses).

SiriusXM spills much proverbial ink trying to show that Plaintiffs were generally aware that SiriusXM might assert EBR and prior consent defenses. But, curiously absent from SiriusXM's brief is any explanation of the legal and factual support for those defenses because it cannot provide those explanations. The EBR issue is an affirmative defense for which SiriusXM bears the burden of proof. *United States v. Dish Network*, 75 F. Supp. 3d 942, 1008 (C.D. Ill. 2014). As the Seventh Circuit has held, "[a]n established business relationship depends on the consumer's purchase, rental, or lease of the seller's goods or services or a financial transaction between the consumer and seller, within the eighteen (18) months immediately preceding the date of a telemarketing call." *Dish Network L.L.C.*, 954 F.3d at 979 (quotations omitted). This Court has agreed. Order, Dkt. No. 16 (Sept. 25, 2023) (quoting *Dish Network*). In *Dish Network*, the Seventh Circuit expressly rejected the defendant's argument that that an established business relationship defense can arise from a period of unpaid service. *Dish Network*, 954 F.3d at 979.

12

Here, the proposed class excludes all paid customers. There was no "purchase, rental, or lease" or "financial transaction" with SiriusXM because Plaintiffs and proposed class members received only free service. *See id.* Thus, any EBR defense must fail as a matter of law, and the question—and answer—of whether SiriusXM can meet its EBR burden is the same for all Class members.

Nor has SiriusXM been candid with Plaintiffs about its prior consent affirmative defense. The company's interrogatory responses affirmatively state that "Sirius XM does not assert that it had prior express written consent." Dkt. 64-18, at 10. SiriusXM tries to claim that this statement meant it only lacked express consent from *Plaintiffs*, not that it was abandoning the defense entirely, but that response exemplifies SiriusXM's lack of candor and undercuts Sirius' claim that Plaintiffs knew about all its affirmative defenses.

Further, SiriusXM illogically asserts that Plaintiffs' general knowledge about those *two* defenses means that permitting all *eight* affirmative defenses cannot prejudice Plaintiffs. Plaintiffs had at least some knowledge about SiriusXM's EBR and prior consent defenses (Nos. 3 and 4), and therefore, they knew to include those defenses in discovery, and certainly Plaintiffs have examined SiriusXM's procedures for calling clients (No. 5). Even though Plaintiffs were aware that SiriusXM might raise a due process defense (No. 8), that has not yet been an issue in the case. Nevertheless, that leaves four other proposed defenses that were not covered at all during discovery: freedom of speech (No. 7), vicarious liability (No. 6), and class waiver (No. 2). Plaintiffs also have long understood that SiriusXM waived any arbitration (No. 1) defense (Dkt. No. 41 p. 17 n.7).

The mere fact that SiriusXM previously asserted an affirmative defense in the *Buchanan* matter cannot create the automatic assumption that it would do so again here. For example, there are ten affirmative defenses in *Buchanan* that SiriusXM is not asserting in this action. Indeed, the

13

entire point of notice pleading is that parties should not have to guess about the hypothetically applicable legal and factual issues to which they must devote time and resources.

Likewise, as explained above and in the Class Certification motion, Plaintiffs understood that SiriusXM was *not* asserting any contractual defenses (i.e., an arbitration defense or a class action waiver defense) because two courts have already rejected the idea that a contractual relationship exists between SiriusXM and its free trial recipients. *See Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014) ("[A]pplying well-settled principles of contract law, we conclude that no valid agreement to arbitrate exists between Knutson and Sirius XM because Knutson never assented to the Customer Agreement."); *Hooker v. Sirius XM Radio, Inc.*, 4:13-cv-00003 (E.D. Va. 2013) (Dkt. No. 56 at *9-11) (holding SiriusXM's welcome kit did not create a binding contract because non-paying "trial customers are not bound by the Customer Agreement"). Moreover, if SiriusXM believed it had a legitimate defense of class waiver or an arbitration agreement, the time to assert that defense was before discovery started, but SiriusXM did not mention the waiver or arbitration claims, and by participating in this litigation, SiriusXM waived its right to these defenses. *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 950 (7th Cir. 2020) (a court must "infer waiver of the right to arbitrate if, considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate."). Thus, Plaintiffs had more than sufficient reason to assume SiriusXM would not try to enforce its supposed contractual defenses. Dkt. No. 64-4.

