UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **JULIE CAMPBELL, et al.,** | |
| **Plaintiffs,** | |
| v. | Case No. 22-2261 |
| **SIRIUS XM RADIO, INC.,** | |
| **Defendant.** | |

**ORDER**

This case is before the Court on the Motion to Raise Defenses and File Answer (#63) filed by Defendant, Sirius XM Radio LLC, and Motion to Strike and Sanction Defendant (#65) filed by Plaintiffs, Julie Campbell, Diana Bickford and Kerrie Mulholland, on behalf of themselves and all other similarly situated. The Court has reviewed the motions, responses, and reply. For the reasons provided, Defendant's Motion to Raise Defenses and File Answer (#63) is granted in part and denied in part. Plaintiffs' Motion to Strike and Sanction Defendant (#65) is denied.

**I.    Background**

Plaintiffs' Complaint alleges that Defendant made telemarketing calls to persons who were listed on the national and Defendant's internal do-not-call registries in violation of the Telephone Consumer Protection Act ("TCPA"). The instant litigation is Plaintiffs' counsel's second lawsuit against Defendant under the TCPA. In 2017, the same lawyers brought a putative TCPA class action lawsuit against Defendant in the Northern District of Texas ("Buchanan Case").

The parties agree that in this case, Defendant failed to file an answer (or any affirmative defenses) in response to Plaintiffs' Complaint. The error arose after Defendant filed an initial Motion to Dismiss. After the Court ruled on Defendant's Motion to Dismiss, Defendant simply forgot to file an answer, and therefore did not file any

affirmative defenses. Defendant first became aware of its failure to file an answer when Plaintiffs filed on November 18, 2024, their Motion to Certify Class, in which they noted Defendant's failure.

Defendant on December 13, 2024, moved for leave to file an answer and affirmative defenses. Plaintiffs do not object to Defendant filing a late answer but argue that the Court should bar Defendant from filing affirmative defenses. Defendant argues that Plaintiffs had notice of its likely affirmative defenses from their prior litigation in the Buchanan Case and from discovery in this case.

In response to Defendant's Motion, Plaintiffs filed a Motion to Strike and Sanction Defendant (#65), asking the Court to strike portions of Defendant's Motion that contain confidential information and to sanction Defendant. Defendant argues that it did not reveal any confidential information and that Plaintiffs' Motion should be denied.

II.     **Legal Standard**

Federal Rules of Civil Procedure 8(c) requires that a party "affirmatively state" any affirmative defense. "[F]ailure to plead an affirmative defense in an answer constitutes waiver." *Kirgan v. FCA LLC*, 2013 WL 1500708, C.D. Ill. Apr. 10, 2013, at *3. "The purpose of that rule . . . is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail." *Venters v. City of Delphi*, 123 F.3d 956 (7th Cir. 1997). However, pursuant to Fed. R. Civ. P. 6(b)(1)(B), the Court may, for good cause, allow a late filed answer after the deadline "if the party failed to act because of excusable neglect."[1]

"A finding of excusable neglect 'is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer,' but extends to some cases in which the delay is 'caused by inadvertence, mistake, or carelessness.'" *Lewis v.*

---

[1] Defendant argues that because Plaintiffs agree to let Defendant file a late answer, the "excusable neglect" standard does not apply. The Court disagrees. The issue in this case is whether Defendant should be permitted to file an answer that includes affirmative defenses. The cases Defendant cites involved a defendant seeking to amend a timely filed answer. *Matthews v. Wis. Energy Corp.*, 642 F.3d 565, 570 (7th Cir. 2011); *Garofalo v. Village of Hazel Crest*, 754 F.3d 428 (7th Cir. 2014). The excusable neglect standard under Rule 6(b) applies here where no answer was filed.

*School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) (internal citations omitted). At the same time, "'a simple case of miscalculation' of a deadline generally is 'not a sufficient reason to extend time.'" *Id*. The Supreme Court has concluded that the determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. at 395 (1993). Some factors the Court considers are: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 396. Courts "generally find that '[t]he failure to plead an affirmative defense in the answer works a forfeiture only if the plaintiff is harmed by the defendant's delay in asserting it.'" *Garogalo v. Village of Hazel Crest*, 754 F.3d 428, 436 (7th Cir. 2014).

An affirmative defense must also meet the pleading standards established in *Twombly-Iqbal*. *See Maurice Sporting Goods, Inc. v. BB Holdings, Inc.*, 2016 WL 2733285, at *2 (N.D. Ill. May 11, 2016) ("[A]ffirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure, they must set forth a short and plain statement of all the material elements of the defense asserted; bare legal conclusions are not sufficient.").

