## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| JULIE CAMPBELL, KEITH SADAUSKAS, DIANA BICKFORD and KERRIE MULHOLLAND, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>SIRIUS XM RADIO LLC,<br><br>            Defendant. | Case No. 2:22-cv-02261-CSB-EIL |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT SIRIUS XM RADIO LLC

Defendant Sirius XM Radio Inc. ("Sirius XM"), now known as Sirius XM Radio LLC, by and through its undersigned counsel, hereby responds to the Original Class Action Complaint (the "Complaint") filed by Plaintiffs Julie Campbell, Keith Sadauskas (who has since the filing of the Complaint voluntarily dismissed his claim and is therefore no longer a plaintiff), Diana Bickford and Kerrie Mulholland ("Plaintiffs") as follows:

### NATURE OF ACTION

1.      Sirius XM admits that this action is brought under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*. (the "TCPA").  Sirius XM denies each and every allegation contained in Paragraph 1 of the Complaint, except it admits that Sirius XM maintains an internal do-not-call registry as required by the TCPA to record and honor the names and phone numbers of individuals who have specifically asked Sirius XM not to call them.

2.      Sirius XM admits that it entered into class settlements agreements in *Hooker v. Sirius XM Radio, Inc.*, No. 4:13-cv-003 (E.D. Va.) ("*Hooker*"), and *Buchanan v. Sirius XM Radio, Inc.*, No. 3:17-CV-0728-D (N.D. Tex.) ("*Buchanan*"). The terms of those settlement agreements speak for themselves and are available at their respective dockets. As to the allegations in Paragraph 2 that relate to other parties, Sirius XM does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies such allegations. Sirius XM denies that it engaged in illegal calling practices and, except as specifically admitted, further denies each and every remaining allegation contained in Paragraph 2.

3.      As to the allegations in the second sentence of Paragraph 3, Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies such allegations. Sirius XM denies each and every remaining allegation contained in Paragraph 3.

4.      Sirius XM admits that this action is brought under the TCPA. Except as specifically admitted, Sirius XM denies each and every remaining allegation contained in Paragraph 4.

## SUBJECT MATTER JURISDICTION AND VENUE

5.      Sirius XM admits that the Court has original jurisdiction over this action. Except as specifically admitted, Sirius XM denies, each and every allegation contained in Paragraph 5.

6.      Sirius XM admits that Plaintiffs have alleged venue in this district is proper. Sirius XM states that this is a legal conclusion to which no response is required. To the extent a response is required, Sirius XM denies each and every remaining allegation contained in Paragraph 6.

7.      Sirius XM admits that Plaintiffs have alleged venue in this district is proper. Sirius XM states that this is a legal conclusion to which no response is required. Except as specifically admitted, Sirius XM denies each and every remaining allegation contained in Paragraph 7.

## PARTIES AND PERSONAL JURISDICTION

8.      Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9.      Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them. As previously stated, Sirius XM states that Mr. Sadauskas has voluntarily dismissed his claims and is no longer a plaintiff in this case.

10.     Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11.     Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12.     Sirius XM denies each and every allegation in Paragraph 12. Sirius XM states that Sirius XM Radio LLC is a Delaware limited liability company with its principal place of business at 1221 Ave. of the Americas, 35th Fl., New York, NY 10020.

13.     Sirius XM admits that it broadcasts music, sports, entertainment, comedy, talk, news, traffic and weather channels, as well as infotainment services, in the United States on a subscription fee basis and also over the Internet, including through applications for mobile devices. Except as specifically admitted, Sirius XM denies each and every remaining allegation contained in Paragraph 13.

14.      Sirius XM admits that it transacts business in various U.S. states, including the Central District of Illinois, Urbana Division.  Except as specifically admitted, Sirius XM denies each and every remaining allegation contained in Paragraph 14.

15.      Sirius XM admits that it transacts business in various U.S. states, including the Central District of Illinois, Urbana Division.  Except as specifically admitted, Sirius XM denies each and every remaining allegation contained in Paragraph 15.

16.      Sirius XM admits that it transacts business in various U.S. states, including Illinois, and that it derives certain revenue from the business it transacts in various U.S. states, including the Central District of Illinois, Urbana Division.  Except as specifically admitted, Sirius XM denies each and every remaining allegation contained in Paragraph 16.

