**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

|  |  |
|---|---|
| JULIE CAMPBELL, KEITH SADAUSKAS, DIANA BICKFORD and KERRIE MULHOLLAND, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SIRIUS XM RADIO, INC.,<br><br>Defendant. | Case No. 2:22-cv-2261-CSB-EIL |

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Plaintiffs, on behalf of themselves and all others similarly situated, and Defendant have entered into a Settlement Agreement and Release, dated September 26, 2025 ("Settlement Agreement") that, if approved, would settle the above-captioned litigation.[1] Having considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement [Dkt. 121-1].

---

[1] Plaintiff Keith Sadauskas voluntarily dismissed his claims against the defendant on January 10, 2024 [Dkt. 19]. On September 6, 2024, defendant Sirius XM Radio Inc., a Delaware corporation, was converted into Sirius XM Radio LLC, a Delaware limited liability company, under Delaware law.

2. The Court has jurisdiction over this litigation, Plaintiffs, Defendant, the Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

**PRELIMINARY APPROVAL**

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of counsel. [Dkt. 121, 121-1, 121-2, 121-3.] Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations, through which the basic terms of the Settlement Agreement were negotiated and finalized. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Class and fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

**PRELIMINARY CLASS CERTIFICATION**

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the following Settlement Class as defined in the Settlement Agreement:

> All natural persons in the United States: (1) who received more than one telephone solicitation call in a 12-month period between April 27, 2019 and October 31, 2025 on their landline, wireless, cell or mobile telephone numbers made by or on behalf of Sirius XM, (2) where such calls were received more than 31 days after registering their telephone number with the National Do-Not-Call Registry, and (3) the person was not a self-paying Sirius XM subscriber at the time of the first call or before the start of the second call.

> All natural persons in the United States: (1) who received more than one telephone solicitation call in a 12-month period between April 27, 2019 and October 31, 2025 on their landline, wireless, cell or mobile telephone numbers made by or on behalf of Sirius XM, and (2) where such calls were received after the person asked to register the landline, wireless, cell or mobile telephone number on which they received those telephone calls on Sirius XM's internal Do-Not-Call list.

2

Excluded from the Settlement Class are: any employees, officers, directors of the Defendant, and attorneys appearing in this case, and any judge assigned to hear this action, and their immediate family and staff.

6. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Settlement Class is comprised of millions of individuals; there are questions of law or fact common to the Settlement Class; Plaintiffs' claims are typical of those of Settlement Class Members; and Plaintiffs will fairly and adequately protect the interests of the Settlement Class.

7. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only: the questions of law or fact common to the Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy

8. The Court hereby appoints Plaintiffs Julie Campbell, Diana Bickford and Kerrie Mulholland as the class representatives for the Settlement Class. The Court preliminarily finds that Plaintiffs are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate class representatives.

9. The Court preliminarily finds the following counsel are experienced and adequate counsel and appoints them as Class Counsel for the Settlement: Jarrett L. Ellzey of Ellzey & Associates, PLLC; Daniel M. Hutchinson of Lieff Cabraser Heimann & Bernstein, LLP; Mason A. Barney of Siri & Glimstad LLP, and Carl R. Draper of Feldman Wasser Draper & Cox.

The preliminary certification, preliminary findings, and appointments in Paragraphs 5-9 and shall be vacated if the Settlement is terminated or if for any reason the Effective Date therein does not occur.

## NOTICE AND ADMINISTRATION

10.     Pursuant to the Settlement Agreement, the Parties have designated Angeion Group as the Settlement Administrator. Angeion Group shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.  Class Counsel are hereby authorized to retain Angeion Group to supervise and administer the notice procedure in connection with the proposed Settlement, as well as to process Claims.

11.     The Court finds that the proposed notice program set forth in the Settlement Agreement satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable law and rules.  The notice program provides the best notice practicable under the circumstances It is reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency and nature of this Litigation, the scope of the Settlement Class, the terms and effect of the Settlement Agreement (including the Releases to be provided thereunder), the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the processes for doing so, and their right to appear at the Final Approval Hearing. The Court therefore approves the notice program and directs the Parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.  The parties, by agreement, may revise all Individual and Publication Notices in ways that are not material, and/or in ways that are appropriate to update those documents for purposes of accuracy and clarity, and may adjust the layout of those documents for purposes of accuracy and clarity, and may adjust the layout of the document for efficient electronic presentation and mailing. No Settlement Class Member shall be relieved from the terms

of the proposed Settlement, including the Releases provided for therein, based solely upon the contention or proof that such Settlement Class Member failed to receive adequate or actual notice.

