UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JULIE CAMPBELL, KEITH SADAUSKAS, DIANA BICKFORD and KERRIE MULHOLLAND, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>SIRIUS XM RADIO, INC.,<br><br>        Defendant. | Case No. 2:22-cv-2261-CSB-EIL |

**DECLARATION OF MASON A. BARNEY IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION TO
<u>MODIFY SETTLEMENT SCHEDULE AND NOTICE PROGRAM</u>**

I, Mason A. Barney of Siri & Glimstad, LLP, being competent to testify, make the following declaration:

1. I am one of the Class Counsel and represent Plaintiffs Julie Campbell, Keith Sadauskas, Diana Bickford, and Kerrie Mulholland ("Plaintiffs"), and the Settlement Class in the above-captioned Action against Defendant Sirius XM Radio, Inc., now known as Sirius XM Radio LLC[1] ("Defendant"). I submit this declaration in support of *Plaintiffs' Unopposed Motion to Modify Settlement Schedule and Notice Program.*

2. On November 10, 2025, this Court entered the Preliminary Approval Order. ECF No. 128. That Order approved, among other things, the proposed direct notice plan detailed in Section 10 of the Settlement Agreement (ECF No. 121-1), which called for the best practicable settlement notice to be sent to the Class Members in an efficient and cost-effective manner by

---

[1] I understand that on September 16, 2024, defendant Sirius XM Radio Inc., a Delaware corporation, was converted into Sirius XM Radio LLC, a Delaware limited liability company, under Delaware law.

1

either email or postal mail, depending on the address data provided by Defendant. ECF No. 128 p. 4; ECF No. 121-1 § 10.2.

3. The Preliminary Approval Order and Settlement Agreement set the date for notice to commence at "fifteen (15) days following the Settlement Administrator's receipt of Class Member List from Class Counsel." ECF No. 128, p. 11. All costs related to notice are to be paid from the Settlement Fund.

4. The Preliminary Approval Order also expressly provided that Defendant would not be required to pay the Settlement Fund earlier than January 15, 2026. *See generally* ECF No. 128. Pursuant to the Settlement Agreement, payment of the Settlement Fund is Defendant's sole and exclusive payment obligation thereunder.

5. Based on the current deadlines, Notice should commence on December 16, 2025, that is to say nearly a month before the Settlement Fund will be funded.

6. After review of the Class Member List, it was determined by Plaintiffs that fewer email addresses are available for the potential class members than was originally believed, which means that a greater number of the notices may need to be sent out by postal mail than was originally anticipated.

7. This effects the settlement notice plan in at least three ways. First, the Settlement Administrator has advised Plaintiffs that it would benefit from having additional time to locate email addresses for additional class members. Email notice is generally efficient, effective, and cost-effective, thereby preserving more funds for the class. The Settlement Administrator anticipates that additional time will permit it both to reduce duplication in the class list and by determine if an email address can be found for any of the current postal mail notice Class Members.

8. Second, if potential class members cannot be notified by email, the Settlement Administrator must wait until after the Settlement is funded on January 15th to pay the postage required for mailed notice. Given that postal mail notice requires printing physical notice postcards and purchasing mailing stamps, the Settlement Administrator estimates that a greater number of postal mailed notices may potentially increase the cost of notice. As a practical matter, this cannot be accomplished until after the Settlement Fund has been funded by Defendant on January 15, 2026.

9. Third, the Settlement Administrator has advised the parties that mailed notice would also be more effective in January 2026 after the December holidays. Whereas emails can be accessed in any location, the Settlement Administrator has noted that mailed notice may be less effective during the holidays, when many class members will travel and not be at their home addresses.

10. Adjuring the final approval hearing by at least thirty-one (31) days, and adjourning the other interim deadlines as shown in the accompanying proposed order (Exhibit A hereto) will address each of these issues.

11. Plaintiffs and Class Counsel do not believe that this adjournment will materially disadvantage the Settlement Class Members given that it is a reasonably short adjournment.

12. Plaintiffs' Counsel has spoken with Defendant's Counsel and confirmed that Defendant consents to this request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of December, 2025, at Hopewell Junction, New York.

                    By: */s/ Mason Barney*
                          Mason A. Barney