Next, SiriusXM tries to rely on the class certification papers filed in *Buchanan*, again to supposedly show that Plaintiffs were aware of the company's intent to assert all eight proposed affirmative defenses. Dkt. Nos. 64-4, 64-5, 64-6. The problem with this argument is that most of

14

the proposed affirmative defenses were not referenced in the *Buchanan* class certification papers, including freedom of speech, due process, vicarious liability,[1] arbitration, and class waiver.

Thus, Plaintiffs' Counsel's experience in *Buchanan* gave them no special knowledge of any purported legal or factual basis for those defenses. To the contrary, the *Buchanan* case and SiriusXM's conduct in this litigation led counsel to believe those defenses had been abandoned. Indeed, the instant record does not show that Plaintiffs had actual knowledge that SiriusXM intended to assert all eight of its proposed affirmative defenses in this action. There is no reference in Plaintiffs' CAC or discovery requests to SiriusXM's affirmative defenses regarding freedom of speech or class waiver. Dkt. No. 1. None of those defenses were referenced in either Plaintiffs' RFPs or Interrogatories. Dkt. Nos. 64-10, 64-18. Nor did Plaintiffs ask any questions about those defenses during Mr. Eskinazi's deposition. Dkt. No. 64-13. There is also nothing in the record indicating that Plaintiffs knew SiriusXM intended to assert an arbitration defense. The only reference in discovery to a possible arbitration defense is a single question asked about arbitration during the Eskinazi deposition, and Mr. Eskinazi said he knew nothing about arbitration. Dkt. No. 64-14 p. 67. Given the lack of a record concerning these defenses, SiriusXM cannot support its naked claim that "at every turn, [it] has forecast its intent to press … [the] defenses identified in its proposed answer, just like it pressed them in *Buchanan*" and it certainly is wrong to argue that "at every turn, Plaintiffs have responded in kind." Dkt. No. 63 p. 12.

SiriusXM also tries to argue that affirmative defenses that raise only pure legal issues can be raised at any time during the litigation. However, it cites nothing in the Seventh Circuit to

---

[1] Plaintiffs did reference in the complaint the FCC regulations stating that "'generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations.'" Dkt No. 1 ¶ 33. Yet nothing in the discovery record explains how or why Sirius believes that it has a valid vicarious liability defense. To the contrary, as with the arbitration defense, Plaintiffs believed that the FCC regulations precluded the defense.

15

support such a proposition.  It tries to shoehorn the concept into Seventh Circuit law by citing two

Fifth Circuit cases, and then citing to *Global Tech. & Trading, Inc. v. Tech Mahindra Ltd*., 789

F.3d 730, 732 (7th Cir. 2015), which cited to one of those Fifth Circuit cases.  However, *Global*

*Tech.* centered on the question of prejudice to the non-moving party and did not examine whether

an affirmative defense based on a pure question of law can be raised at any time.  *Id.*  Nor are the

affirmative defenses all pure questions of law; for example, the arbitration and class waiver

defenses turn on whether a contract existed between the class member and Sirius, "its terms, and

the intent of the parties[, which] are questions of fact for the trier of fact."  *Driveline Sys., Ltd.*

*Liab. Co. v. Arctic Cat, Inc*., 936 F.3d 576, 580 (7th Cir. 2019).  Similarly, the due process defense

is also not a pure question of law because it turns on whether "the individual penalty is reasonable

and appropriate based on the harm addressed" which raises issues of fact regarding reasonableness.