### III. Analysis

#### a. Motion for Leave to File Answer and Affirmative Defenses

Defendant seeks leave to assert the following defenses:

(1) the parties are bound to arbitration ("arbitration defense");

(2) Plaintiffs' claims are subject to a class action waiver ("class action defense");

(3) Plaintiffs' claims and claims by some or all putative class members are barred or limited by the "established business relationship" exemption, 16 C.F.R. § 310.4(b)(1)(iii)(B) ("established business relationship defense");

(4) Sirius XM cannot be liable under the TCPA where Plaintiffs and the putative class members consented to receive telemarketing calls by providing their telephone phone number to Sirius XM or an agent of Sirius XM or in any other manner ("prior consent defense");

(5) Sirius XM cannot be liable for any purported violations of 47 U.S.C. § 227(c)(5) and/or 47 C.F.R. 64.1200(c)(2) because it established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations purportedly in violation of the regulations prescribed under that subsection ("reasonable procedures defense");

(6) Plaintiffs' claims and the claims of putative class members are barred to the extent that they seek to hold Sirius XM liable for calls it did not make ("vicarious liability");

(7) Finding Sirius XM liable for calling a recipient who wished to receive the calls or did not object to receiving the calls would violate the First Amendment of the United States Constitution and similar provisions of various state constitutions ("free speech defense"); and

(8) Awarding statutory damages to a class under the TCPA in this case would violate the Fifth Amendment and Eighth Amendment of the United States Constitution and similar provisions of various state constitutions ("due process defense").

There is no doubt in this case that the delay was significant. Defendant sought leave to file its Answer 430 days after its deadline.[2] Additionally, Defendant offers no good reason for the delay. Defendant simply forgot to file the answer after the Motion to Dismiss ruling. At the same time, excusable neglect extends sometimes when the delay is "caused by inadvertence, mistake, or carelessness" as it was here. *Lewis*, 523 F.3d at 740. The central issue here revolves around two interconnected factors: whether the Plaintiffs will be prejudiced by the late inclusion of affirmative defenses and how the delay affects judicial proceedings. It ultimately depends on whether Plaintiffs were aware of Defendant's intent to assert these defenses and whether Plaintiffs conducted discovery in line with the anticipated defenses.

---

[2] Plaintiffs argue that the Court should also consider Defendant's previous dilatory acts. *See Postle v. Bath & Body Works, LLC*, 2015 WL 521365 (N.D. Ill. Feb. 9, 2015). The only dilatory acts Plaintiffs cite are Defendant's refusals to produce discovery items which it in good faith argued were not discoverable. There is no history of untimely responses or failures to respond to Court orders.

4

The Court finds Plaintiffs had notice of Defendant's intention to raise the following defenses: Prior Consent Defense, Pre-Existing Relationship Defense, and Reasonable Procedures Defense.

Plaintiffs sent Defendant a letter on September 29, 2023, noting that they expected Defendant "may assert an affirmative defense that people called either provided consent for the calls or were in pre-existing business relationships with Sirius XM prior to the calls." Furthermore, during Plaintiffs deposition of a Senior Director at Defendant, Plaintiffs inquired about Defendant's established business relationships with car purchasers and about consent. Additionally, Plaintiffs' Motion for Class Certification argues that there is no evidence of an established business relationship. The Court also considers that Defendant mentioned its intention to raise these defenses in its motion to dismiss.

Plaintiffs also had notice of Defendant's intention to raise the Reasonable Procedures Defense. Plaintiffs served Defendant with an amended Rule 30(b)(6) notice seeking testimony about Defendant's "methods and/or practices used to memorialize 'do-not-call' requests in an internal do-not-call list." This notice indicates that Plaintiffs were aware that Defendant would claim its internal do not call procedures were reasonable.[3]

Not only did Plaintiffs have notice of Defendant's intention to raise these defenses, but they also sought documents and testimony related to these defenses. In this case, Defendant's intention was obvious throughout the case and there was no harm to Plaintiffs. *Garofalo*, 754 F.3d at 436; *see also See Ollison v. Wexford Health Sources, Inc.*, 2019 Wl 11321228, at *7 (C.D. Ill. Sept. 13, 2019) ("Defendants' inadvertent error in failing to file an answer for three years is not a compelling excuse. The Court is more persuaded by the fact that the parties continued to litigate the case as though all answers had been filed. In addition, there is no evidence of bad faith by the Defendants. Therefore, allowing

---

[3] Defendant argues Plaintiff had notice of its intended defenses from the prior Buchanan case. While the litigation in the two cases is similar, Defendant provides no support for its argument that a former case provides adequate notice to attorneys for a future separate lawsuit. The Court disagrees with Defendant that defenses asserted in another case are applicable to the waiver discussion here.

the late answer will have little, if any, impact on the judicial proceedings, and little, if any, prejudicial impact on Plaintiff.").[4]

At the same time, the Court finds Plaintiffs did not have adequate notice of the following defenses and allowing them this late in the litigation would prejudice Plaintiffs: Class Wavier Defense, Arbitration Defense, Vicarious Liability Defense, Due Process Defense, Free Speech Defense.