17.      Sirius XM denies each and every allegation contained in Paragraph 17.

18.      Sirius XM states that the allegations set forth in Paragraph 18 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies each and every allegation contained therein.

19.      Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies each and every allegation contained therein.

20.      Sirius XM admits that it transacts business in various U.S. states and that it is engaged in interstate commerce through the use of telephone lines and the mail.  Except as specifically admitted, Sirius XM denies each and every remaining allegation contained in Paragraph 20.

## APPLICABLE LAW

21.      Sirius XM states that the allegations set forth in Paragraph 21 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM

- 4 -

states that the TCPA and the regulations relating to the TCPA speak for themselves.  Sirius XM denies each and every remaining allegation contained in Paragraph 21.

22.    Sirius XM states that the allegations set forth in Paragraph 22 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM states that the TCPA and the regulations relating to the TCPA speak for themselves.  As to the final sentence of Paragraph 22, Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies such allegations. Sirius XM denies, each and every remaining allegation contained in Paragraph 22.

23.    Sirius XM states that the allegations set forth in Paragraph 23 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM states that the TCPA and the regulations relating to the TCPA speak for themselves.  Sirius XM denies each and every remaining allegation contained in Paragraph 23.

24.    Sirius XM states that the allegations set forth in Paragraph 24 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM states that the TCPA and the regulations relating to the TCPA speak for themselves.  Sirius XM denies each and every remaining allegation contained in Paragraph 24.

25.    Sirius XM states that the allegations set forth in Paragraph 25 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM states that the TCPA and the regulations relating to the TCPA speak for themselves.  Sirius XM denies each and every remaining allegation contained in Paragraph 25.

26.    Sirius XM admits that Paragraph 26 purports to describe the process of "scrubbing" phone numbers against the National Do-Not-Call Registry database.  To the extent a response is required, Sirius XM denies each and every remaining allegation contained in Paragraph 26, except that Sirius XM is without knowledge or information sufficient to form a

belief as to the truth of the allegations therein insofar as they relate to persons other than Sirius XM and on that basis denies such allegations.

27.     Sirius XM states that the allegations set forth in Paragraph 27 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM states that the TCPA and the regulations relating to the TCPA speak for themselves.  Sirius XM denies each and every remaining allegation contained in Paragraph 27, except that Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations therein insofar as they relate to persons other than Sirius XM and on that basis denies such allegations.

28.     Sirius XM states that the allegations set forth in Paragraph 28 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM states that the TCPA and the regulations relating to the TCPA speak for themselves.  Sirius XM denies each and every remaining allegation contained in Paragraph 28.

29.     Sirius XM states that the allegations set forth in Paragraph 29 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM states that the TCPA and the regulations relating to the TCPA speak for themselves.  Sirius XM denies each and every remaining allegation contained in Paragraph 29.

30.     Sirius XM states that the allegations set forth in Paragraph 30 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM states that the TCPA and the regulations relating to the TCPA speak for themselves.  Sirius XM denies each and every remaining allegation contained in Paragraph 30, except that Sirius XM admits that 47 C.F.R. § 64.1200(b)(3) contains the quoted language.

31.     Sirius XM states that the allegations set forth in Paragraph 31 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM

denies the allegations in Paragraph 31, except that Sirius XM admits that 47 C.F.R.
§ 64.1200(b)(3) contains the quoted language.

32.    Sirius XM states that the allegations set forth in Paragraph 32 are legal
conclusions to which no response is required.  To the extent a response is required, Sirius XM
denies the allegations in Paragraph 32, except that Sirius XM admits that 47 C.F.R. §
64.1200(d)(3) contains the quoted language.

33.    Sirius XM states that the allegations set forth in Paragraph 33 are legal
conclusions to which no response is required.  To the extent a response is required, Sirius XM
denies the allegations in Paragraph 33, except that Sirius XM admits that the Rules and
Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10
FCC Rcd. 12391, 12397 ¶ 13 (1995), contains the quoted language.

34.    Sirius XM states that the allegations set forth in Paragraph 34 are legal
conclusions to which no response is required.  To the extent a response is required, Sirius XM
denies the allegations in Paragraph 34, except that Sirius XM admits that the Request of State
Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling,
Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005), contains the quoted language.