12. The Settlement Administrator shall commence the notice program within the time required by the Settlement Agreement.

13. The Court also approves the versions of class notice and claim form attached as Exhibits E and F to the Settlement Agreement.

14. All reasonable costs incurred in notifying Settlement Class Members of the Settlement as well as in administering the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

15. When paid, the Settlement Fund shall be deemed and considered *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

16. The Settlement Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

## PARTICIPATION IN THE SETTLEMENT

17. Settlement Class Members who wish to participate in the Settlement must complete and submit a Claim Form in accordance with the instructions contained therein. Notwithstanding the foregoing, the Parties may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Settlement Fund. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his or her Claim and the subject matter of the Settlement.

Any Settlement Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his or her right to share in the Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders, and judgments in the Litigation relating thereto, including, without limitation, the Order and Final Judgment and the Releases provided for therein; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against each and all of the Released Parties, as more fully described in the Settlement Agreement and Class Notice.

## 'EXCLUSION AND OBJECTIONS

18. Settlement Class Members who wish to opt out and exclude themselves from the Class may do so by notifying the Settlement Administrator by personally completing and mailing a request for exclusion ("Opt-Out") form that is then received by the Settlement Administrator at the addresses set forth in the class notice and that (i) states his or her full name and address; and (ii) contains the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Case; and (iii) states in plain English and unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and to waive all rights to the benefits of the Settlement. The Settlement Administrator shall promptly inform Sirius XM's counsel and Class Counsel in writing of any Successful Opt-Outs.

19. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his or her right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the

provisions of the Settlement Agreement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Order and Final Judgment and the Releases provided for therein; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Released Parties, as more fully described in the Settlement Agreement and Notice.

20. Settlement Class Members who wish to object to the Settlement may do so by submitting a written Objection to the Court in accordance with the procedures outlined in the Class Notice by February 27, 2026, which must be in writing, postmarked by the Objection Deadline, filed with/or mailed to the Court and the Settlement Administrator and must (i) set forth the Class Member's full name, current address, email address and telephone number, as well as the name, address, email address and telephone number of all attorneys representing the objector; (ii) identify the landline, wireless, cell or mobile telephone number of the Class Member that brings him or her within the scope of the Settlement Class; (iii) contain the Class Member's original signature or the signature of counsel for the Class Member; (iv) state that the Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; (vi) include a list of all cases, by name and case number, in which the objector and/or their counsel has filed or in any way participated in—financially or otherwise—objections to a class action settlement in the previous five (5) years; and (vii) provide copies of any documents that the Class Member wishes to submit in support of his/her position.

21. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the notice program and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the

Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

## **FINAL APPROVAL HEARING**

22. The Court will hold a Final Approval Hearing on March 30, 2026 at 1:15 p.m. C.S.T. via Zoom teleconference from the United States District Court, Central District of Illinois, 318 U.S. Courthouse, 210 S. Vine Street, Urbana, Illinois 61802, or as otherwise ordered. If this date or time changes, Class Counsel shall instruct the Settlement Administrator to post the updated date and time on the Settlement website.

23. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of Plaintiff as class representative should be made final; (e) Class Counsel's motion for attorneys' fees and Litigation Expenses should be granted; (f) the Service Awards sought for Plaintiff should be granted; (g) any other matters that properly may be brought before the Court in connection with the Settlement, and (h) a final judgment dismissing this action with prejudice against Defendant should be entered, substantially in the form attached as Exhibit G to the Settlement Agreement.