*Howe v. Speedway LLC*, No. 1:19-CV-01374, 2024 U.S. Dist. LEXIS 176263, at *43 (N.D. Ill.

Sep. 29, 2024).  The supposed vicarious liability defense likewise would require the Court to

examine the relationship between SiriusXM and whoever it points the finger at, which would be

another question of fact. *Dish Network L.L.C.,* 954 F.3d at 975 ("the existence of an agency relation

is a question of fact").

     As the foregoing shows, even though Plaintiffs EBR, prior consent, and reasonable

procedures defenses have been part of the litigation, the other purported defenses have had no role

in the litigation to date.  Given that Plaintiffs have already filed their motion for class certification,

and that all four of these affirmative defenses could possibly impact SiriusXM's class certification

arguments, permitting SiriusXM to assert those defenses in an answer filed for the first time more

than a year late would prejudice Plaintiffs.

## IV.   <u>THE PROPOSED DEFENSES ARE NOT PLAUSIBLE AS PLED</u>

     In addition to the procedural defects in SiriusXM's request to file an answer that is 430

days late, the Court should also reject the request because most of SiriusXM's proposed affirmative defenses are deficient on their face. The governing *Twombly—Iqbal* standard is well established. "Under *Twombly*, an affirmative defense must satisfy a two-part test.… First, the affirmative defense must contain a short and plain statement of the claim showing the pleader is entitled to relief.… Second, the affirmative defense must plausibly suggest that the [defendant] has a right to relief, raising that possibility above a speculative level." *AOT Holding AG*, 2020 U.S. Dist. LEXIS 257116 at \*4 (quotations omitted). "A claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that" the affirmative defense will be successful in alleviating the defendant of some or all of its liability. *Id.* at \*14.

SiriusXM's proposed affirmative defenses are only threadbare conclusory statements and cannot pass this standard.

### A. The EBR Defense Lacks Any Factual Allegations

SiriusXM's proposed third affirmative defense states in relevant part:

> Plaintiffs' claims and claims by some or all putative class members are barred or limited by the "established business relationship" exemption, 16 C.F.R. §310.4(b)(1)(iii)(B).

Dkt. No. 64-1 p. 23. SiriusXM does not even attempt to show how its actions establish an EBR with its free trial recipients. To the contrary, SiriusXM presents no facts at all to support the defense; nothing in the proposed answer provides any basis for the Court to draw the reasonable inference that SiriusXM can establish that it had an EBR with Plaintiffs or any of the putative class members. As such, the EBR defense is "nothing but bare bones conclusory allegations" and therefore it fails to satisfy the *Twombly-Iqbal* standard. *Brown v. Kelly Servs.*, No. 16 C 11152, 2017 U.S. Dist. LEXIS 58742, at \*5 (N.D. Ill. Apr. 18, 2017) (quotations omitted) (striking multiple affirmative defenses that did nothing but recite the elements of the defense).

It is not surprising that SiriusXM did not provide a factual basis for its EBR defense,

because it legally cannot establish an EBR with its free trial recipients.  The Seventh Circuit was clear in *Dish Network* that only "the consumer's purchase, rental, or lease of the seller's goods or services or a financial transaction between the consumer and seller" can create an EBR.  954 F.3d at 979 (quotations omitted).  In *Dish Network* the Seventh Circuit rejected the company's argument that an EBR can arise from a period of unpaid service.  *Id.*  This Court then adopted that same definition in its order denying SiriusXM's motion to strike. Dkt. 16 p. 3 (quoting *Dish Network*).

The Court also concluded in that same order that "the Complaint makes abundantly clear that … the … Plaintiffs, did not purchase *anything* from Defendant[.]" *Id.* at p. 18.  More than that, the Class definitions Plaintiffs have proposed only include people who "did not purchase SiriusXM's satellite radio service."  Dkt. No. 41 at p. 9.  For this reason, neither the Plaintiffs nor anyone in the purported classes could possibly meet the definition of an EBR with Sirius.  As such, there are no set of facts that SiriusXM could allege that would make its EBR defense plausible under these circumstances, and for that reason, SiriusXM should not be permitted to assert an affirmative defense based on it having an EBR with its customers.