Defendant argues that these defenses are legal in nature and therefore should be permitted. Defendant maintains that courts regularly allow unpleaded legal defenses to be raised at trial. However, Defendant only cites to Fifth Circuit cases to support this argument. Importantly, the Court finds that while some of these defenses were raised in passing in discovery, they were not thoroughly addressed by either party and allowing them at this late stage would prejudice Plaintiffs. Defendant's request to add these defenses 430 days late is denied.

Accordingly, the Court grants Defendant leave to file a late answer and include only the following affirmative defenses: Prior Consent Defense, Pre-Existing Relationship Defense, and Reasonable Procedures Defense.

**b. Motion to Strike and Sanction**

Plaintiff asks the Court to strike portions of Defendant's Motion that contain confidential information and to sanction Defendant. Specifically, Plaintiff asks to strike Exhibit 16 attached to Defendant's Motion to Leave to File Answer (#64-16).[5] Exhibit 16 is a copy of a letter Plaintiffs' counsel sent to defense counsel regarding their client's interest in engaging in meditation ("Letter").

---

[4] Plaintiff argues that the defenses should be rejected as they are not adequately pled. "Because affirmative defenses are pleadings, they must comply with the general pleading requirement of Fed. R. Civ. P. 8(a), which requires 'a short and plain statement' of the defense that gives the other party fair notice of the nature of the defense." *Sales v. Johnson*, 2023 WL 8283875, at 3 (E.D. Wisc. Nov. 30, 2023); Fed. R. Civ. P. 8(a). However, "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Each of the proposed defenses gives fair notice of Defendant's defense and the grounds upon which it rests. Specific facts are not required. Defendant meets the pleading standard of Rule 8(a).

[5] Plaintiffs also seek to strike Defendant's quotations from the Letter included in Defendant's Motion.

Plaintiffs labeled the Letter "Privileged and Confidential Pursuant to Fed. R. Evid. 408." Plaintiffs' Motion argues that the Letter should be struck because it contains Plaintiff's considerations in favor of mediation and sets forth Plaintiffs' initial mediation positions regarding facts and law.

The Court initially sealed the Letter pending further order. After reviewing the document and the relevant law, the Court finds the Letter does not contain confidential settlement information.

Plaintiffs give several reasons the Letter should be sealed, and the Court will consider each in turn. First, Plaintiffs argue that Illinois recognizes a mediation privilege. The Court dismissed Plaintiffs' state law claims when ruling on Defendant's Motion to Dismiss. Only claims under Federal law remain and Illinois law on privileges is irrelevant.

Second, Plaintiffs reference Local Rule 16.4(E)(7), which provides:

> The entire mediation process is confidential. Neither the parties nor the mediator may disclose information regarding the process, including terms of settlement, to the Court or to third persons unless all parties otherwise agree. Parties, counsel and mediators may, however, respond to confidential inquiries or surveys by persons authorized by the Court to evaluate the mediation program. Information provided in such inquiries will remain confidential and will not be identified with particular cases.

Local Rule 16.4 applies to "Court annexed dispute resolution processes." The Rule provides guidance for mediation conducted by the Court, not private mediation.

Third, Plaintiffs reference the parties' signed mediation Confidentiality Agreement, which prevented the mediation statements from being subject to discovery. However, the parties entered into this Agreement on September 19, 2024. Plaintiffs sent the Letter on May 30, 2024, well before the Agreement was reached.

Finally, Plaintiffs cite the Stipulated Confidentiality Agreement to which the parties agreed and the Court entered on November 17, 2025 (#18). While the Court agrees that Plaintiffs designated the Letter as Privileged and Confidential, the Letter does not fall under any of the categories covered by the Confidentiality Agreement. The

7

Agreement defines "Confidential Information" as "(a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential including Confidential Information subject to confidentiality agreements with third parties; (d) medical information concerning any individual; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case." After reviewing Plaintiffs' Letter, it does not contain anything from the above categories.[6]

For these reasons, Plaintiff's Motion to Strike and Sanction Defendant (#65) is denied.

### IV.   Conclusion

The Court orders as follows:

a. Defendant is granted leave to file an Answer including the following affirmative defenses: Prior Consent Defense, Pre-Existing Relationship Defense, and Reasonable Procedures Defense; and

b. The Court directs the Clerk to lift the seal on Exhibit 16 to Document 64.

ENTERED this 13th day of March, 2025.

                                                          s/ERIC I. LONG
                                        UNITED STATES MAGISTRATE JUDGE

---

[6] Defendant includes argument relating to Fed. R. Evid. 408, which bars the introduction of conduct or statements made during negotiations to prove the validity or amount of a disputed claim or to impeach by prior inconsistent statement. Plaintiffs do not raise any argument relating to Fed. R. Evid. 408, and it does not apply here.