35.    Sirius XM states that the allegations set forth in Paragraph 35 are legal
conclusions to which no response is required.  To the extent a response is required, Sirius XM
states that the TCPA and the regulations relating to the TCPA speak for themselves.  Sirius XM
denies, each and every remaining allegation contained in Paragraph 35.

36.    Sirius XM states that the allegations set forth in Paragraph 36 are legal
conclusions to which no response is required.  To the extent a response is required, Sirius XM
denies each and every remaining allegation contained in Paragraph 36.

37.    Sirius XM states that the allegations set forth in Paragraph 37 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies the allegations in Paragraph 37, except that Sirius XM admits that the Rules & Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, 68 FR 44144-01, at ¶¶ 83–84 (2003), contains the quoted language.

38.    Sirius XM denies each and every allegation in Paragraph 38.

### SIRIUS XM RECENT TCPA SETTLEMENTS

39.    Sirius XM admits that it entered into class settlements agreements in *Hooker* and *Buchanan*.  Sirius XM states that the terms of those settlement agreements speak for themselves and are available at their respective dockets.  Except as specifically admitted, Sirius XM denies the allegations contained in Paragraph 39.

40.    Sirius XM admits that *Hooker* was brought under the TCPA.  Sirius XM states that the allegations and facts of the case speak for themselves.  Except as specifically admitted, Sirius XM denies the allegations contained in Paragraph 40.

41.    Sirius XM admits that *Buchanan* was brought under the TCPA.  Sirius XM states that the allegations and facts of the case speak for themselves.  Except as specifically admitted, Sirius XM denies the allegations contained in Paragraph 41.

42.    Sirius XM denies each and every allegation in Paragraph 42.

43.    Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 regarding when the putative "Pre-Buchanan National Do-Not-Call Registry Class" "bought or leased cars."  Sirius XM denies that it placed outbound telemarketing calls to former Plaintiff Keith Sadauskas following the *Buchanan* settlement. Sirius XM admits that it placed outbound telemarketing calls to Plaintiff Mulholland following the *Buchanan* settlement and states that all such calls did not violate the TCPA because Sirius

XM had an EBR with Plaintiff Mulholland during each call. Sirius XM denies that Plaintiff

Mulholland did not purchase a car following the *Buchanan* settlement. Sirius XM denies each

and every remaining allegation contained in Paragraph 43.

## COMPLAINTS TO THE FEDERAL TRADE COMMISSION

44.    Sirius XM is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 44 and therefore denies them.

45.    Sirius XM is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 45 and therefore denies them.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF JULIE CAMPBELL

46.    Upon information and belief, Sirius XM admits the allegations in Paragraph 46.

47.    Sirius XM is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 47 and therefore denies them.

48.    Upon information and belief, Sirius XM admits that it obtained contact

information for Plaintiff Campbell from Plaintiff Campbell, who gave that information to the

dealership from which she purchased the vehicle referenced in Paragraph 46. Sirius XM is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 48 and therefore denies them.

49.    Sirius XM denies each and every allegation in Paragraph 49.

50.    Sirius XM is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 50 and therefore denies them.

51.    Sirius XM is without knowledge or information sufficient to form a belief as to

the truth of the allegations in the first sentence of Paragraph 51 and therefore denies them. Sirius

XM denies the remaining allegations in Paragraph 51.

52.    Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies them.

53.    Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

54.    Sirius XM denies that it did not have an EBR with Plaintiff Campbell at the time of each outbound telemarketing call placed to Plaintiff Campbell.  Sirius XM further denies that Plaintiff Campbell never signed up for Sirius XM's service or paid it anything.  Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and therefore denies them.

**FACTUAL ALLEGATIONS AS TO [FORMER] PLAINTIFF KEITH SADAUSKAS**

55.    Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

56.    Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

57.    Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

58.    Sirius XM denies the allegation in Paragraph 58 that it collected former Plaintiff Sadauskas' contact information without his permission.  Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 and therefore denies them.