24. Any Settlement Class Member who does not request exclusion from the Settlement Class and wishes to appear at the Final Approval Hearing, whether pro se or through counsel, must, within the time set by the Court, submit a written objection in the manner set forth in paragraph 20 above, mail or hand-deliver to the Court a notice of appearance, provide copies of any exhibits or other documents that the Class Member intends to present or use as evidence at the hearing, provide a list of all witnesses that the Class Member intends to call to give evidence at the hearing, take all

8

other actions or make any additional submissions as may be ordered by the Court, and mail or hand-deliver any notice and any such exhibits, lists or other documents to Class Counsel and Sirius XM's counsel as provided in the individual or publication notices such that receipt of same by Class Counsel and Sirius XM's counsel has occurred no later than fourteen (14) days prior to the Final Approval Hearing. The Court may tax the costs of any discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or made for an improper purpose. No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in an Objection, but failed to do. Any Class Member who fails to comply with the procedure in this Order, the individual or publication notices, and any other order by the Court, shall be barred from appearing at the Final Approval Hearing

25. Any Settlement Class Member who does not make his or her objection in the manner provided herein shall be deemed to have waived his or her right to object to any aspect of the proposed Settlement Agreement and Class Counsel's motion for an award of attorneys' fees, costs and other expenses (including a Service Award to the Named Plaintiff), and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement Agreement or the requested attorneys' fees, costs and other expenses, or from otherwise being heard concerning the Settlement Agreement or the requested attorneys' fees, costs and other expenses in this or any other proceeding.

26. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

27. All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

28.     All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

29.     In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc.

**IT IS SO ORDERED**.

Dated: _____        _____
                                                            Hon. Colin S. Bruce
                                                            UNITED STATES DISTRICT JUDGE

**SETTLEMENT TIMELINE**

| Event | Deadline |
|---|---|
| **Defendant to pay the Settlement Fund :** | The later of: (i) January 15, 2026, or (ii) ten (10) days following the Court's entry of the Preliminary Approval Order |
| **Settlement Website available for viewing** | The Settlement website shall be available for viewing as soon as practicable, and no later than ten (10) days after the later of: (i) January 15, 2026, or (ii) the Court's entry of the Preliminary Approval Order. The Settlement Website shall remain available for viewing at least until 270 days after Effective Date of the Settlement Agreement. |
| **Toll-Free Number to be Established and Operational** | As soon as practicable, and by no later than ten (10) days after the later of: (i) January 15, 2026, or (ii) the Court's entry of the Preliminary Approval Order. |
| **The Parties Preparation of the Class Member List** | Substantial completion by November 19, 2025, fully completed by December 15, 2025. |
| **Class Counsel to deliver the Class Member List to the Settlement Administrator** | December 1, 2025, to be supplemented on, or before, December 16, 2025, to the extent necessary. |
| **Notice Program Begins (Email or Postcard Notice Sent)** | To commence fifteen (15) days following the Settlement Administrator's receipt of Class Member List from Class Counsel. |

| | |
|---|---|
| **Publication Notice Published** | Within thirty (30) days following the Settlement Administrator's receipt of the Class Member List from Class Counsel. |
| **Administrator to file proof of Notice Mailing/Emailing** | Within thirty (30) days after commencement of notice of the Class Member. |
| **Opt-Out Deadline** | No less than thirty (30) days before the date of the Final Approval Hearing, |
| **Objection Deadline** | No less than thirty (30) days prior to the date of the Final Approval Hearing, |
| **Settlement Administrator to Provide List of Successful Opt-Outs to Parties** | No later than twenty-one (21) days prior to the date of the Final Approval Hearing. |
| **Deadline to Submit Claim Forms** | No later than forty (40) days prior to Final Approval Hearing. |
| **Administrator to file proof of Settlement Website and Toll-Free Number** | No later than fifteen (15) days prior to the Final Approval Hearing. |
| **Deadline for filing Responses to Objections, if any** | No later than fourteen (14) days prior to Final Approval Hearing. |
| **Deadline for Filing Motion for Final Approval of Settlement (Including Application for Attorneys' Fees, Costs, and Service Award)** | Within at least fourteen (14) days prior to Final Approval Hearing (Copy of Motion to be provided to Defendant five business days prior to Deadline). |
| **Final Approval Hearing** | March 30, 2026, at 1:15 p.m. (at least one hundred twenty (120) days after CAFA Notice served) |

SIGNED on _____, 2025

_____
Hon. Colin Stirling Bruce