## B.  The Prior Consent Defense Fails to Satisfy the Standard Under the TCPA

Unfortunately, SiriusXM's proposed fourth affirmative defense, for prior consent, fairs little better than its EBR affirmative defense. In its proposed answer, SiriusXM merely states in relevant part:

> Sirius XM cannot be liable under the TCPA where Plaintiffs and the putative class members consented to receive telemarketing calls by providing their telephone [] number to Sirius XM or an agent of Sirius XM or in any other manner.

Dkt. No. 64-1 p. 24.  Here SiriusXM provides some factual allegations to support its defense, but those facts are far from sufficient to permit the Court to draw the reasonable inference that this defense is plausible. SiriusXM tries to claim that if it acquires the putative class member's phone

18

number "in any … manner," that is sufficient to establish that "class members consented to receive telemarketing calls," but this position is inconsistent with governing law.

Pursuant to the FCC's rules, a company simply obtaining a phone number in "any … manner" as SiriusXM proposes cannot create prior consent for the company to telemarket to that phone number.  Rather, to call a phone number registered on the national do-not-call list, the company must show that

> It has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed.

47 C.F.R. §64.1200(c)(2)(iii); *see also* 47 U.S.C.S. §227(a)(4); *Hossfeld*, 726 F. Supp. 3d at 871 (quoting this definition); *Tracy Atkinson, Atkinson v. Pro Custom Solar LLC*, No. SA-21-CV-00178-OLG, 2022 U.S. Dist. LEXIS 158629, at *15 (W.D. Tex. Sep. 1, 2022) (denying summary judgment under Section 64.1200(c)(2)(iii) where there was no written record of consent).  What is more, express consent must be limited in purpose and must apply specifically to the calling company.  *Hossfeld*, 726 F. Supp. 3d at 874-875 (providing phone number only as a means to be reached if disconnected did not establish consent for telemarketing).

The proposed affirmative defense says nothing about the class member providing "express consent" for telemarketing, never mentions a signed written agreement, and it does not require that the class member agreed to be contacted by SiriusXM specifically. Absent these requirements, SiriusXM's acquisition of a phone number is insufficient to establish the prior express invitation or permission under the TCPA, making the affirmative defense implausible as pled.  *See Tyner v. Hi.Q, Inc*., No. CIV-21-608-F, 2022 U.S. Dist. LEXIS 220099, at *14 (W.D. Okla. Dec. 7, 2022) (finding no express consent where the written form "did not state that [the plaintiff] agreed to be contacted by" the defendant).

19

Nor will the facts permit SiriusXM to plead a plausible prior consent defense. Despite requests in the RFPs, SiriusXM has never produced signed written agreements with the Plaintiffs or class members granting permission for telemarketing calls, and as shown, absent such agreements, SiriusXM cannot allege it has prior consent. Dkt. No. 64-18 (request no. 18 for agreements with plaintiffs). To the contrary, SiriusXM's signed interrogatory responses affirmatively state that "Sirius XM does not assert that it had prior express written consent." Dkt. 64-18, at 10. Therefore, SiriusXM should not be permitted to assert an affirmative defense of prior consent.