59.    Sirius XM denies each and every allegation in Paragraph 59.

60.    Sirius XM denies each and every allegation in Paragraph 60.

61.    Sirius XM denies each and every allegation in Paragraph 61.

62.     Sirius XM denies that it did not have an EBR with former Plaintiff Sadauskas at the time of each outbound telemarketing call placed to former Plaintiff Sadauskas.  Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and therefore denies them.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF DIANA BICKFORD

63.     Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

64.     Upon information and belief, Sirius XM admits that Plaintiff Bickford purchased a Kia Sorrento in or about June 2021 from a dealership in Waterville, Maine.  Except as specifically admitted, Sirius XM denies the allegations contained in Paragraph 64.

65.     Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies them.

66.     Upon information and belief, Sirius XM states that it obtained contact information for Plaintiff Bickford from Plaintiff Bickford, who gave that information to the dealership from which she purchased the vehicle referenced in Paragraph 64.  Sirius XM denies the allegations in Paragraph 66 that it collected Plaintiff Bickford's contact information without her permission. Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and therefore denies them.

67.     Sirius XM denies each and every allegation in Paragraph 67.

68.     Sirius XM denies the allegations in the first sentence of Paragraph 68.  Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and therefore denies them.

69.     Sirius XM denies each and every allegation in Paragraph 69.

70.     Sirius XM denies that it did not have an EBR with Plaintiff Bickford at the time of each outbound telemarketing call placed to Plaintiff Bickford.  Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 and therefore denies them.

**FACTUAL ALLEGATIONS AS TO PLAINTIFF KERRIE MULHOLLAND**

71.     Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them.

72.     Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them.

73.     Upon information and belief, Sirius XM states that it obtained contact information for Plaintiff Mulholland from Plaintiff Mulholland, who gave that information to the dealership from which she purchased the vehicle referenced in Paragraph 71.  Sirius XM denies the allegations in Paragraph 73 that it collected Plaintiff Mulholland's contact information without her permission.  Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and therefore denies them.

74.     Sirius XM denies each and every allegation in Paragraph 74.

75.     Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies them.

76.     Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them.

77.     Sirius XM denies the allegations in the first sentence of Paragraph 77.  Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 and therefore denies them.

78.    Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

79.    Sirius XM denies each and every allegation in Paragraph 79.

80.    Sirius XM denies that it did not have an EBR with Plaintiff Mulholland at the time of each outbound telemarketing call placed to Plaintiff Mulholland.  Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and therefore denies them.

## CLASS ACTION ALLEGATIONS

**NATIONAL DO-NOT-CALL REGISTRY CLASSES:**

81.    Sirius XM denies that Mr. Sadauskas is still a plaintiff.  Sirius XM admits that Plaintiff Mulholland seeks to certify a "Pre-Buchanan National Do-Not-Call Registry Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the class she seeks to certify is described in Paragraph 81.  Sirius XM denies that the class alleged is proper or can be certified.  Except as specifically admitted, Sirius XM denies the remaining allegations contained in Paragraph 81.

82.    Sirius XM admits that Plaintiff Bickford seeks to certify a "Post-Buchanan National Do-Not-Call Registry Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the class he seeks to certify is described in Paragraph 82.  Sirius XM denies that the class alleged is proper or can be certified.  Except as specifically admitted, Sirius XM denies the remaining allegations contained in Paragraph 82.

83.    Sirius XM denies that Mr. Sadauskas is still a plaintiff.  Sirius XM admits that Plaintiffs Mulholland and Bickford seek to certify "National Do-Not-Call Registry Class[es]" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the classes they seek

to certify are further described in Paragraph 83.  Sirius XM denies that the classes alleged are proper or can be certified and denies each and every remaining allegation.

84.    Sirius XM admits that Plaintiffs seek to reserve the right to modify the class definitions contained in Paragraphs 81, 82 and 83.  Except as specifically admitted, Sirius XM denies the allegations contained in Paragraph 84.  Sirius XM denies that the classes alleged are proper or can be certified.

**INTERNAL DO-NOT-CALL REGISTRY CLASS:**

85.    Sirius XM admits that Plaintiffs seek to certify an "Internal Do-Not-Call Registry Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the class they seek to certify is described in Paragraph 85.  Sirius XM denies that the class alleged is proper or can be certified and denies each and every remaining allegation.

86.    Sirius XM admits that Plaintiffs seek to certify "Internal Do-Not-Call Registry Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the class they seek to certify is further described in Paragraph 86.  Sirius XM denies that the class alleged is proper or can be certified and denies each and every remaining allegation.