### C. The Due Process Defense is Not Plausible as Alleged

SiriusXM also contends in its Eighth Affirmative Defense that "Awarding statutory damages to a class under the TCPA in this case would violate" the company's due process rights. Dkt. No. 64-1 p. 25. Again, SiriusXM attempts to pass off a barebones conclusory statement as an affirmative defense, and as such this proposed defense is both legally and factually deficient. "Just because a statutory penalty may lead to large damages does not itself offend due process," so long as the penalty as to each individual in a class is reasonable when viewed against the harm. *Howe*, 2024 U.S. Dist. LEXIS 176263 at *43. As Judge Easterbrook wrote with regard to TCPA violations, "[s]omeone whose maximum penalty reaches the mesosphere only because the number of violations reaches the stratosphere can't complain about the consequences of its own extensive misconduct." *Dish Network L.L.C.,* 954 F.3d at 980. In *Dish Network*, the Seventh Circuit rejected a due process challenge to a $280 million judgment because the penalty per violation was "a normal number for an intentional wrong." *Id.* SiriusXM's barebones statement regarding a supposed due process violation under the TCPA provides no facts to show why the result here should be any different than *Dish Network*. Nor would it be possible for SiriusXM to allege facts that would separate the instant matter from *Dish Network* given that the alleged violation and

potential damages are the same, and the class size here is just one-sixth the size of the class in *Dish* (approximately 11 million vs. 66 million).  Compare *id. with* Dkt. No. 41 p. 1 (placing class size at just under 11 million).  As such, this affirmative defense is also not plausible and cannot be corrected through amendment.

### D.  As Pled Neither the Arbitration Nor the Class Waiver Defense is Plausible on its Face

SiriusXM's proposed First and Second Affirmative Defenses (i.e., arbitration and class waiver) are likewise implausible on their face.  Both defenses are contract based, as SiriusXM concedes in its opening brief, but neither affirmative defense actually identifies what contract, if any, is at issue.  Assuming SiriusXM is referring to its customer agreement, as noted, multiple courts have rejected the idea that SiriusXM simply mailing that agreement to free trial recipients creates a binding contract.  *Knutson*, 771 F.3d at 565; *Hooker* (Dkt. No. 56 at *9-11).  Nor can SiriusXM argue that those courts were incorrect because the basic principles of contracts warrant that there must be both offer and acceptance, and Plaintiffs have averred that they never entered into a contract with Sirius.  With that as a given, absent any factual allegations, there is no way for the Court to conclude that SiriusXM's barebones contract affirmative defenses are plausible or could be made to be plausible.  As such, the Court should not permit the company to assert those defenses either.

### V.  **<u>CONCLUSION</u>**

As shown in the foregoing, SiriusXM waived its affirmative defenses by not filing a timely answer and has not carried its burden to show that its failure was due to excusable neglect. Further, the record shows that permitting SiriusXM to assert its proposed First, Second, Fifth, Sixth, and Seventh Affirmative Defenses will prejudice Plaintiff. Finally, SiriusXM's proposed answer demonstrates that that its First, Second, Third, Fourth, and Eighth Affirmative Defenses fail to

satisfy the *Twombly-Iqbal* plausibility standard, and the record establishes that no amendment can cure these deficiencies. Despite these issues, Plaintiffs acknowledge that default would be an overly harsh punishment for SiriusXM at this stage in the litigation. Therefore, while Plaintiffs do not object to the Court permitting SiriusXM to file its answer, the Court should deny SiriusXM's request to file any affirmative defenses and hold that it has waived its right to assert any affirmative defenses.

Dated: January 10, 2025          Respectfully submitted,

*/s/ Mason A. Barney*
Mason A. Barney
Kyle D. McLean
SIRI & GLIMSTAD LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (212) 532-1091
Email: mbarney@sirillp.com
Email: kmclean@sirillp.com

Daniel M. Hutchinson
Jahi L. Liburd
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: dhutchinson@lchb.com
Email: jliburd@lchb.com

Jarrett L. Ellzey
Leigh Montgomery
Alex Kykta
ELLZEY & ASSOCIATES, PLLC
1105 Milford St,
Houston, TX 77006
Telephone: (888) 350-3931
Email: Jarrett@ellzeylaw.com

Carl R. Draper
FELDMAN WASSER
1307 South 7th Street
Springfield, IL 62703

22

Telephone: 217-544-3403
Email: cdraper@feldman-wasser.com

3162597.1

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(4), the foregoing complies with the type volume limitation, as it is double-spaced and does not contain more than 7000 words or 45,000 characters.

/s/ *Mason A. Barney*
Mason A. Barney