**INTERNAL DO-NOT-CALL ILLINOIS SUB CLASS:**

87.    Sirius XM admits that Plaintiff Campbell seeks to certify an "Internal Do-Not-Call Illinois Sub-Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the subclass she seeks to certify is described in Paragraph 87.  Sirius XM denies that the subclass alleged is proper or can be certified and further states that the Court has dismissed Count III of the Complaint that had alleged an Illinois claim.  Sirius XM denies each and every remaining allegation of Paragraph 87.

88.    Sirius XM admits that Plaintiff Campbell seeks to certify an "Internal Do-Not-Call Illinois Sub-Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and

that the subclass she seeks to certify is further described in Paragraph 88.  Sirius XM denies that the subclass alleged is proper or can be certified and further states that the Court has dismissed Count III of the Complaint that had alleged an Illinois claim.  Sirius XM denies each and every remaining allegation of Paragraph 88.

**DO-NOT-CALL NORTH CAROLINA SUB CLASS:**

89.     Sirius XM admits that Plaintiff Mulholland seeks to certify a "Do-Not-Call North Carolina Sub-Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the subclass she seeks to certify is described in Paragraph 89.  Sirius XM denies that the subclass alleged is proper or can be certified.  Sirius XM denies each and every remaining allegation of Paragraph 89.

90.     Sirius XM admits that Plaintiff Mulholland seeks to certify a "Do-Not-Call North Carolina Sub-Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the subclass she seeks to certify is further described in Paragraph 90.  Sirius XM denies that the subclass alleged is proper or can be certified.  Sirius XM denies each and every remaining allegation of Paragraph 90.

**INTERNAL DO-NOT-CALL NORTH CAROLINA SUB CLASS:**

91.     Sirius XM admits that Plaintiff Mulholland seeks to certify an "Internal Do-Not-Call North Carolina Sub-Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the subclass she seeks to certify is described in Paragraph 91.  Sirius XM denies that the subclass alleged is proper or can be certified.  Sirius XM denies each and every remaining allegation of Paragraph 91.

92.     Sirius XM admits that Plaintiff Mulholland seeks to certify an "Internal Do-Not-Call North Carolina Sub-Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the subclass she seeks to certify is further described in Paragraph 92.  Sirius

XM denies that the subclass alleged is proper or can be certified.  Sirius XM denies each and every remaining allegation of Paragraph 92.

**INTERNAL DO-NOT-CALL WASHINGTON SUB CLASS:**

93.     Sirius XM states that former Plaintiff Sadauskas has dismissed his claims and that no plaintiff remains who can assert a claim under Washington state law.  Sirius XM admits that former Plaintiff Sadauskas sought to certify an "Internal Do-Not-Call Washington Sub-Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the subclass he sought to certify is described in Paragraph 93.  Sirius XM denies that the subclass alleged is proper or can be certified.  Sirius XM denies each and every remaining allegation of Paragraph 93.

94.     Sirius XM states that former Plaintiff Sadauskas has dismissed his claims and that no plaintiff remains who can assert a claim under Washington state law.  Sirius XM admits that former Plaintiff Sadauskas sought to certify an "Internal Do-Not-Call Washington Sub-Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the subclass he sought to certify is further described in Paragraph 94.  Sirius XM denies that the subclass alleged is proper or can be certified.  Sirius XM denies each and every remaining allegation of Paragraph 94.

95.     Sirius XM admits that Plaintiffs seek to reserve the right to modify the class definitions contained in Paragraphs 85–94.  Sirius XM denies that the subclasses alleged are proper or can be certified.  Except as specifically admitted, Sirius XM denies the remaining allegations contained in Paragraph 95.

96.     Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies them.

- 16 -

97.     Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore denies them.

98.     Sirius XM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore denies them.

99.     Sirius XM states that the allegations set forth in Paragraph 99 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies the allegations contained in Paragraphs 99(a)-(h).

100.     Sirius XM states that the allegations set forth in Paragraph 100 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies the allegations contained in Paragraph 100.

101.     Sirius XM states that the allegations set forth in Paragraph 101 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies the allegations contained in Paragraph 101.

102.     Sirius XM states that the allegations set forth in Paragraph 102 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies the allegations contained in Paragraph 102.

103.     Sirius XM states that the allegations set forth in Paragraph 103 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies the allegations contained in Paragraph 103.

104.     Sirius XM denies each and every allegation contained in Paragraph 104.

**CAUSES OF ACTION**

**Count I**
**Violation of 47 U.S.C. § 227(c)**
**Telemarketing in violation of the TCPA's National Do-Not-Call provisions**

105.    Sirius XM reasserts and incorporates by reference its responses to Paragraphs 1–104 as if set forth fully herein.

106.    Sirius XM denies each and every allegation contained in Paragraph 106.

107.    Sirius XM denies each and every allegation contained in Paragraph 107.

108.    Sirius XM denies each and every allegation contained in Paragraph 108.

109.    Sirius XM denies each and every allegation contained in Paragraph 109.

110.    Sirius XM states that former Plaintiff Sadauskas has dismissed his claims and is no longer seeking to represent any class in this case.  Sirius XM admits that Plaintiffs Mulholland and Bickford seek, on behalf of themselves and the alleged classes, injunctive relief.  Except as specifically admitted, Sirius XM denies that said Plaintiffs are entitled to any relief and otherwise denies the allegations in Paragraph 110.

**Count II**
**Violation of 47 U.S.C. § 64.1200(d)(3)**
**Failure to honor company-specific Do-Not-Call requests**

111.    Sirius XM reasserts and incorporates by reference its responses to Paragraphs 1–110 as if set forth fully herein.

112.    Sirius XM denies each and every allegation contained in Paragraph 112.

113.    Sirius XM denies each and every allegation contained in Paragraph 113.

114.    Sirius XM denies each and every allegation contained in Paragraph 114.

115.    Sirius XM states that former Plaintiff Sadauskas has dismissed his claims and is no longer seeking to represent any class in this case.  Sirius XM admits that the remaining Plaintiffs seek, on behalf of themselves and the alleged classes, injunctive relief.  Except as

- 18 -

specifically admitted, Sirius XM denies that said Plaintiffs are entitled to any relief and otherwise denies the allegations in Paragraph 115.

**Count III**
**Violation of 815 ILCS 413 et seq.**
**Telemarketing in Violation of the Illinois Telephone Solicitations Act**

116.     Sirius XM reasserts and incorporates by reference its responses to Paragraphs 1–115 as if set forth fully herein.  Sirius XM further avers that the Court has dismissed Count III of the Complaint.

117.     Sirius XM states that the Court has dismissed Count III of the Complaint and further states that the allegations set forth in Paragraph 117 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies the allegations contained in Paragraph 117.

118.     Sirius XM states that the Court has dismissed Count III of the Complaint and further denies each and every allegation contained in Paragraph 118.

119.     Sirius XM states that the Court has dismissed Count III of the Complaint and further denies each and every allegation contained in Paragraph 119.

120.     Sirius XM states that the Court has dismissed Count III of the Complaint and further denies each and every allegation contained in Paragraph 120.

**Count IV**
**Violation of NC Code § 75-100 et seq.**
**Telemarketing in Violation of the North Carolina Telemarketing Law § 75-102(a)**

121.     Sirius XM reasserts and incorporates by reference its responses to Paragraphs 1–120 as if set forth fully herein.

122.     Sirius XM states that the allegations set forth in Paragraph 122 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies the allegations contained in Paragraph 122.

123.    Sirius XM states that the allegations set forth in Paragraph 123 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies the allegations contained in Paragraph 123.

124.    Sirius XM denies each and every allegation contained in Paragraph 124.

125.    Sirius XM denies each and every allegation contained in Paragraph 125.

126.    Sirius XM denies each and every allegation contained in Paragraph 126.

127.    Sirius XM states that the allegations set forth in Paragraph 127 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies the allegations contained in Paragraph 127.

128.    Sirius XM admits that Plaintiff Mulholland seeks, on behalf of herself and the alleged class, injunctive relief.  Except as specifically admitted, Sirius XM denies that Plaintiff Mulholland is entitled to any relief and otherwise denies the allegations in Paragraph 128.

**Count V**
**Violation of NC Code § 75-100 et seq.**
**Telemarketing in Violation of the North Carolina Telemarketing Law § 75-102(b)**

129.    Sirius XM reasserts and incorporates by reference its responses to Paragraphs 1–128 as if set forth fully herein.

130.    Sirius XM states that the allegations set forth in Paragraph 130 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies the allegations contained in Paragraph 130.

131.    Sirius XM states that the allegations set forth in Paragraph 131 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies the allegations contained in Paragraph 131.

132.    Sirius XM denies each and every allegation contained in Paragraph 132.

133.    Sirius XM denies each and every allegation contained in Paragraph 133.

134.    Sirius XM denies each and every allegation contained in Paragraph 134.

135.    Sirius XM states that the allegations set forth in Paragraph 135 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies the allegations contained in Paragraph 135.

136.    Sirius XM admits that Plaintiff Mulholland seeks, on behalf of herself and the alleged class, injunctive relief.  Except as specifically admitted, Sirius XM denies that Plaintiff Mulholland is entitled to any relief and otherwise denies the allegations in Paragraph 136.

**Count VI**
**Violation of RCW 80.36.390 et seq.**
**Telemarketing in Violation of the Washington Do Not Call Statute, RCW 80.36.390(6)**

137.    Sirius XM reasserts and incorporates by reference its responses to Paragraphs 1–136 as if set forth fully herein.

138.    Sirius XM states that former Plaintiff Sadauskas has dismissed his claims and is no longer seeking to represent any class in this case.  Plaintiff Sadauskas was the sole named plaintiff on whose behalf Count VI was alleged.  Therefore, Count VI is now moot and should be dismissed.  To the extent a response is required Sirius XM states that the allegations set forth in Paragraph 138 are legal conclusions to which no response is required.  To the extent a response is required, Sirius XM denies the allegations contained in Paragraph 138.

139.    Sirius XM states that former Plaintiff Sadauskas has dismissed his claims and is no longer seeking to represent any class in this case.  Plaintiff Sadauskas was the sole named plaintiff on whose behalf Count VI was alleged.  Therefore, Count VI is now moot and should be dismissed.  To the extent a response is required, Sirius XM denies each and every allegation contained in Paragraph 139.

140.    Sirius XM states that former Plaintiff Sadauskas has dismissed his claims and is no longer seeking to represent any class in this case.  Plaintiff Sadauskas was the sole named

plaintiff on whose behalf Count VI was alleged. Therefore, Count VI is now moot and should be dismissed. To the extent a response is required, Sirius XM denies each and every allegation contained in Paragraph 140.

141.    Sirius XM states that former Plaintiff Sadauskas has dismissed his claims and is no longer seeking to represent any class in this case. Plaintiff Sadauskas was the sole named plaintiff on whose behalf Count VI was alleged. Therefore, Count VI is now moot and should be dismissed. To the extent a response is required, Sirius XM denies each and every allegation contained in Paragraph 141.

142.    Sirius XM states that former Plaintiff Sadauskas has dismissed his claims and is no longer seeking to represent any class in this case. Plaintiff Sadauskas was the sole named plaintiff on whose behalf Count VI was alleged. Therefore, Count VI is now moot and should be dismissed. To the extent a response is required, Sirius XM denies each and every allegation contained in Paragraph 142.

143.    Sirius XM states that former Plaintiff Sadauskas has dismissed his claims and is no longer seeking to represent any class in this case. Plaintiff Sadauskas was the sole named plaintiff on whose behalf Count VI was alleged. Therefore, Count VI is now moot and should be dismissed. To the extent a response is required, Sirius XM denies that Plaintiff Sadauskas was entitled to any relief and otherwise denies the allegations in Paragraph 143.

## INCORPORATION OF PARAGRAPHS

144.    Sirius XM reasserts and incorporates by reference its responses to Paragraphs 1-143 as if set forth fully herein.

## PRAYER FOR RELIEF

To the extent a response is required to Plaintiffs' Prayer for Relief, Sirius XM denies that Plaintiffs are entitled to the relief sought.

## DEMAND FOR TRIAL BY JURY

Sirius XM denies that Plaintiffs are entitled to a trial by jury because they cannot state a viable claim.

## ADDITIONAL DEFENSES

Sirius XM sets forth below its additional defenses.[1]  Each additional defense is asserted as to all claims against Sirius XM.  By setting forth these defenses, Sirius XM does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations.  Sirius XM reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

As separate and distinct defenses, Sirius XM alleges as follows:

### First Additional Defense

### (Established Business Relationship)

Plaintiffs' claims and claims by some or all putative class members are barred or limited by the "established business relationship" exemption, 16 C.F.R. § 310.4(b)(1)(iii)(B).  The determination of whether Sirius XM has an "established business relationship" with any or all of the putative class members will require individualized hearings with respect to each telephone call made by Sirius XM.  As a result, the Court will need to resolve any possible liability with respect to each potential class member on an individualized basis.

---

[1] Sirius XM here asserts three defenses, in accordance with the Court's March 13, 2025 Order.  For the avoidance of doubt, Sirius XM does not waive any of the disallowed defenses.

## **Second Additional Defense**

### **(Prior Consent)**

Sirius XM cannot be liable under the TCPA where Plaintiffs and the putative class members consented to receive telemarketing calls by providing their telephone phone number to Sirius XM or an agent of Sirius XM or in any other manner.  This defense is asserted in the alternative to the argument that lack of consent is an element of a TCPA claim.  The determination of whether an individual gave consent will require individualized hearings with respect to each telephone call made by Sirius XM.  As a result, the Court will need to resolve any possible liability with respect to each potential class member on an individualized basis.

## **Third Additional Defense**

### **(Reasonable Procedures)**

Sirius XM cannot be liable for any purported violations of 47 U.S.C. § 227(c)(5) and/or 47 C.F.R. 64.1200(c)(2) because it established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations purportedly in violation of the regulations prescribed under that subsection.  Further, Sirius XM cannot be liable for any purported violations of North Carolina General Statute § 75-102(a) or § 75-102(b) because those violations (if any) were a result of mistake and Sirius XM implemented written procedures to prevent unlawful solicitations and trained, monitored, and enforced compliance with those procedures.  *See* N.C. Gen. Stat. § 75-102(d); *id.* § 75-105(c).   This defense is not applicable to Count I of the Complaint (Alleged Violation of the TCPA's National Do-Not-Call Registry).

## **SIRIUS XM'S PRAYER FOR RELIEF**

WHEREFORE, Sirius XM denies that Plaintiffs and the putative class are entitled to any relief and respectfully requests that the Court enter on Order of Judgment:

1.   Denying certification of Plaintiffs' proposed class;

2. Dismissing Plaintiffs' Complaint with prejudice;

3. Awarding Sirius XM its attorneys' fees, costs and expenses; and

4. Granting such other and further relief for Sirus XM as this Court deems just and proper.

Dated: March 18, 2025                    Respectfully submitted,


                                          */s/ Lee A. Armstrong*

                                         JONES DAY

                                         Christopher A. Hall
                                         IL #6316715
                                         chall@jonesday.com
                                         110 North Wacker Drive
                                         Suite 4800
                                         Chicago, IL  60606
                                         Telephone: (312) 782-3939
                                         Facsimile: (312) 782-8585

                                         Lee A. Armstrong
                                         Mark R. Seiden
                                         JONES DAY
                                         250 Vesey Street
                                         New York, New York
                                         Tel: (212) 326-3939
                                         Fax: (212) 755-7306
                                         Email: laarmstrong@jonesday.com
                                         Email: mrseiden@jonesday.com

                                         Thomas Demitrack
                                         JONES DAY
                                         North Point
                                         901 Lakeside Avenue
                                         Cleveland, OH 44114-1190
                                         Tel: (216) 586-3939
                                         Fax: (216) 579-0212
                                         Email: tdemitrack@jonesday.com

                                         Jeffrey R. Johnson
                                         JONES DAY
                                         51 Louisiana Avenue, N.W.
                                         Washington, D.C. 20001-2113
                                         Tel: (202) 879-3939
                                         Email: jeffreyjohnson@jonesday.com

                                         *Counsel for Defendant Sirius XM Radio LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Lee A. Armstrong, certify that on March 18, 2025, I caused the foregoing ANSWER

AND AFFIRMATIVE DEFENSES OF DEFENDANT SIRIUS XM RADIO LLC to be filed

with the Clerk of the Court and served upon all counsel of record via the CM/ECF system.


*/s/ Lee A. Armstrong*
Lee A. Armstrong